# Exhibit 10

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Martinsburg, WV 25405*

www.atf.gov

903050:MCP
3311/302035

MAY 0 5 2014

Mr. Bradley Reece
Palmetto State Defense, LLC
555 East Suber Road
Greer, SC 29650

Dear Mr. Reece,

This is in reference to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Branch (FTB), which accompanied your prototype sample of an AR-10 type receiver blank your company intends to manufacture and market. Specifically, you requested an examination and classification of the submitted sample pursuant to the amended Gun Control Act of 1968 (GCA) and asked if it would be regulated as a "firearm" under the GCA.

As background, the GCA, 18 U.S.C. § 921(a)(3), defines the term "firearm" to include *any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive...[and]...the frame or receiver of any such weapon....*

*Note: FTB uses the following terms to describe certain items (also see citation, p.3)—*

*The term "receiver blank" is used to describe forgings, castings, or machined bodies (defense articles¹) such as AR-15 receiver castings, AK receiver flats, etc., in various stages of folding/machining which are not classified as firearms.*

*The term "incomplete receiver" is used to describe forgings, castings, or machined bodies (defense articles) which have been classified as firearms but are not completely machined for use as a functional firearm receiver.*

*The term "receiver" is used to describe functional firearms frames or receivers.*

Case 3:20-cv-06761-JSC   Document 1-10   Filed 09/29/20   Page 3 of 3
Case 1:14-cv-01211-JAM-SAB   Document 1   Filed 07/31/14   Page 30 of 44
Mr. Bradley Reece                                                              Page 2

As you are aware, FTB has previously determined that an AR-10 type receiver blank which has <u>no machining of any kind performed in the area of the trigger/hammer (fire-control) recess</u> might not be classified as a firearm. Such a receiver blank could have **all** other machining operations performed, including pivot-pin and takedown-pin hole(s) and clearance for the takedown-pin lug, but must be completely solid and un-machined in the fire-control recess area. We have determined that in order to be considered "completely solid and un-machined in the fire-control recess area," the takedown-pin lug clearance area must be no longer than 1.6 inches, measured from immediately forward of the front of the buffer-retainer hole.

Our examination of the submitted item confirmed that the receiver blank has been partially machined, including a takedown pin hole and clearance for the takedown-pin lug. Our examination confirmed that the takedown-pin lug clearance area is less than 1.6 inches, measured from immediately forward of the front of the buffer-retainer hole (see photos below). The sample is completely solid and un-machined in the fire-control recess area and, accordingly, is <u>not</u> a "firearm" as defined in the GCA.



**Submitted prototype sample**

To facilitate return of the submitted sample, please provide FTB with an appropriate FedEx or similar account number within 60 days of receipt of this letter.

We thank you for your inquiry and trust the foregoing has been responsive to your request.

Sincerely yours,

Earl Griffith
Chief, Firearms Technology Branch