George M. Lee [Cal. SBN 172982]
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Tel. (415) 979-0500
Fax (415) 979-0511
gml@seilerepstein.com

Cody Wisniewski*
**Pro hac vice* application forthcoming
**MOUNTAIN STATES LEGAL FOUNDATION**
2596 South Lewis Way
Lakewood, CO 80227
Tel. (303) 292-2021
Fax (303) 292-1980
cody@mslegal.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, BRYAN MUEHLBERGER, FRANK BLACKWELL, and GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br><br>*Petitioners*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; REGINA LOMBARDO, in her official capacity as Acting Deputy Director of Bureau of Alcohol, Tobacco Firearms and Explosives; MICHAEL R. CURTIS, in his official capacity as Chief, Firearms Technology Industry Services Branch of Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and WILLIAM BARR, in his official capacity as Attorney General of the United States,<br><br>*Defendants*,<br><br>and<br><br>ZACHARY FORT; FREDERICK BARTON; BLACKHAWK MANUFACTURING GROUP, INC.; and FIREARMS POLICY COALITION, INC.,<br><br>*Applicants in Intervention.* | Case Number: 3:20-cv-06761-EMC<br><br>**DECLARATION OF TILDEN SMITH** |

I, Tilden Smith, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1. I am the Chairman of BlackHawk Manufacturing Group, Inc., d/b/a 80% Arms ("80% Arms"). I am over 18 years of age, competent to testify, and, based upon my involvement with 80% Arms, have personal knowledge of the matters stated herein.

2. I held the position of President of 80% Arms for 7 years and am now Chairman. As Chairman, I oversee 80% Arms' management and operation.

3. 80% Arms has authorized me to submit this declaration on its behalf.

4. 80% Arms is a corporation formed and in good standing with the state of California with its principle place of business in Garden Grove, California. 80% Arms was formed in 2013 and currently has customers in all 50 states.

5. 80% Arms is a producer and seller of Non-Firearm Objects, manufacturing jigs, and other firearm manufacturing tools. 80% Arms sells products to customers across the United States, including within the state of California.

6. 80% Arms has expended and diverted resources in furtherance of the legal production, sale, and distribution of its products that will be adversely and directly harmed if this Court were to grant Petitioners the relief they seek.

7. 80% Arms' customers have a legal right to be able to purchase Non-Firearm Objects, manufacturing jigs, and other firearm manufacturing tools.

8. 80% Arms also represents the interests of its customers, who are too numerous to conveniently intervene in this matter and who, due to the nature of the property in question, are chilled from coming forward to represent their own interests, due to the degrading and vitriolic abuse they may suffer for exercising their constitutionally protected rights.

9. 80% Arms and its customers have been and continue to be affected by legislation and regulations that impact the individual right to bear arms, including the Petitioners' attempt to force the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to prohibit, or further regulate, Non-Firearm Objects.

10.     80% Arms and its customers will be directly and negatively impacted should the Court hold in Petitioners' favor.  80% Arms' business practice will be severely and negatively impacted if it cannot continue to sell Non-Firearm Objects directly to its customers, without involvement of a Federal Firearms Licensee or need for a federal background check.  Additionally, depending on the extent of the Court's ruling and the ATF's decision, 80% Arms' customers could be exposed to criminal liability for continuing their previously legal activities, could be forced to disclose the existence of certain constitutionally protected property to the federal government, and would be prohibited from engaging in otherwise lawful and constitutionally protected activities, including but not limited to the purchase of Non-Firearm Objects without involvement of a Federal Firearms Licensee or need for a federal background check.

11.     If the ATF's determination that Non-Firearm Objects do not constitute "firearms" under the definition established in the Gun Control Act of 1968 is upheld, 80% Arms and its customers may continue to rely on longstanding agency precedent and may continue to produce, sell, and buy Non-Firearm Objects without involvement of a Federal Firearms Licensee or need for a federal background check.

12.     Alternatively, if the ATF's determination that Non-Firearm Objects do not constitute "firearms" under the definition established in the Gun Control Act of 1968 is reversed, a significant number of 80% Arms' customers may be made guilty of felonies punishable by fines and up to five years in prison by continuing to engage in currently lawful activities—which would result in numerous downstream effects, including but not limited to the loss of their ability to possess firearms in the future.  18 U.S.C. §§ 922(k), 924(a)(2).  These law-abiding citizens may be subject to seizure of any non-compliant firearm they possess.  18 U.S.C. § 924(d).  Additionally, 80% Arms' customers may be chilled from engaging in the statutorily and constitutionally protected, long-standing American tradition of individual firearm manufacture for personal use.

13.     80% Arms and its customers are not adequately represented by any parties present in the suit due to 80% Arms' specific interest in protecting and advancing the interests of its business and its customers, who are directly impacted by the ATF's classification of certain Non-Firearm Objects.  The ATF sets and defends policy for the entire nation, and also must take into

account certain strategic decisions for the administration.  The ATF does not specifically advocate for the interests of the 80% Arms' industry, nor the customers of that industry, who will present distinct and important arguments to this Court.

DATED this 20th day of November, 2020.

*Tilden Smith*
Tilden Smith
Chairman
BlackHawk Manufacturing Group, Inc.