George M. Lee [Cal. SBN 172982]
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA  94111
Tel. (415) 979-0500
Fax (415) 979-0511
gml@seilerepstein.com

Cody Wisniewski*
*Pro hac vice* application forthcoming
**MOUNTAIN STATES LEGAL FOUNDATION**
2596 South Lewis Way
Lakewood, CO  80227
Tel. (303) 292-2021
Fax (303) 292-1980
cody@mslegal.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, BRYAN MUEHLBERGER, FRANK BLACKWELL, and GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, | ) ) ) ) ) ) |
| *Petitioners*, | ) ) |
| v. | ) ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; REGINA LOMBARDO, in her official capacity as Acting Deputy Director of Bureau of Alcohol, Tobacco Firearms and Explosives; MICHAEL R. CURTIS, in his official capacity as Chief, Firearms Technology Industry Services Branch of Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and WILLIAM BARR, in his official capacity as Attorney General of the United States, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendants*, | ) ) |
| and | ) ) |
| ZACHARY FORT; FREDERICK BARTON; BLACKHAWK MANUFACTURING GROUP, INC.; and FIREARMS POLICY COALITION, INC., | ) ) ) ) ) |
| *Applicants in Intervention.* | ) ) |

Case Number: 3:20-cv-06761-EMC

**[PROPOSED] ANSWER OF APPLICANTS IN INTERVENTION ZACHARY FORT; FREDERICK BARTON; BLACKHAWK MANUFACTURING GROUP, INC.; AND FIREARMS POLICY COALITION, INC.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Applicants in Intervention, Zachary Fort; Frederick Barton; Blackhawk Manufacturing Group, Inc., d/b/a 80% Arms ("80% Arms"); and Firearms Policy Coalition, Inc. (collectively, "Applicants"), hereby respond to Petitioners' Complaint, ECF No. 1, as follows:

## INTRODUCTION

1.      Paragraph 1 cites to and purports to characterize the Gun Control Act of 1968 ("GCA"), the Brady Handgun Violence Prevention Act ("Brady Act"), and the Petitioners' interpretation of legislative intent.  The GCA, Brady Act, and legislative history thereof speak for themselves and are the best evidence of their own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

2.      Applicants admit that "receiver blanks," "frame blanks," "partially-manufactured frames," "partially-manufactured receivers," "80% frames," "80% receivers," "unfinished frames," or "unfinished receivers" (collectively, "Non-Firearm Objects"), do not meet the definition of "firearms" under the GCA and thus are not regulated as such; including not requiring background checks for purchase or certain record keeping requirements by retailers.  The first sentence of Paragraph 2 asserts a legal conclusion to which no response is required.  The remainder of Paragraph 2 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

3.      Applicants admit that producers and retailers of Non-Firearm Objects have not dissuaded legal customers from purchasing lawfully produced, sold, and acquired property.  The remainder of Paragraph 3 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

4.      Applicants admit that Defendants have determined that Non-Firearm Objects do not meet the definition of "firearm" under the GCA and that the "80 percent" moniker does not necessarily reflect the level of manufacturing necessary for an individual to manufacture a Non-Firearm Object into a "firearm" as defined by the GCA.  The remainder of Paragraph 4 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

5.     Paragraph 5 purports to characterize, and quotes from, the GCA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

6.     Deny.  Non-Firearm Objects are produced from many different materials for many different purposes and are readily distinguishable from firearms.

7.     Applicants admit that Defendants have determined that Non-Firearm Objects are not "firearms" under the GCA and thus, that the GCA does not apply to Non-Firearm Objects.  The remainder of Paragraph 7 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

8.     Applicants deny that the ATF's determination regarding Non-Firearm Objects substantially changed in 2006.[1]  Applicants deny that the ATF's actions, as described by Petitioner are subject to petition and, if they are, that those actions are arbitrary and capricious.  The remainder of Paragraph 8 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

9.     Applicants admit that Non-Firearm Objects are "available at gun stores, gun shows, and online," and that, generally speaking, to the best of Applicants' knowledge, sales may have increased in 2020.  Applicants deny there are "serious concerns" that prohibited persons are illegally manufacturing firearms from Non-Firearm Objects.  The remainder of Paragraph 9 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

---

[1] A determination letter from January 2004 reads: "However, a solid AR-15 type receiver casting, without having the critical internal areas machined (magazine well and central area for the fire control components) or crosspin holes drilled, would not constitute a 'firearm' as defined in the NFA."  Letter from Sterling Nixon, Chief, Firearms Technology Branch, ATF, to Mark Malkowski, Continental Machine Tool Company, Inc. (Jan. 29, 2004).  Machining has always been the predominant factor in the ATF's determinations.  *See* Letter from Sterling Nixon, Chief, Firearms Technology Branch, ATF, to Justin Halford (July 1, 2003) ("Based on our examination of the unfinished receiver, it is our opinion that the subject sample *has received sufficient machining* to be classified as the frame or receiver for a 'firearm' . . . .") (emphasis added); Letter from Edward H. Cohen, Jr., Chief, Firearms Technology Branch, to Robert Bower, Jr., Philadelphia Ordnance, Inc. (May 26, 1992) ("The receiver is basically complete except that the interior cavity has *not been completely machined*.") (emphasis added).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.     Applicants admit that some producers and retailers have developed tools that individuals can purchase to use to help facilitate the individual manufacture firearms for personal use.  Paragraph 10 also includes quotations and citations to certain websites and an opinion editorial, which sources speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 10 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

11.     Paragraph 11 contains quotations and citations to a press release and an opinion editorial, which sources speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 11 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

12.     Applicants deny that Non-Firearm Objects have "dangerously proliferated." Applicants admit that individuals need not undergo a background check to purchase a Non-Firearm Objects, nor are the sales of Non-Firearm Objects subject to certain record-keeping requirements. The second sentence of Paragraph 12 cites to and quotes a blog, which blog speaks for itself and is the best evidence of its own content; Applicants, however, do not admit the veracity of that content.

13.     Paragraph 13 cites to and quotes from three news stories and Everytown's website, which sources speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 13 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

14.     Applicants deny the existence of an "epidemic" attributable to Non-Firearm Objects.  Applicants admit the correct recitation and attribution of the quote on the Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") website.  Paragraph 14 also cites to and quotes statements from two news stories, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The

remainder of Paragraph 14 makes factual conclusions for which Applicants have insufficient information to form a belief as to the truth of the allegations and, therefore, deny the same.

15.     Paragraph 15 asserts legal conclusions and a summary of Petitioners' prayer for relief to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations and deny that Petitioners are entitled to any relief whatsoever.

16.     Paragraph 16 asserts legal conclusions and a summary of Petitioners' prayer for relief to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations and deny that Petitioners are entitled to any relief whatsoever.

17.     Paragraph 17 asserts legal conclusions and a summary of Petitioners' prayer for relief to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations and deny that Petitioners are entitled to any relief whatsoever.

18.     Paragraph 18 consists of a summary of the Petitioners' prayer for relief, to which no response is required.  To the extent a response is necessary, Applicants deny that Petitioners are entitled to any relief whatsoever.

## PARTIES

19.     Admitted.

20.     Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, deny the same.

21.     Applicants have insufficient information to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, deny the same.

22.     Applicants admit the first and second sentences of Paragraph 22.  Applicants have insufficient information to form a belief as to the truth of the allegations of the third sentence of Paragraph 22 and, therefore, deny the same.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Applicants admit the first three sentences of Paragraph 27.  Insofar as the last two sentences seek to characterize the authority of the Attorney General pursuant to the GCA and the Code of Federal Regulations ("CFR"), those documents speak for themselves and is are best evidence of their content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

## JURISDICTION AND VENUE

28.     Paragraph 28 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

29.     Applicants do not admit that venue is proper, but do not intend to contest venue.

## STATUTORY BACKGROUND: THE GUN CONTROL ACT OF 1968

30.     Paragraph 30 purports to characterize provisions of the GCA and its procedural and legislative history.  The GCA and its procedural and legislative history speak for themselves and are the best evidence of their own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

31.     Applicants admit the GCA was signed into law by President Lyndon B. Johnson on October 22, 1968.  The remainder of Paragraph 31 purports to characterize the GCA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

32.     Paragraph 32 purports to characterize provisions of the GCA and its procedural and legislative history.  The GCA and its procedural and legislative history speak for themselves and are the best evidence of their own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

33.     The first three sentences of Paragraph 33 purport to characterize provisions of the GCA.  The GCA speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required. Applicants deny that "the parts of a pistol and rifle are depicted in Images 3 and 4" as those images are not representative of all pistols and rifles, nor are all of the parts labeled present or necessary on all pistols and rifles.

34.     Paragraph 34 purports to characterize, and quotes from, provisions of the GCA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

35.     Applicants admit the ATF was established as an independent agency in 1972.  The second sentence of Paragraph 35 selectively quotes from the ATF's website and purports to characterize its content, which website speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

36.     Applicants admit the first two sentences of Paragraph 36 and that the ATF publishes questions and answers on its website.  Applicants deny that the ATF's responses constitute adjudications but admit that the ATF responds to "questions that manufacturers, distributors, and others submit to ATF."  The fourth and fifth sentences quote from and purport to characterize the ATF Handbook, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.  The remainder of Paragraph 36 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

37.     Paragraph 37 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

38.     Paragraph 38 purports to characterize the ATF's website, and data contained therein; which website and data speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content and Petitioners' characterizations of that content are legal conclusions, to which no response is required.  The remainder of Paragraph 38 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

39.     Paragraph 39 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

40.     Applicants admit that Non-firearm Objects do not meet the definition of "firearms" under the GCA and thus are not regulated as such, given that the ATF lacks authority to do so. The remainder of Paragraph 40 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

## FACTUAL BACKGROUND

41.     Paragraph 41 purports to characterize provisions of the GCA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

42.     The first two sentences of Paragraph 42 purport to characterize federal regulations interpreting the GCA, which speak for themselves and are the best evidence of their own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.  The remainder of Paragraph 42 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

43.     Applicants deny that semi-automatic rifles, such as AR-15 rifles are "assault weapons," and Applicants further deny that semi-automatic rifles are similar to military firearms. The remainder of Paragraph 43 asserts legal conclusions to which no response is required, as well as factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

44.     Paragraph 44 purports to characterize the ATF's website and a federal regulation relevant to the interpretation of the GCA, both of which speak for themselves and are the best evidence of their content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

45.     Applicants admit that Non-Firearm Objects do not meet the definition of "firearm" under the GCA and thus are not subject to regulation as firearms—including the background check, record keeping, or serializing requirements—as the ATF lacks authority to do so.  The remainder of Paragraph 45 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

46.     Deny.  The difference between a Non-Firearm Object and a firearm receiver are apparent and easily noticeable.  Further, the ATF has concluded that actual firearm receivers meet the GCA definition of a "firearm," but the item depicted in Image 7 is not a firearm receiver, it is a Non-Firearm Object.

47.     Applicants deny there is a "minor" difference between a firearm and a Non-Firearm Object.  Applicants admit that 80% Arms sells a product called a jig that is available for purchase by individuals who wish to engage in the legal practice of self-manufacture of firearms for personal use.  The remainder of Paragraph 47 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

48.     Applicants deny that the Non-Firearm Object depicted in Image 9, "closely resemble[s]" a firearm frame.  Applicants cannot ascertain if Image 10 depicts a firearm frame, because the image is cropped so as to not depict the entire item, accordingly, Applicants deny that Image 10 depicts a firearm frame.  The second sentence of Paragraph 48 quotes from and purports to characterize a website, which website speaks for itself and is the best evidence of its content.  Applicants admit that individuals can manufacture firearms using tools.  Applicants note that the ease and speed of the individual manufacture of personal use firearms is dependent on that individual's experience and expertise.

49.     Paragraph 49 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

50.     Applicants admit that individuals can purchase items that are not firearms and are not regulated by the GCA, such as barrels, stocks, handguards, etc., and use those items to assemble a firearm so long as that individual has lawfully purchased a firearm receiver or has individually manufactured a firearm receiver for personal use.  Applicants note that the ease and speed of the individual manufacture of personal use firearms as well as the ease and speed of firearm assembly is dependent on that individual's experience and expertise.   Applicant 80% Arms admits to selling Non-Firearm Objects and other items on its website.   The third sentence of Paragraph 50 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

51.     Applicants deny that "unserialized weapons" are "available online."  Non-Firearm Objects, which do not meet the definition of "firearm" under the GCA, are available for direct consumer purchase online.  If, however, by "weapons," Petitioners mean "firearms," "firearm receivers," or "firearm frames," those can be ordered online, but for the purchase to be completed the "weapon" must be shipped to a Federal Firearms Licensee, the individual purchasing it must appear in person and undergo a federal background check, and the retailer must retain certain records for the transaction.   The second and third sentences of Paragraph 51 contain factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

52.     Applicants admit the correct attribution of the quotes and image within Paragraph 52, which speak for themselves and are the best evidence of their content.  Applicants further admit that Non-Firearm Objects do not meet the definition of "firearm" under the GCA, and thus are not subject to regulation thereunder.  Petitioners' characterization of Image 12 contained in the third sentence of Paragraph 52 is inaccurate, and thus denied by Applicants.  The fourth sentence of Paragraph 52 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

53.     Applicants admit that persons who are prohibited from purchasing firearms can purchase objects that are not firearms, such as blocks of aluminum, lathes, and tooling.  Applicants note, however, that it is illegal for a prohibited person to individually manufacture a firearm for

personal use.  Paragraph 53 cites to, quotes from, and purports to characterize three news stories, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 53 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

54.     Paragraph 54 cites to and purports to characterize two news stories, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 54 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

55.     Paragraph 55 cites to and purports to characterize a number of news stories, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 55 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

56.     Paragraph 56 cites to and purports to characterize a number of news stories, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The remainder of Paragraph 56 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

57.     The first sentence of Paragraph 57 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.  The remainder of Paragraph 56 cites to and purports to characterize a number of press releases and a news story, which releases and story speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.

58.     The first sentence of Paragraph 58 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon

information and belief Applicants deny.  The remainder of Paragraph 56 cites to and purports to characterize two news story and an article authored by Everytown, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.

59.    The first two sentences of Paragraph 59 contain factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.  The third and fourth sentences of Paragraph 59 cite to and purport to characterize a press release, which release speaks for itself and is the best evidence of its content; Applicants, however, do not admit the veracity of that content.

60.    The first sentence of Paragraph 60 cites to and purport to characterize two news articles, which articles speaks for itself and is the best evidence of its content; Applicants, however, do not admit the veracity of that content.  The second and third sentences of Paragraph 60 purport to characterize information in the possession of Petitioner Giffords Law Center to Prevent Gun Violence ("Giffords"), which information is not provided and is not known by Applicants to be true, accordingly upon information and belief Applicants deny.

61.    Applicants admit that personally manufactured firearms may function similarly to and may use the same ammunition as mass-produced firearms.  The remainder of Paragraph 61 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

62.    Applicants admit that persons who are prohibited from purchasing firearms can purchase objects that are not firearms, such as blocks of aluminum, lathes, and tooling.  Applicants note, however, that it is illegal for a prohibited person to individually manufacture a firearm for personal use.  The remainder of Paragraph 62 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

63.    Paragraph 63 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

64.     The first two sentences of Paragraph 64 assert legal conclusions, to which no response is required.  The remainder of Paragraph 64 purports to characterize three ATF letters, which letters speak for themselves and are the best evidence of their own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

65.     Applicants deny the first half of the first sentence of Paragraph 65.  The remainder of Paragraph 65 purports to characterize provisions of the GCA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

66.     Applicants admit the ATF has determined that Non-Firearm Objects do not meet the definition of a "firearm" under the GCA.  Applicants deny that the ATF "around 2006, [] began changing course."[2]  The second and third sentences of Paragraph 66 assert legal conclusions, to which no response is required.  The remainder of Paragraph 66 purports to characterize four ATF letters, which letters speak for themselves and are the best evidence of their own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

67.     Paragraph 67 purports to characterize Ruling 2015-1, issued on January 2, 2015.  Ruling 2015-1 speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

68.     Paragraph 68 purports to characterize Ruling 2015-1, issued on January 2, 2015.  Ruling 2015-1 speaks for itself and is the best evidence of its content; as such, Applicants deny every allegation in Paragraph 68 not consistent therewith.

---

[2] For example, a determination letter from January 2004 reads: "However, a solid AR-15 type receiver casting, without having the critical internal areas machined (magazine well and central area for the fire control components) or crosspin holes drilled, would not constitute a 'firearm' as defined in the NFA."  Letter from Sterling Nixon, Chief, Firearms Technology Branch, ATF, to Mark Malkowski, Continental Machine Tool Company, Inc. (Jan. 29, 2004).  Machining has always been the predominant factor in the ATF's determinations.  *See* Letter from Sterling Nixon, Chief, Firearms Technology Branch, ATF, to Justin Halford (July 1, 2003) ("Based on our examination of the unfinished receiver, it is our opinion that the subject sample *has received sufficient machining* to be classified as the frame or receiver for a 'firearm' . . . .") (emphasis added); Letter from Edward H. Cohen, Jr., Chief, Firearms Technology Branch, to Robert Bower, Jr., Philadelphia Ordnance, Inc. (May 26, 1992) ("The receiver is basically complete except that the interior cavity has *not been completely machined*.") (emphasis added).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

69.     The first sentence of Paragraph 69 purports to characterize Ruling 2015-1, issued on January 2, 2015.  Ruling 2015-1 speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.  The second sentence of Paragraph 69 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

70.     Applicants deny that the sale of Non-Firearm Objects has "gravely endangered the lives of Americans."   The remainder of Paragraph 70 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

71.     The first sentence of Paragraph 71 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.  The remainder of Paragraph 71 purports to characterize letters from the ATF to Polymer80, those letters speak for themselves and are the best evidence of their content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

72.     The first two sentences of Paragraph 72 purport to characterize a letter from the ATF to Polymer80, which letter speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.   The third, fourth, and fifth sentences of Paragraph 72 quote from and purport to characterize three Polymer 80 product reviews, which reviews speak for themselves and are the best evidence of their content; Applicants, however, do not admit the veracity of that content.

73.     Paragraph 73 purports to characterize a letter from the ATF to Polymer80, which letter speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

74.     The first two sentences of Paragraph 74 purport to characterize a letter from the ATF to Polymer80, which letter speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is

required.  The third sentence of Paragraph 72 quotes from and purports to characterize a Polymer80 product review, which review speaks for itself and is the best evidence of its own content; Applicants, however, do not admit the veracity of that content.

75. Paragraph 75 purports to characterize a letter from the ATF to Polymer80, which letter speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

76. The first two sentences of Paragraph 76 purport to characterize a letter from the ATF to Polymer80, which letter speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.  The third sentence of Paragraph 76 quotes from and purports to characterize a Polymer80 product review, which review speaks for itself and is the best evidence of its own content; Applicants, however, do not admit the veracity of that content.

77. Applicants admit that the ATF has issued a number of Classification Letters to producers of Non-Firearm Objects, including at least one letter to Applicant 80% Arms.  Applicants deny that the "Classification Letters [] permit [] manufactures to sell" Non-Firearm Objects.  Given that Non-Firearm Objects do not meet the definition of "firearm" under the GCA, the ATF and federal government lack any authority to regulate Non-Firearm Objects as firearms.  Retailers of Non-Firearm Objects do not need permission from the ATF or the federal government to sell their products, nor do purchasers need permission to buy those products.  The remainder of the second sentence and the third sentence of Paragraph 77 contain factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

78. Paragraph 78 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

79. Paragraph 79 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

1        80.     Applicants deny that Polymer80 sells "weapons" on its website and further deny

2   that an AR-15 is a "military-style" rifle.  Applicants note that the ease and speed of the individual

3   manufacture of personal use firearms as well as the ease and speed of firearm assembly is

4   dependent on that individual's experience and expertise.  Applicants deny that Polymer80's "Buy

5   Build Shoot" kit contains "all the necessary components" to manufacture a Non-Firearm Object

6   into a "fully functional firearm[]," as that product does not contain the manufacturing tools

7   necessary for an individual to manufacture a firearm.  The remainder of Paragraph 80 contains

8   factual assertions and characterizations that Petitioners fail to support and are not known by

9   Applicants to be true, accordingly upon information and belief Applicants deny.

10        81.     Applicants note that the ease and speed of the individual manufacture of personal

11   use firearms as well as the ease and speed of firearm assembly is dependent on that individual's

12   experience and expertise.  The remainder of Paragraph 81 contains factual assertions and

13   characterizations that Petitioners fail to support and are not known by Applicants to be true,

14   accordingly upon information and belief Applicants deny.

15        82.     Paragraph 82 contains factual assertions and characterizations that Petitioners fail

16   to support and are not known by Applicants to be true, accordingly upon information and belief

17   Applicants deny.

18        83.     The first sentence of Paragraph 83 contains factual assertions and characterizations

19   that Petitioners fail to support and are not known by Applicants to be true, accordingly upon

20   information and belief Applicants deny.  The second and third sentences of Paragraph 83 cite to

21   two news stories, which stories speak for themselves and are the best evidence of their own

22   content; Applicants, however, do not admit the veracity of that content.

23        84.     Paragraph 84 contains factual assertions and characterizations that Petitioners fail

24   to support and are not known by Applicants to be true, accordingly upon information and belief

25   Applicants deny.

26        85.     Applicants admit that they rely, in part, on the ATF's Classification Letters, as well

27   as a number of other sources, when purchasing, selling, and/or buying Non-Firearm Objects.  The

28   remainder of Paragraph 85 contains factual assertions and characterizations that Petitioners fail to

1    support and are not known by Applicants to be true, accordingly upon information and belief

2    Applicants deny.

3         86.    Applicants deny the ATF lists or provides "Ghost Gun Guidance;" that term, based

4    upon information and belief, does not appear on the ATF's website nor do ATF's answers to

5    specific questions ("Q&A") constitute "guidance" for the purposes of the APA.  The remainder of

6    Paragraph 86 cites to, quotes from, and purports to characterize the ATF's website, which website

7    speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content

8    are legal conclusions, to which no response is required.

9         87.    Applicants deny that the ATF's Q&A "contains legally determinative information."

10   The remainder of Paragraph 87 cites to, quotes from, and purports to characterize the ATF's

11   website, which website speaks for itself and is the best evidence of its content; Petitioners'

12   characterizations of that content are legal conclusions, to which no response is required.

13        88.    Paragraph 88 quotes from and purports to characterize the ATF's website, which

14   website speaks for itself and is the best evidence of its content; Petitioners' characterizations of

15   that content are legal conclusions, to which no response is required.

16        89.    Paragraph 89 quotes from and purports to characterize the ATF's website, which

17   website speaks for itself and is the best evidence of its content; Petitioners' characterizations of

18   that content are legal conclusions, to which no response is required.

19        90.    Applicants deny that the ATF's Q&A constitutes final agency action and further

20   deny that it "presents ATF's definitive guidance to the industry and the public" regarding Non-

21   Firearm Objects, or that "the public and manufacturers can rely on" the ATF's Q&A to understand

22   the ATF's legal position on Non-Firearm Objects.  Applicants deny, based on information and

23   belief, that the ATF's Q&A is the "*only* direct public guidance" from the ATF available to

24   individuals regarding the classification of Non-Firearm Objects.

25        91.    Applicants deny that the ATF's Q&A binds private parties.  The second sentence

26   of Paragraph 91 asserts a legal conclusion, to which no response is required.  Applicants admit that

27   80% Arms has cited the ATF's Q&A on its website, but Petitioners' classification of the basis for

28   that citation is a legal conclusion to which no response is required.

92.     Applicants deny the actions cited by Petitioners constitute "decisions" or have allowed Non-Firearm Objects to proliferate, as the ATF and federal government are without authority to regulate Non-Firearm Objects.  Applicants further deny that Petitioners have suffered a concrete injury.

93.     Applicants deny Petitioner California has suffered concrete harm caused by the ATF.  The remainder of Paragraph 93 asserts legal conclusions to which no response is required.

94.     Paragraph 94 contains factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

95.     Paragraph 95 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

96.     Paragraph 96 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

97.     Applicants deny that the ATF has "refused" to regulate Non-Firearm Objects, but rather, as they do not meet the definition of "firearm" under the GCA, the ATF lacks any authority to regulate Non-Firearm Objects.  Applicants admit that California has "constructed a comprehensive regulatory regime" related to firearms but deny that said regime protects California citizens.  To the extent that Paragraph 97 seeks to further characterize California state law, those laws speak for themselves and are the best evidence of their own content; Petitioners' interpretations of that content are legal conclusions, to which no response is required.

98.     The first sentence of Paragraph 98 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.  The second and third sentences of Paragraph 98 cite to and purport to characterize two news stories, which stories speak for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.  The fourth and fifth sentences of Paragraph 98 cite to and purport to characterize California state law,

which law speaks for itself and is the best evidence of its own content; Petitioners' interpretations of that content are legal conclusions, to which no response is required.

99.     Paragraph 99 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

100.     Paragraph 100 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

101.     Paragraph 101 contains factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

102.     Applicants deny there is an "epidemic" related to Non-Firearm Objects and deny that the ATF's Classification Letters are subject to petition by Petitioner or have caused any concrete injury.  The remainder of Paragraph 102 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

103.     Applicants deny that ATF's Q&A constitutes ATF's official position or constitutes a rule or final agency action under the APA.  The remainder of Paragraph 103 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

104.     Paragraph 104 contains factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

105.     Paragraph 105 contains factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

106.     Paragraph 106 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

107.    Paragraph 107 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

108.    Paragraph 108 contains legal conclusions, to which no response is required; to the extent a response is required, Paragraph 108 contains factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

109.    Paragraph 109 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

110.    Paragraph 110 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

111.    Paragraph 111 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

112.    Paragraph 112 contains legal conclusions, to which no response is required; to the extent a response is required, Paragraph 112 contains factual assertions and characterizations that Petitioners fail to adequately support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

113.    Applicants deny that the ATF's actions discussed, *supra*, are challengeable by Petitioners, and even if they are, that those actions are arbitrary, capricious, or unlawful. Applicants deny that the ATF's actions have directly affected Petitioner Giffords, or that Giffords has suffered any form of concrete injury. Applicants deny that Giffords' actions, with or without involvement of the ATF, "save lives." Applicants deny that the ATF has "approved," the sale of Non-Firearm Objects, given that Non-Firearm Objects do not meet the definition of "firearm" under the GCA and thus the ATF is without authority to regulate Non-Firearm Objects. The remainder of Paragraph 113 contains factual assertions and characterizations that Petitioners fail

to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

114.    Applicants deny that Petitioner Giffords has suffered any form of concrete injury. The remainder of Paragraph 114 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

115.    Applicants deny that Petitioner Giffords has suffered any form of concrete injury. The remainder of Paragraph 115 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

116.    Applicants deny that Petitioners have any form of statutory standing to pursue this litigation.

## CLAIMS FOR RELIEF

### COUNT ONE – Violation Of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

117.    Applicants resubmit their answers to Paragraphs 1–116 of Petitioners' Complaint.

118.    Applicants deny that the ATF's actions cited by Petitioners constitute final agency actions.

119.    Paragraph 119 cites to and quotes from the APA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

120.    Applicants deny that the ATF's actions are challengeable by Petitioners, and even if they are, Applicants deny those actions are not in accordance with law.

121.    Applicants deny that Non-Firearm Objects fall within the statutory definition of "firearms" under the GCA.

122.    Paragraph 122 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

123.    Paragraph 123 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the allegations.

124.    Applicants deny that the ATF's November 2015 Polymer80 Letter constitutes a "ruling."  The second sentence of Paragraph 124 cites to and quotes from the ATF's letter, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

125.    Paragraph 125 quotes from a product review, which review speaks for itself and is the best evidence of its content; Applicants, however, do not admit the veracity of that content.

126.    Paragraph 126 cites to and quotes from an ATF letter, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

127.    Paragraph 127 cites to and quotes from an ATF letter, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

128.    Applicants deny that a Non-Firearm Object meets the definition of a "firearm" under the GCA.  The remainder of Paragraph 128 quotes from an advertisement and two product reviews, which sources speaks for themselves and are the best evidence of their own content; Applicants, however, do not admit the veracity of that content.

129.    Paragraph 129 purports to characterize the ATF's website, which speaks for itself and is the best evidence of its own content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

130.    Deny.

131.    Deny.

**COUNT TWO – Violation Of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

132.    Applicants resubmit their answers to Paragraphs 1–131 of Petitioners' Complaint.

133.    Applicants deny that the ATF's actions described by Petitioners constitute final agency actions.

134.    Paragraph 134 cites to and quotes from the APA, which speaks for itself and is the best evidence of its content; Petitioners' characterizations of that content are legal conclusions, to which no response is required.

135.    Applicants deny that the ATF's "analysis" reflected in its Classification Letters is challengeable by Petitioners, and even if it is, that the ATF's "analysis" is arbitrary and capricious. Applicants deny the ATF's Q&A constitutes "analysis" or, even if it does, that it is arbitrary and capricious.

136.    Paragraph 136 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

137.    Paragraph 137 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, Applicants deny the same.

138.    Deny.  Petitioners admit that the ATF has considered this aspect in Paragraph 141 of their Complaint.

139.    Deny.  Petitioners admit that the ATF has considered this aspect in Paragraph 141 of their Complaint.

140.    Paragraph 140 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

141.    Applicants admit the quotation in Paragraph 141 is accurate and appears on the ATF's website.  The second sentence of Paragraph 141 contains factual assertions and characterizations that Petitioners fail to support and are not known by Applicants to be true, accordingly upon information and belief Applicants deny.

142.    Deny.

143.    Deny.

The remainder of Petitioners' Complaint consists of Petitioners' prayer for relief, to which no response is required.  Insofar as a response is required, Applicants deny that Petitioners are entitled to any relief whatsoever.

Applicants hereby deny all allegations of Petitioners' Complaint not specifically admitted herein.

1

2

**AFFIRMATIVE DEFENSES**

3      A.      Petitioners' Complaint fails to state a claim upon which relief can be granted.

4      B.      Petitioners lack standing to assert the causes of action contained in their Complaint.

5      C.      Petitioners' Complaint is barred by Petitioners' failure to exhaust administrative

6 remedies.

7      D.      Petitioners' claims are barred by the applicable statute of limitations.

8      E.      Applicants reserve the right to assert any other claims or defenses that may be

9 available or may become available during the course of these proceedings.

10

11      DATED this 24th day of November 2020.

12                           Respectfully Submitted,

13

14                           */s/ George M. Lee*

15                           George M. Lee [Cal. SBN 172982]
SEILER EPSTEIN LLP

16                           275 Battery Street, Suite 1600
San Francisco, CA 94111

17                           Tel. (415) 979-0500
Fax (415) 979-0511

18                           gml@seilerepstein.com

19                           Cody J. Wisniewski*

20                           *Pro Hac Vice* application forthcoming
MOUNTAIN STATES LEGAL FOUNDATION

21                           2596 South Lewis Way
Lakewood, Colorado 80227

22                           Tel. (303) 292-2021

23                           Fax (303) 292-1980
cody@mslegal.org

24

25                           *Attorneys for Applicants in Intervention*

26

27

28