JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

ERIC J. SOSKIN (PA Bar # 200663)
Senior Trial Counsel
United States Department of Justice
Civil Division
Federal Programs Branch

    1100 L Street NW, Room 12002
    Washington, DC 20005
    Telephone: (202) 353-0533
    FAX: (202) 616-8470
    Eric.Soskin@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*<br>    Plaintiffs,<br>  v.<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES ("ATF"), *et al.*,<br>    Defendants. | Case No. 3:20-cv-06761-EMC<br><br>**FEDERAL DEFENDANTS' RESPONSE TO MOTION TO INTERVENE**<br><br>Noting Date: January 14, 2021<br>Time:  1:30 p.m.<br>Place:  Courtroom 5, 17th Floor |

    In this action, four plaintiffs (two individuals, a non-profit policy organization, and a state government) seek to overturn the longstanding definition of "firearm" set forth in the Gun Control Act of 1968 ("GCA"), as interpreted in, *inter alia*, classification letters issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") determining whether certain receiver blanks satisfy that definition.[1] *See* Compl. at ¶¶ 19-22, ECF No.1; Defs. Mot. to Dismiss at 4-5, ECF No. 29 ("MTD Br."). Now, a nearly-mirror image set of proposed intervenors (two individuals, a non-profit policy

---

[1] ATF and the other federal agencies and officials named in the Complaint will be referred to collectively as "Defendants" or "Federal Defendants."

1

FEDERAL DEFENDANTS' RESPONSE TO MOTION
TO INTERVENE

organization, and a manufacturer of firearms parts) seek to join this litigation to defend against plaintiffs' claims for relief.  *See* Mem. In Support of Mot. to Intervene at 2-4, ECF No. 24-1 ("Intervenors' Br.").  For the reasons set forth below, the Court should first address Defendants' motion to dismiss, particularly the question of whether jurisdiction exists to proceed in this matter at all.  Should the Court act now on the motion to intervene, however, Defendants do not oppose the intervention of the manufacturer and the two individuals, each of whom meets the standards of Fed. R. Civ. P. 24.  At this time, Defendants take no position on the organization's intervention.

**A.     The Court Should Address Defendants' Motion To Dismiss Prior To A Ruling On The Proposed Intervenors' Motion.**

As explained in Defendants' Motion to Dismiss, there are serious questions about whether the plaintiffs have met their burden to establish that the Court has subject-matter jurisdiction over this action. *See* MTD Br. at 6-12 (arguing that plaintiffs lack standing to bring their claims).  The Court should therefore address whether it has jurisdiction first, before turning to any other questions: "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868)).

Defendants' Motion to Dismiss also raises another threshold issue with implications for the proposed intervenors.  As Defendants explained therein, "[t]he six-year statute of limitations found in 28 U.S.C. § 2401(a) applies to APA claims." *United States v. Estate of Hage*, 810 F.3d 712, 720 (9th Cir. 2016).   Intervenor BlackHawk Manufacturing Group, Inc. ("Blackhawk") rests its request to intervene in part on the plaintiffs' challenge to a July 15, 2013 classification letter attached as Exhibit 14 to the Complaint.  *See* Intervenors' Br. at 4 (citing Compl. at p.77 n.83).  If the Court grants Defendants' motion to dismiss the plaintiffs' challenges to actions occurring more than six years before the filing of the Complaint, consistent with 28 U.S.C. § 2401(a), such a decision could significantly affect the analysis of whether intervention should be granted.

The resolution of Defendants' motion to dismiss prior to the resolution of the motion to intervene would also promote the "just, speedy, and inexpensive determination" of the proceeding, Fed. R. Civ.

P. 1, which is the same objective the Ninth Circuit has emphasized in favoring a "liberal policy in favor of intervention [that] serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y v. USFS*, 630 F.3d 1173, 1179 (9th Cir. 2011) (*en banc*) (quotation omitted). If the Court grants Defendants' motion to dismiss—as it should, for the reasons set forth therein—there would be no need to resolve the motion to intervene at all. Even if the Court determines that the action should proceed, however, resolution of Defendants' motion may clarify the imprecise terminology used in the Complaint and the parameters of the plaintiffs' claims, *see* MTD Br. at 5-6, which would be likely to assist in resolving the motion to intervene by better defining the scope of the action.

### B. If The Court Acts Now, Defendants Do Not Oppose The Proposed Interventions Of Blackhawk And Two Individuals.

#### 1. Blackhawk Satisfies The Standards To Intervene As Of Right.

The Complaint appears to challenge, *inter alia*, a classification letter issued by ATF to proposed intervenor Blackhawk. *See* Compl. at 77, n.83; *id.* at Ex. 14. In the context of the Administrative Procedure Act ("APA"), such a classification letter is an informal adjudication. *See, e.g.*, *Sig Sauer v. Jones*, 133 F. Supp. 3d 364, 369 n.6 (D.N.H. 2015); *Freedom Ordnance, Mfg. v. Brandon*, 2018 WL 7142127 at *7 (S.D. Ind. Mar. 27, 2018). As a party to this informal adjudication, Blackhawk plainly has an "interest relating" to the classification letter, and its "ability to protect its interest" would be impaired if Blackhawk is not permitted to intervene. Fed. R. Civ. P. 24(a). For example, in an informal adjudication conducted by ATF, Blackhawk could submit supplemental information to assist in ATF's classification process or seek reconsideration of an ATF classification, opportunities that would be unavailable if the Court supplants ATF as the decision-maker without Blackhawk's participation.

As to whether Blackhawk's interests will be adequately represented absent intervention, the plaintiffs here criticize ATF's action in part based on statements of Blackhawk subsequent to ATF's action, *see, e.g.*, Compl. at 22 n.43 & n.44, and the APA may constrain ATF's ability to adequately represent Blackhawk's interests in the face of such post-hoc, extra-record materials. *See S.W. Ctr. for Biological Diversity v. USFS*, 100 F.3d 1443, 1450 (9th Cir. 1996) (the lawfulness of agency action under the APA is to be judged on "the administrative record in existence at the time of the decision"); *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003) (assessing adequacy of representation based

on "whether the present party is capable and willing to make [intervenor's] arguments").

In addition to the foregoing (and the arguments for intervention set forth in the intervenors' motion), Defendants also note that, as a party to an informal adjudication being challenged by plaintiffs, it is likely that Blackhawk is a "required party" within the meaning of Fed. R. Civ. P. 19.[2]  As such, the Court would be required to join Blackhawk as a party even if Blackhawk had not sought to intervene. Fed. R. Civ. P. 19(a)(2).  The Advisory Committee Notes to Rule 24 strongly encourage granting intervention to an applicant whose position is "comparable to that" of a required party under Rule 19, Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment, and courts have recognized it as "obvious" that a motion to intervene should be granted when sought by a required party. *Smith v. Chapter 4 Corp.*, 2017 WL 3579490 at *1 (C.D. Cal. Jan. 19, 2017).

**2. Mr. Fort and Mr. Barton Should Be Granted Permissive Intervention.**

The broad claims in the Complaint seek to "upend" the longstanding balance between state and federal regulation of receiver blanks and other firearms parts and "undercut the process under which, for decades, ATF has reviewed" and classified such parts for regulation. MTD Br. at 1-2. Mr. Fort and Mr. Barton allege that they have relied on ATF's longstanding determinations and decision-making process to engage in various lawful activities which are protected by the federal laws at issue in this case. *See* Intervenors' Br. at 8; MTD Br. at 20 (explaining that Congress intended the GCA and Firearm Owner's Protection Act in part to protect "the acquisition, possession [and] uses of firearms").  Mr. Fort and Mr. Barton assert that these reliance interests are constitutionally and statutorily protected, *see* Intervenors' Br. at 8, and thus, that they have "defenses to the claims asserted" and to the relief being sought. Intervenors' Br. at 14.  These alleged reliance interests are substantially different from the interests of the manufacturers of receiver blanks to whom ATF's classification letters are issued (and thereby have an opportunity to make their interests known to ATF), and this weighs in favor of

---

[2] Rule 19 requires that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must be joined* as a party" in several circumstances. Fed. R. Civ. P. 19(a)(1) (emphasis added).  As the discussion above suggests, the joinder of Blackhawk may be necessary under Rule 19(a)(1)(B)(i), which requires joinder of a person who "is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Separately, however, joinder of Blackhawk may also be necessary under Rule 19(a)(1)(B)(ii), which requires joinder if a party's absence would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [absent party's] interest").  As with intervention, joinder of absent parties should be addressed after jurisdiction is established. *Steel Co.*, 523 U.S. 94.

intervention. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (reversing district court's denial of intervention where an "intervenor offers a perspective which differs materially from that of the present parties to [the] litigation"). Likewise, Mr. Fort and Mr. Barton's knowledge of these interests and experience as persons making firearms from receiver blanks "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented," an indicator that permissive intervention should be granted. *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *cf. FCC v. Fox Television Stations*, 556 U.S. 502, 515 (2009) ("It would be arbitrary or capricious to ignore" views of affected parties when an agency changes a "prior policy [that] has engendered serious reliance interests"). Under these circumstances, the standards for permissive intervention are met, as further described in the intervenors' motion. *See* Intervenors' Br. at 7-8, 13-14; *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110–11 (9th Cir. 2002), *abrogated on other grounds*, *Wilderness Soc'y*, 630 F.3d 1173 (expanding private intervenors' ability to intervene in actions with federal defendants).

### C.  Defendants Take No Position On The Proposed Intervention Of Firearms Policy Coalition ("FPC").

FPC asserts that its members include "producers, retailers, purchasers, and possessors" of the firearms parts at issue in this litigation. Intervenors' Br. at 5. FPC's motion to intervene and supporting declaration do not identify which "producers" are included in its membership. Coupled with the breadth of claims in the Complaint, *see* MTD Br. at 4-5, Defendants cannot determine at this time whether intervention by FPC as an organization would be warranted to represent other manufacturers of receiver blanks who may otherwise be required parties under Fed. R. Civ. P. 19. *See supra* Part B.1. Nor is it clear whether FPC's intervention would be warranted to represent other individual members of FPC who may have interests that differ substantially from Mr. Fort and Mr. Barton or whether FPC itself offers a different perspective from those proposed intervenors. *See Watt*, 713 F.2d 528. To the extent that FPC or another organization would effectively represent parties who otherwise must be joined under Rule 19 or who otherwise may seek to join under Rule 24, it may "serve[] both efficient resolution of issues and broadened access to the courts" to grant permissive intervention to FPC, *Wilderness Soc'y*, 630 F.3d 1179, but it remains unclear how the Complaint intersects with the identities and interests of

FPC members, so Defendants take no position on FPC's intervention.[3]

DATED: December 8, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

*/s/ Eric J. Soskin*
ERIC J. SOSKIN
Senior Trial Counsel

*Attorneys for Defendants*

---

[3] As with the motion to intervene in general, *see supra* Part A, issues relating to FPC's intervention may be clarified or obviated by resolution of Defendants' pending motion to dismiss.