1   GIBSON, DUNN & CRUTCHER LLP          XAVIER BECERRA
2   AVI WEITZMAN, *pro hac vice*          Attorney General of California
    aweitzman@gibsondunn.com              THOMAS S. PATTERSON
3   LEE R. CRAIN, *pro hac vice*          Senior Assistant Attorney General
    LIESEL SCHAPIRA, *pro hac vice*       MARK R. BECKINGTON
4   KAYLIE SPRINGER, *pro hac vice*       Supervising Deputy Attorney General
    200 Park Avenue                       R. MATTHEW WISE, SBN 238485
5   New York, NY  10166-0193             Matthew.Wise@doj.ca.gov
    Telephone: (212) 351-4000             Deputy Attorney General
6   Facsimile: (212) 351-4035
7   VIVEK GOPALAN, SBN 296156            1300 I Street, Suite 125
    VGopalan@gibsondunn.com               P.O. Box 944255
8   555 Mission Street, Suite 3000        Sacramento, CA 94244-2550
    San Francisco, CA 94105-0921          Telephone:  (916) 210-6046
9   Telephone: (415) 393-8200             Facsimile:  (916) 324-8835
    Facsimile: (415) 374-8306
10
                                          *Attorneys for Plaintiff State of California, by*
11  *Attorneys for Plaintiffs Bryan Muehlberger,*   *and through Attorney General Xavier Becerra*
    *Frank Blackwell, and Giffords Law Center to*
12  *Prevent Gun Violence*

13                    [*Additional Counsel Listed on Next Page*]

14

15                    **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                        **SAN FRANCISCO DIVISION**

18

19  STATE OF CALIFORNIA, et al.,          CIVIL CASE NO.:  3:20-CV-06761-EMC

20                    Plaintiffs,

21             v.                         **PLAINTIFFS' REQUEST FOR JUDICIAL
                                          NOTICE IN SUPPORT OF PLAINTIFFS'**
22  BUREAU OF ALCOHOL, TOBACCO,           **OPPOSITION TO DEFENDANTS' MOTION
    FIREARMS AND EXPLOSIVES et al.,       TO DISMISS**
23
                      Defendants.         Hon. Edward M. Chen
24
25                                        Hearing Date:  February 25, 2021
                                          Hearing Time:  1:30 p.m.
26

27

28

1    Additional Counsel

2    GIFFORDS LAW CENTER TO
3    PREVENT GUN VIOLENCE
     HANNAH SHEARER, SBN 292710
4    268 Bush St. # 555
     San Francisco, CA 94104
5    Telephone: (415) 433-2062
     Facsimile: (415) 433-3357
6

7    J. ADAM SKAGGS, *pro hac vice*
     DAVID M. PUCINO, *pro hac vice*
8    223 West 38th St. # 90
     New York, NY 10018
9    Telephone: (917) 680-3473

10   *Attorneys for Plaintiffs Bryan Muehlberger,*
11   *Frank Blackwell, and Giffords Law Center to*
     *Prevent Gun Violence*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-06761-EMC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201, Plaintiffs State of California, Bryan Muehlberger, Frank Blackwell, and Giffords Law Center to Prevent Gun Violence respectfully request that the Court take judicial notice of: (1) an Application for a Search Warrant and Accompanying Affidavit filed in the United States District Court for the District of Nevada; and (2) Exhibit A to the accompanying Declaration of Avi Weitzman (the "Weitzman Declaration") in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, which is filed concurrently with this Request for Judicial Notice.

## I.  DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Court may take judicial notice of matters that are (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute.  Fed. R. Evid. 201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *see Khoja*, 899 F.3d at 999, and court filings in other tribunals, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  A court may also take notice of the legislative history of a statute.  *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (taking notice of excerpts of a Senate Report); *Daghlian v. DeVry Univ., Inc.*, 574 F.3d 1212, 1213 (9th Cir. 2009) (taking notice of legislative history of a Senate bill).

**A.    December 9, 2020 Application for a Search Warrant and Accompanying Affidavit of ATF Special Agent Tolliver Hart, filed in the United States District Court for the District of Nevada**

Plaintiffs request judicial notice of an application for a search warrant and the accompanying affidavit of ATF Special Agent Tolliver Hart ("Affidavit"), filed in the United States District Court for the District of Nevada, Case No. 3:20-mj-123-WGC.  The Affidavit is available as a link (https://s.wsj.net/public/resources/documents/ ghostraid-121420-warrant.pdf) in a Wall Street Journal

article.  *See* Zusha Elinson, *Ghost-Gun Company Raided by Federal Agents*, The Wall Street Journal (Dec. 11, 2020), https://www.wsj.com/articles/ghost-gun-company-raided-by-federal-agents-11607670296 (last visited Dec. 30, 2020).  In their motion to dismiss, Defendants argue that "ghost guns"—which are created with "80 percent receivers" for long guns or "80 percent frames" for hand guns—do not qualify as "firearms" under the Gun Control Act of 1968 ("GCA").  Defendants' statements in the motion to dismiss, however, conflict with ATF's recent sworn testimony in the Affidavit that the same 80 percent receivers and frames challenged by Plaintiffs in this lawsuit (e.g., ghost gun kits sold by Polymer80, Inc.) are "firearms" under the GCA that are being sold unlawfully in violation federal law.  *See* Affidavit at 3-4, 4-5.  This Court may take judicial notice of the Affidavit because it is a matter of public record and its contents are "not subject to reasonable dispute."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); Fed. R. Evid. 201(b)(2).[1]

**B.**     **State of California Budget Change Proposal for Fiscal Year 2020 through 2021**

Attached to the Weitzman Declaration as **Exhibit A** is a true and correct copy of the State of California's budget change proposal for fiscal year 2020 through 2021, regarding Firearms: Precursor Parts (A.B. 879) Update.  This is a publicly available document (available at https://esd.dof.ca.gov/Documents/bcp/2021/FY2021_ORG0820_ BCP4010.pdf) that is not subject to reasonable dispute.  In their motion to dismiss, Defendants argue that the expenditures incurred by Plaintiff State of California do not confer standing because they are "'self-inflicted.'"  Br. 9 (citations omitted).  The expenditures discussed in **Exhibit A**, however, show that the California Department of Justice's Bureau of Firearms and California Justice Information Systems recognized that "tak[ing] no action" to implement A.B. 879 was not a "[f]easible [a]lternative[]" because it would prevent the Department from "track[ing] the sale of precursor parts," which, in turn, would "endanger[] public safety."  *See* Ex. B at 8.  Because **Exhibit A** is a publicly-available document that is not subject to reasonable dispute, it is thus subject to judicial notice.  Fed. R. Evid. 201(b); *see Anderson*, 673 F.3d

---

[1] In an abundance of caution, Plaintiffs do not file the Affidavit as an exhibit because a search of the docket (Case No. 3:20-mj-123-WGC, D. Nevada) suggests that the case is currently sealed.

at 1094 n.1; *Coleman v. Schwarzenegger*, No. C01-1351 TEH, 2009 WL 2407404, at \*2 (E.D. Cal. Aug. 4, 2009) (granting request for judicial notice of a budget proposal).

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of the Affidavit and Exhibit A to the Weitzman Declaration.


Dated:  December 30, 2020                                       GIBSON, DUNN & CRUTCHER LLP

By:  _____*/s/ Avi Weitzman*_____
                                       Avi Weitzman

*Attorneys for Plaintiffs*

REQUEST FOR JUDICIAL NOTICE
CASE NO. 3:20-CV-06761-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Avi Weitzman, hereby certify that on December 30, 2020, the foregoing **REQUEST FOR JUDICIAL NOTICE** and attachments thereto were filed electronically through the CM/ECF system, copies of which were sent by First Class Mail to anyone unable to accept them via the electronic filing system.

By: _____
                    */s/ Avi Weitzman*
                    Avi Weitzman