GIBSON, DUNN & CRUTCHER LLP
AVI WEITZMAN, *pro hac vice*
aweitzman@gibsondunn.com
LEE R. CRAIN, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
KAYLIE SPRINGER, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
VIVEK GOPALAN, SBN 296156
VGopalan@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 374-8306

*Attorneys for Plaintiffs Bryan Muehlberger, Frank Blackwell, and Giffords Law Center to Prevent Gun Violence*

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE, SBN 238485
Matthew.Wise@doj.ca.gov
Deputy Attorney General

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6046
Facsimile:  (916) 324-8835

*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

[*Additional Counsel Listed on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES et al.,<br><br>           Defendants. | CIVIL CASE NO.:  3:20-CV-06761-EMC<br><br>**PLAINTIFFS' OPPOSITION TO APPLICANTS' MOTION FOR LEAVE TO FILE A RESPONSE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Hon. Edward M. Chen |

Additional Counsel

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
HANNAH SHEARER, SBN 292710
268 Bush St. # 555
San Francisco, CA 94104
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

J. ADAM SKAGGS, *pro hac vice*
DAVID M. PUCINO, *pro hac vice*
223 West 38th St. # 90
New York, NY 10018
Telephone: (917) 680-3473

*Attorneys for Plaintiffs Bryan Muehlberger, Frank Blackwell, and Giffords Law Center to Prevent Gun Violence*

Applicants Zachary Fort, Frederick Barton, Blackhawk Manufacturing Group, Inc., and Firearms Policy Coalition, Inc. ("Applicants"), move the Court for leave to file a "response" in support of Defendants' pending motion to dismiss. ECF No. 53. They filed this proposed "response" even though (i) they are not parties to this case, but merely *proposed* intervenors; (ii) they already filed a proposed Answer with their motion to intervene, foreclosing their opportunity to file a motion to dismiss, *see* ECF No. 24-6 (Applicants' proposed Answer); and (iii) the "response" is really a motion to dismiss in disguise that raised new arguments just hours before Plaintiffs' deadline to oppose Defendants' motion to dismiss (leaving Plaintiffs no meaningful opportunity to address Applicants' merits positions).[1] Applicants' Motion for Leave lacks merit and portends the type of cumulative and distracting motions that Applicants may file should they be allowed to intervene. The Court should summarily deny Applicants' Motion for Leave.

*First*, Applicants are not parties. As such, they have no right to participate in the pending motion to dismiss briefing before their intervention motion is resolved. Although a court-approved intervenor may have the same rights and responsibilities as the original parties, *see* Fed. R. Civ. P. 24, a *proposed* intervenor is a non-party with no rights to participate in the litigation before intervention is adjudicated. Applicants' motion attempts to jump the gun. They say their Motion for Leave is necessary to "ensure their interests are appropriately represented before this Court." Mot. 2. But the Court has not yet determined that Applicants *have* any protectable interests in this litigation, and, if they do, that those interests are not already adequately represented by the existing parties. These issues are the purview of the Court's ruling on the intervention motion, and cannot be presumed by Applicants before a hearing on the motion and ruling from the Court.

Indeed, it is well established that, if granted intervention, an intervenor "join[s] subject to the proceedings that have occurred *prior to his intervention*; he cannot unring the bell."[2] Charles Alan

---

[1] Applicants' "response" raises two new arguments, contending that Giffords lacks statutory standing under the APA and raising new purported factual bases to reject Plaintiffs' claims that ATF acted arbitrarily and capriciously in its ghost gun determinations. *See* ECF No. 53-1 at 2, 4.

[2] For this reason, the fact that "Applicants' motion to intervene may still be pending while Defendants' motion to dismiss is fully briefed and argued," Mot. 2, does not give Applicants a right to participate at this stage of the case.

Wright, Arthur R. Miller & Mary Kay Kane, 7C *Federal Practice and Procedure: Civil* § 1920 (3d ed. 2020) (internal quotation omitted) (emphasis added); *see also Weeks v. Union Pac. R.R. Co.*, 2018 WL 1505486, at *1 (E.D. Cal. Mar. 27, 2018) ("[A]n intervenor is admitted to the proceeding as it stands" (quoting *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944))). As the Supreme Court has explained: "Of course, permission to intervene does not carry with it the right to relitigate matters already determined in the case." *Arizona v. California*, 460 U.S. 605, 615 (1983). Proposed intervenors should not be allowed to end-run these bedrock principles by attempting, as Applicants do here, to *pre*-litigate matters before they have become parties to the case. Tellingly, Applicants cite not a single authority supporting such a request.

*Second*, even if intervention is granted, Applicants would not be entitled to seek dismissal at the pleading stage because they already elected to file a proposed Answer (not a motion to dismiss) with their motion to intervene. Applicants could have filed a proposed motion to dismiss, *see, e.g.*, *Ctr. for Biological Diversity v. Jewell*, 2015 WL 13037049, at *2 (D. Ariz. May 12, 2015), or even an amicus brief in support of Defendants' motion to dismiss. Applicants instead sought intervention to litigate the merits of the case following the filing of a proposed Answer, and on that basis requested intervention. *See* ECF No. 24-6. They effectively conceded the adequacy of the Complaint and acknowledged that the case should proceed to discovery. The Federal Rules of Civil Procedure require that a motion to dismiss under Rule 12(b) "must be made *before*" filing an answer or other responsive pleading. Fed. R. Civ. P. 12(b) (emphasis added). The Rules do not permit a proposed intervenor to file both a proposed Answer and a motion to dismiss (which here is camouflaged as a "response"). Applicants cannot have their cake and eat it too.

*Third*, the Motion for Leave is untimely. Applicants filed their motion late in the evening the day Plaintiffs' opposition to the motion to dismiss was due, leaving Plaintiffs no meaningful opportunity to timely respond.[3] And because Applicants' "response" is really a separate motion to

---

[3] Applicants emailed Plaintiffs' counsel at 10:47 p.m. ET on December 29, 2020, seeking counsel's position on a proposed response they did not include with their email. Applicants did not indicate any filing was imminent, but nevertheless filed their motion less than 24 hours later without ascertaining Plaintiffs' position on their motion. *See* Ex. A to the Decl. of Avi Weitzman in Supp. of

dismiss, it should have been filed by November 30—if such a motion by non-party proposed intervenors would have been allowed at all.  Applicants should not be permitted to sidestep that deadline by styling their motion as a "response" to Defendants' pending motion to dismiss.  Nor do Applicants explain the basis for raising *new* arguments seeking dismissal, or when, under their proposed procedure, Plaintiffs would have an opportunity to respond to those arguments.

***

Applicants ask to participate in Defendants' pending motion to dismiss despite offering no legal basis for a non-party to make such a request and despite waiving their right to do so long ago by filing a proposed Answer with their motion to intervene.  From the beginning, Applicants could have presented the Court their views on the case by submitting an ordinary-course amicus brief.  *See, e.g.*, *California v. Wheeler*, 2020 WL 4915601, at *1 (N.D. Cal. Aug. 13, 2020).  Applicants instead elected to seek intervention with a proposed Answer, and they must now await the Court's ruling on that motion before participating in this litigation further.  Applicants should not be permitted to diverge from their proposed course of intervention and to force needless briefing in a case in which they are not parties.  The Court should deny Applicants' motion.

Dated: January 1, 2021            /s/       Avi Weitzman

GIBSON, DUNN & CRUTCHER LLP
AVI WEITZMAN, *pro hac vice*
aweitzman@gibsondunn.com
LEE R. CRAIN, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
KAYLIE SPRINGER, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

VIVEK GOPALAN, SBN 296156
VGopalan@gibsondunn.com

---

Plfs.' Opp'n to Applicants' Mot. for Leave (Jan. 1, 2021).  They later claimed they needed to comply with the deadline to "respond" to the pending motion to dismiss, even though that deadline explicitly referenced only Plaintiffs' opposition to the motion to dismiss.  *See* ECF No. 35 at 6:4 (setting the deadline for *Plaintiffs* to "file their opposition" as December 30, 2020).

555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
HANNAH SHEARER, SBN 292710
268 Bush St. # 555
San Francisco, CA 94104
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

J. ADAM SKAGGS, *pro hac vice*
DAVID M. PUCINO, *pro hac vice forthcoming*
223 West 38th St. # 90
New York, NY 10018
Telephone: (917) 680-3473

*Attorneys for Plaintiffs Bryan Muehlberger, Frank Blackwell, Giffords Law Center to Prevent Violence*

*Dated:* January 1, 2021           /s/      R. Matthew Wise

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE, SBN 238485
Matthew.Wise@doj.ca.gov
Deputy Attorney General

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6046
Facsimile:  (916) 324-8835

*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

*Dated*: January 1, 2021     /s/     *Avi Weitzman*
                                     Avi Weitzman