# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------X
```

CITY OF SYRACUSE, NY, *et al.*,                        :
                                                        :
                                      Plaintiffs,       :
        -against-                                       :
                                                        :
BUREAU OF ALCOHOL, TOBACCO,                             :
FIREARMS AND EXPLOSIVES, *et al.*,                      :
                                                        :
                                      Defendants.       :

```
-----------------------------------------------------------------X
```

<table>
<tr><td>USDC SDNY</td></tr>
<tr><td>DOCUMENT</td></tr>
<tr><td>ELECTRONICALLY FILED</td></tr>
<tr><td>DOC #: _____</td></tr>
<tr><td>DATE FILED: 1/2/2021</td></tr>
</table>

1:20-cv-06885-GHW

<u>MEMORANDUM OPINION
AND ORDER</u>

GREGORY H. WOODS, United States District Judge:

Four cities and the country's largest gun violence prevention organization have brought this action under the Administrative Procedure Act, challenging an interpretive rule and three determination letters issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"), and the ATF's failure to respond to their petition for rulemaking. Two individuals, and BlackHawk Manufacturing Group, Inc., d/b/a 80% Arms, and Firearms Policy Coalition, Inc. (the "Proposed Intervenors") move to intervene as defendants. Because the Proposed Intervenors have not carried their burden to show that the defendants in this action do not adequately represent their interests, they may not intervene as of right. And because the Proposed Intervenors have the opportunity to present their views to the Court as *amici*, the Court, in its discretion, has determined that permissive intervention by the Proposed Intervenors is not warranted here. Therefore, the Proposed Intervenors' motion is DENIED.

## I. BACKGROUND

Plaintiffs Everytown for Gun Safety Support Fund and Everytown for Gun Safety Action Fund (the "Everytown Plaintiffs") and the cities of Syracuse, NY, San Jose, CA, Chicago, IL, and Columbia, SC (the "City Plaintiffs," and together with the Everytown Plaintiffs, "Plaintiffs") have brought this action against defendants Bureau of Alcohol, Tobacco, Firearms and Explosives, Regina Lombardo (Acting Director of the ATF), United States Department of Justice, and William

Barr ("Defendants"). The Everytown Plaintiffs, a nonprofit membership corporation and its education, research, and litigation arm, constitute the country's largest gun violence prevention organization. Dkt. No. 11, Compl., ¶¶ 41-42. The City Defendants are four major cities that have been impacted by gun violence, and specifically, gun violence involving the use of "ghost guns," which do not have a serial number or other identifying markings and are untraceable. *Id.* ¶¶ 1, 11 23-38.

This case arises out of Defendants' interpretation and enforcement of the Gun Control Act (the "GCA"). Plaintiffs allege Defendants have failed to apply the clear terms of the GCA in determining what constitutes a "firearm" under federal law, and therefore, what items can be regulated under that Act. *Id.* ¶¶ 3-7. Specifically, Plaintiffs argue that the terms of the GCA clearly define regulated "firearms" as both operable weapons and the core building blocks of those weapons, such as unfinished frames and receivers, if they are designed to be or may readily be converted into operable weapons. *Id.* ¶ 3, 63 (citing 18 U.S.C. § 921(a)(3)). Plaintiffs allege that using a gun-building kit containing these items, purchasers can assemble a "ghost gun" within a few hours. *Id.* ¶¶ 10-11. Because such kits are not regulated under the ATF's interpretation of the GCA and do not require a background check, they are available to individuals who would otherwise be ineligible to purchase firearms. *Id.* ¶¶ 9, 134.

In 2015, the ATF promulgated an interpretive rule distinguishing a firearm from an unregulated frame or receiver based on a solidity test, and in 2015 and 2017, issued three determination letters to that effect to a gun-building kit supplier, Polymer80, which features the letters on its websites as proof of the legality of selling gun-building kits. *Id.* ¶¶ 82-87, 108-118, 168-198; *see id.* ¶¶ 78-81, 88-92. Plaintiffs argue that because ATF has excluded unfinished frames and receivers from the definition of regulated firearms under the GCA, companies like Polymer80 are permitted to sell gun-building kits nationwide without regulation. *See id.* ¶¶ 9, 93, 97-107. On December 11, 2019, the Everytown Plaintiffs submitted a petition for rulemaking asking Defendants

to recognize that unfinished frames and receivers used to make ghost guns qualify as "firearms" under federal law and should be regulated as such. *Id.* ¶¶ 148-149, 152. The petition was subsequently joined by the City Plaintiffs. *Id.* ¶¶ 163-166. At the time this action was filed, Defendants had not responded to the petition, other than to confirm receipt. *Id.* ¶¶ 161, 167.

Plaintiffs have requested that the Court set aside as arbitrary, capricious, and contrary to law the 2015 interpretive rule memorializing the ATF's interpretation of the GCA, and the three determination letters issued by the ATF in 2015 and 2017 to Polymer80. *Id.* at 45-49. Plaintiffs also seek relief for Defendants' delay in failing to respond to their petition for rulemaking. *Id.* at 49-50. The parties are in the process of briefing their respective motions for summary judgment. *See* Dkt. Nos. 35, 55, 61-64. The Court has received and granted four requests for leave to file amicus briefs. *See* Dkt. Nos. 71-74, 76.

On November 12, 2020, the Proposed Intervenors moved to intervene in this case. Dkt Nos. 43-48. The Proposed Intervenors are individuals Zachary Fort and Frederick Barton, BlackHawk Manufacturing Group, Inc., d/b/a 80% Arms, a producer and retailer of unfinished frames and receivers, and Firearms Policy Coalition, Inc. ("FPC"), a nonprofit organization that owns and possesses unfinished frames and receivers and has members with a purported interest in the litigation. Dkt. No. 44, Memorandum in Support of Proposed Intervenors' Motion to Intervene ("Memo.") at 2-3. Plaintiffs opposed the motion, Dkt No. 58 ("Opp."), and the Proposed Intervenors replied, Dkt No. 65 ("Reply").

## II. DISCUSSION

The Second Circuit has "explained that intervention is a procedural device that attempts to accommodate two competing policies[.]" *Floyd v. City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quotation and brackets omitted). "[O]n the one hand," intervention is designed to permit courts to "efficiently administ[er] legal disputes by resolving all related issues in one lawsuit[.]" *Id.* (quotation omitted). "[O]n the other hand," permitting parties to intervene willy-nilly

makes lawsuits "unnecessarily complex, unwieldy or prolonged." *Id.* (quotation omitted). The Circuit has repeatedly emphasized the "fact-intensive nature" of this inquiry. *Id.*; *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994).

### A. Intervention as of Right

> Federal Rule of Civil Procedure 24(a) provides for intervention as of right . . . [:] "On timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

*Floyd*, 770 F.3d at 1057 (quoting Fed. R. Civ. P. 24(a)(2)) (emphasis omitted).

Thus, "a district court must grant an applicant's motion to intervene under Rule 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds sub nom. Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017) (quotation omitted). "[A] failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and brackets omitted). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also Pitney Bowes*, 25 F.3d at 70 ("Under Rule 24(a)(2) the purported intervenor must show that its interest is not adequately represented, while under [a different statute], the government bears that burden.").

#### 1. Timeliness

Plaintiffs filed this action on August 26, 2020. Dkt. Nos. 1, 11. The Proposed Intervenors moved to intervene on November 12, 2020. Dkt. No. 43. The parties do not dispute that the Proposed Intervenors' motion is timely.

4

## 2. Sufficient Interest

The Proposed Intervenors have asserted a sufficient interest in the outcome of this case. Rule 24(a)(2) requires the movant to "assert[] an interest relating to the property or transaction that is the subject of the action." *Id.* at 67 (quotation omitted). That interest must be "direct, substantial, and legally protectable." *Id.* at 68 (quotation omitted). "[A]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Floyd*, 770 F.3d at 1057.

Here, the Proposed Intervenors have sufficient legal and economic interests in the outcome of this case.[1] If Plaintiffs are successful, FPC's members—producers, sellers, purchasers, and possessors of unfinished frames and receivers including Mr. Fort, Mr. Barton, and 80% Arms—will be impacted. Namely, their ownership of ghost guns and existing business practices will be made illegal and may put some entities out of business entirely. Memo at 13-14. Furthermore, 80% Arms has purportedly received at least one determination letter similar to the ones challenged by Plaintiffs. Reply at 1.

## 3. Impairment

The Proposed Intervenors have shown that their interest may be impaired by invalidation of the ATF's interpretive rule and determination letters. "Rule 24(a)(2) also requires the movant to show that it is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede its ability to protect its interest[.]" *Laroe Estates*, 828 F.3d at 70 (quotation and brackets omitted). As with the second prong, the Proposed Intervenors may suffer adverse economic consequences if Plaintiffs prevailed. The Proposed Intervenors have thus adequately demonstrated that their interest may be impaired by a judgment in favor of Plaintiffs.

---

[1] The Proposed Intervenors also assert that their Second Amendment rights are implicated by Plaintiffs' arguments in this case. Plaintiffs are presumably working to constrain access to ghost guns through this action. But the legal claims presented to the Court in this action involve issues of statutory interpretation and the ATF's compliance with the APA; it is not a constitutional challenge to the ATF's regulations or interpretive letters.

### 4. Adequate Representation

The fourth prong of the Rule 24(a)(2) test is where the Proposed Intervenors' arguments fail. The Supreme Court has emphasized that a proposed intervenor need only show that "representation of his interest 'may be' inadequate[.]" *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). "The burden to demonstrate inadequacy of representation is generally speaking 'minimal[.]'" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich*, 404 U.S. at 538 n.10); *see also Laroe*, 828 F.3d at 70 (citation omitted). But the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective[.]" *Butler*, 250 F.3d at 179. In that circumstance, the proposed intervenor "must rebut the presumption of adequate representation by the party already in the action." *Id.* at 179-80. And "[t]he proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*." *United States v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir. 1999) (citing *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 985 (2d Cir. 1984)); *see also* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1909 & nn.24-27 (3d ed. 2007 & supp. 2019) ("The rare cases in which a member of the public is allowed to intervene in an action in which the United States, or some other governmental agency, represents the public interest are cases in which a very strong showing of inadequate representation has been made.").

The Proposed Intervenors have not rebutted the presumption of adequate representation by the ATF and the Department of Justice. Judge Engelmayer's decision in *New York v. United States Dep't of Health & Human Servs.* ("*HHS*") is persuasive here. In that case, a group of state plaintiffs "challenge[d] . . . a final rule issued by the U.S. Department of Health and Human Services[.]" No. 19 CIV. 4676 (PAE), 2019 WL 3531960, at *1 (S.D.N.Y. Aug. 2, 2019). Two non-government entities moved "to intervene as defendants." *Id.* The *HHS* court denied the motion to intervene as of right because the putative intervenors failed to show that their interests were not adequately

6

represented by HHS.  *Id.* at *4-6.  Judge Engelmayer recognized that "HHS and the [p]roposed [i]ntervenors share the same goal:  upholding the [r]ule."  *Id.* at *5.  So the burden fell on the putative intervenors to "rebut the presumption of adequate representation by HHS."  *Id.*

The *HHS* court held that the putative intervenors could not intervene as of right because "the interests of the Proposed Intervenors [were] broadly coterminous with those of HHS."  *Id.* at *6.  The Second Circuit has held that "[a] putative intervenor does not have an interest not adequately represented by a party to a lawsuit simply because it has a motive to litigate that is different from the motive of an existing party."  *Id.* (quoting *NRDC, Inc. v. N.Y. State Dep't of Envt'l Conservation*, 834 F.2d 60, 62-63 (2d Cir. 1987)).  To the contrary, "[s]o long as the party has demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interests of the intervenor are adequately represented."  *Id.* (quoting *NRDC*, 834 F.2d at 62).

The Proposed Intervenors' argument that Defendants will not adequately represent their interests because the "ATF must consider a wide spectrum of views [and] at least some of their interests in the suit will necessarily differ from Applicants' interest" fails; the parties' differing motivations are insufficient to satisfy the fourth prong.  Memo. at 17; *see HHS*, 2019 WL 3531960, at *6.  Here, Defendants have signaled their intent to defend their interpretation of the GCA vigorously by stating that they intend to move for summary judgment in their favor.  *See* Dkt. No. 30, Defs.' Letter Response to Plaintiffs' Request for a Pre-Motion Conference, at 1; *see also id.* ("[ ] Defendants do not adopt Plaintiffs' factual characterizations and assert that Defendants have not violated the APA in interpreting the GCA . . . .").  As of this filing, there is no indication that Defendants will not continue to do so.

The Proposed Intervenors contend that the guiding *parens patrie* principles are inapplicable here because Defendants "do not purport or seek to represent [the Proposed Intervenors'] interests" and Defendants do not have the same economic interest in the outcome.  Reply at 1.  However, the

Court finds that the Proposed Intervenors and Defendants have the same ultimate goal of upholding the current rule and establishing that the ATF did not violate the APA through its interpretation of the GCA.  In the absence of a compelling showing to the contrary, it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. *HHS*, 2019 WL 3531960, at *4.  The Proposed Intervenors have not met that heavy burden here. Furthermore, "there has been no showing that the nature of [the Proposed Intervenors'] economic interests is related to colorable legal defenses that the public defendants would be less able to assert."  *NRDC*, 834 F.2d at 62.  Accordingly, the Court finds that the Proposed Intervenors' interests are adequately represented here.[2]

For those reasons, the Proposed Intervenors have failed to show that Defendants will not adequately represent their interests in this litigation.  Because "a failure to satisfy any one of these four requirements is a sufficient ground to deny" intervention as of right, the Proposed Intervenors' motion under Rule 24(a)(2) is denied.  *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and brackets omitted).

### B.  Permissive Intervention

The Proposed Intervenors have failed to carry their burden to show that they have a right to intervene, and the Court declines to permit them to intervene under Rule 24(b).  "Federal Rule of Civil Procedure 24(b) provides for intervention by permission[:] . . . '[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.'"  *Id.* (quoting Fed. R. Civ. P. 23(b)(1)(B)).  A "district court's discretion under Rule 24(b) is broad."  *HHS*, 2019 WL 3531960, at *6 (quoting *Restor-A-Dent Dental*

---

[2] The Proposed Intervenors highlight a similar case in the Northern District of California in which the federal Defendants supported intervention as of right for 80% Arms.  Reply at 3.  Defendants have not taken that position here, despite being given an opportunity to do so and the fact that oppositions to the motion to intervene in this case were due less than a week before the defendants' statements were filed in the California action.  *See* Dkt. No. 51; 65-1.  The Court declines to accept those arguments as also being offered in this case, absent a request from Defendants to do so or even a proper request from the Proposed Intervenors that the Court take judicial notice of the filings in the California case.  The Court has decided this motion based on the submissions of the parties to it.

*Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 876 (2d Cir. 1984)); *see also Floyd*, 770 F.3d at 1062 n.38 ("A denial of permissive intervention has virtually never been reversed." (quotation omitted)).

In arriving at its decision, the Court has considered the Second Circuit's direction that an intervention decision should assess two competing policies: "efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand[.]" *Floyd*, 770 F.3d at 1057. And, the Court notes that "the alternative to intervention" is that the Proposed Intervenors "participate[]" as "*amicus curiae*[.]" *HHS,* 2019 WL 3531960, at *6.

The complaint asks the Court to determine whether the ATF's interpretation of the GCA is arbitrary, capricious, and contrary to law, in violation of the APA. The Proposed Intervenors' submissions suggest that they seek to steer this litigation toward a Second Amendment challenge to the ATF's interpretation of the GCA—an issue that is outside the scope of the issues raised by Plaintiffs. Such a legal challenge goes well beyond the limited issue of whether Defendants' actions were permissible "under the APA[,] and that is unaffected by this litigation." *New York v. United States Dep't of Educ.*, No. 20-CV-4260 (JGK), 2020 WL 3962110, at *4 (S.D.N.Y. July 10, 2020) (citing *United States v. City of N.Y.*, 179 F.R.D. 373, 381 (E.D.N.Y. 1998) (denying permissive intervention where the claimed interests, "although broadly related to the subject matter of this action, [were] extraneous to the issues before the court")), *aff'd*, 198 F.3d 360 (2d Cir. 1999). The potential expansion of this litigation to the resolution of legal claims beyond its present scope weighs against granting the Proposed Intervenors' request to intervene.

Furthermore, granting intervention to the Proposed Intervenors here would substantially complicate the management of this litigation. It appears that there is a substantial amount of interest in this litigation. As of this date, the Court has already granted four applications by thirty-three other interested parties requesting the opportunity to participate in this action as *amici*. *See*

Dkt. Nos. 71-74, 76-77. As that number demonstrates, there are many parties with a claimed interest in the outcome of this litigation. The Proposed Intervenors have not demonstrated an interest that elevates their interests above those of other interested parties in the action. Nor have the Proposed Intervenors explained why serving as *amici* would be insufficient to convey their interests in this action. Permitting all parties with an interest in the outcome of the litigation who meet that description to be added as parties will undoubtedly increase the burden associated with the administration of this lawsuit without offsetting the gain, since the Court will still hear the interested parties' views through potential submissions as *amicus curiae*. *Cf. New York v. Scalia*, No. 1:20-CV-1689-GHW, 2020 WL 3498755, at *5 (S.D.N.Y. June 29, 2020).

Here, the Proposed Intervenors are four additional interested parties who have not established that their interest in the outcome of this litigation should be treated in a different key than that of the *amici* already permitted to present their views to the Court in this case. The Court will carefully consider the Proposed Intervenors' views in an amicus brief if they should decide to pursue that avenue, and therefore, permitting the Proposed Intervenors to intervene as defendants here is not warranted.

For those reasons, the motion to intervene is denied.

## III. CONCLUSION

The Court has considered all of the arguments submitted by the parties. The motion to intervene is DENIED. To the extent the Proposed Intervenors seek to file an amicus brief, they may do so by January 15, 2021.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 43.

SO ORDERED.

Dated:  January 2, 2021

_____
GREGORY H. WOODS
United States District Judge