| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>AVI WEITZMAN, *pro hac vice*<br>aweitzman@gibsondunn.com<br>LEE R. CRAIN, *pro hac vice*<br>LIESEL SCHAPIRA, *pro hac vice*<br>KAYLIE SPRINGER, *pro hac vice*<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br>JILLIAN LONDON, SBN 319924<br>JLondon@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7671<br>Facsimile: (213) 229-6671<br><br>*Attorneys for Plaintiffs Bryan Muehlberger,*<br>*Frank Blackwell, and Giffords Law Center to*<br>*Prevent Gun Violence* | XAVIER BECERRA<br>Attorney General of California<br>THOMAS S. PATTERSON<br>Senior Assistant Attorney General<br>MARK R. BECKINGTON<br>Supervising Deputy Attorney General<br>R. MATTHEW WISE, SBN 238485<br>Matthew.Wise@doj.ca.gov<br>Deputy Attorney General<br><br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>Telephone: (916) 210-6046<br>Facsimile: (916) 324-8835<br><br>*Attorneys for Plaintiff State of California, by*<br>*and through Attorney General Xavier Becerra* |

[*Additional Counsel Listed on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES et al.,<br><br>    Defendants. | CIVIL CASE NO.: 3:20-CV-06761-EMC<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO POLYMER80, INC.'S MOTION TO INTERVENE**<br><br>Hon. Edward M. Chen<br><br>Hearing Date: February 25, 2021<br>Hearing Time: 1:30 p.m. |

Additional Counsel

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
HANNAH SHEARER, SBN 292710
268 Bush St. # 555
San Francisco, CA 94104
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

J. ADAM SKAGGS, *pro hac vice*
DAVID M. PUCINO, *pro hac vice*
223 West 38th St. # 90
New York, NY 10018
Telephone: (917) 680-3473

*Attorneys for Plaintiffs Bryan Muehlberger,
Frank Blackwell, and Giffords Law Center to
Prevent Gun Violence*

# TABLE OF CONTENTS

|     |     |                                                                                                                                 | Page |
|-----|-----|---------------------------------------------------------------------------------------------------------------------------------|------|
| I.  |     | PRELIMINARY STATEMENT                                                                                                           | 1    |
| II. |     | BACKGROUND                                                                                                                      | 1    |
| III.|     | ARGUMENT                                                                                                                        | 3    |
|     | A.  | Polymer80 Has Not Shown Inadequacy Of Representation And Therefore May Not Intervene As Of Right                                | 3    |
|     | B.  | Polymer80 Is Not Entitled To Permissive Intervention Either                                                                     | 5    |
|     | C.  | If The Court Permits Intervention, It Should Impose Reasonable Conditions To Ensure That The Existing Parties Are Not Prejudiced| 7    |
| IV. |     | CONCLUSION                                                                                                                      | 8    |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arakaki v. Cayetano*,
 324 F.3d 1078 (9th Cir. 2003)..................................................................................................3, 5

*In re Benny*,
 791 F.2d 712 (9th Cir. 1986)...........................................................................................................5

*Cahto Tribe of Laytonville Rancheria v. Risling*,
 2010 WL 4721060 (E.D. Cal. Nov. 12, 2010) ...............................................................................7

*California v. Health & Human Servs.*,
 2017 WL 6731640 (N.D. Cal. Dec. 29, 2017).................................................................................7

*California v. Wheeler*,
 2020 WL 4915601 (N.D. Cal. Aug. 13, 2020)................................................................................7

*City of Syracuse, N.Y. v. ATF*,
 2021 WL 23326 (S.D.N.Y. Jan. 2, 2021)........................................................................1, 2, 3, 4, 7

*Dep't of Fair Emp't and Hous. v. Lucent*,
 642 F.3d 728 (9th Cir. 2011)..........................................................................................................7

*Estate of Dixon v. Commissioner*,
 666 F.2d 386 (9th Cir. 1982)..........................................................................................................7

*Drakes Bay Oyster Co. v. Salazar*,
 2013 WL 451813 (N.D. Cal. Feb. 4, 2013),
 aff'd sub nom. Drakes Bay Oyster Co. v. Envtl. Action Comm. of W. Marin, 571 F.
 App'x 605 (9th Cir. 2014)..............................................................................................................6

*Freedom from Religion Found., Inc. v. Geithner*,
 644 F.3d 836 (9th Cir. 2011)......................................................................................................3, 5

*Julianites Against Shakedown Tactics v. TEJJR*,
 2007 WL 184716 (S.D. Cal. Jan. 5, 2007) .....................................................................................6

*Karuk Tribe of Cal. v. U.S. Forest Serv.*,
 2005 WL 8177402 (N.D. Cal. June 13, 2005) ............................................................................6, 7

*League of Wilderness Defenders—Blue Mountain Biodiversity Project v. Forsgren*,
 184 F. Supp. 2d 1058 (D. Or. 2002) ...............................................................................................4

*Lilith Games (Shanghai) Co. v. uCool, Inc.*,
 2015 WL 4914694 (N.D. Cal. Aug. 17, 2015)................................................................................6

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

*McCrary v. Gutierrez*,
    495 F. Supp. 2d 1038 (N.D. Cal. 2007) ........................................................................... 6

*Nat'l Urban League v. Ross*,
    2020 WL 6290353 (N.D. Cal. Oct. 26, 2020) .................................................................. 7

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
    960 F.3d 603 (9th Cir. 2020) ....................................................................................... 3, 4

*Opperman v. PATH, Inc.*,
    2015 WL 12941889 (N.D. Cal. Jan. 5, 2015) .................................................................. 6

*Perry v. Prop. 8 Official Proponents*,
    587 F.3d 947 (9th Cir. 2009) .......................................................................................... 5

*Spangler v. Pasadena City Bd. of Educ.*,
    552 F.2d 1326 (9th Cir. 1977) ........................................................................................ 5

*Vinson v. Wash. Gas Light Co.*,
    321 U.S. 489 (1944) ....................................................................................................... 8

*Weeks v. Union Pac. R.R. Co.*,
    2018 WL 1505486 (E.D. Cal. Mar. 27, 2018) ................................................................ 8

**Statutes & Public Law**

18 U.S.C. § 921 ........................................................................................................................ 2

Pub. L. No. 90-618 (1968) ....................................................................................................... 1

**Rules**

Fed. R. Civ. P. 24 ................................................................................................................. 3, 7

**Treatises**

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C *Federal Practice and
    Procedure: Civil* (3d ed. 2020) ................................................................................... 3, 8

The State of California, Bryan Muehlberger, Frank Blackwell, and Giffords Law Center to Prevent Gun Violence ("Plaintiffs") respectfully submit this Memorandum of Law in Opposition to the Motion to Intervene submitted by Polymer80, Inc. ("Applicant" or "Polymer80").

## I. PRELIMINARY STATEMENT

Plaintiffs filed this action to resolve the narrow legal question of whether certain final agency actions by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") violate the Administrative Procedure Act. These agency actions have caused direct harm to Plaintiffs and others by allowing the proliferation of so-called "ghost guns": do-it-yourself weapons that let purchasers evade the commonsense safety requirements of the Gun Control Act of 1968 ("GCA").

Now, Polymer80 moves to intervene, just as BlackHawk Manufacturing Group, Inc. ("BlackHawk") did. *See* ECF No. 24 ("BlackHawk Mot. to Intervene"). In both instances, though, intervention would expand and delay the case and duplicate the government's able defense. Given the targeted focus of Plaintiffs' claims and Defendants' demonstrated vigor in defending against them, no new parties are necessary to help the Court consider and resolve this case. Instead, as the U.S. District Court for the Southern District of New York recently held in denying BlackHawk's motion to intervene in a similar case, intervention by ghost gun manufacturers is neither necessary nor appropriate because their interests are adequately represented in the litigation and any insights they may have are properly the subject of an amicus brief, not party participation. *City of Syracuse, N.Y. v. ATF*, 2021 WL 23326, at *5 (S.D.N.Y. Jan. 2, 2021) ("Proposed Intervenors [have not] explained why serving as *amici* would be insufficient to convey their interests in this action."). Allowing Polymer80 to intervene here would conflict with Ninth Circuit law plainly disfavoring intervention to duplicate a government's defense and would result in a sideshow that wastes this Court's time. This Court should deny Polymer80's motion.

## II. BACKGROUND

In 1968, Congress enacted the GCA to provide "support to Federal, State, and local law enforcement officials in their fight against crime and violence." Gun Control Act, Pub. L. No. 90-618 (1968). Among other things, the GCA prohibits certain individuals (including minors, domestic abusers, those who suffer from mental illness, and those convicted of certain crimes) from purchasing

and possessing firearms; requires that federally licensed gun dealers conduct background checks on would-be gun purchasers; and mandates that firearms include identifying serial numbers. ECF No. 1 ("Compl.") ¶ 31-32. The GCA defines regulated "firearms" to include the core *building blocks* of guns—known as frames for pistols, and receivers for rifles—if those components are "designed to be or may be readily converted" into operable weapons. 18 U.S.C. § 921(a)(3).

Between 2015 and 2017, ATF issued Classification Letters—final determinations on whether particular types of frames and receivers are "firearms" under the GCA—and published guidance on its website reflecting ATF's view that, as a matter of statutory interpretation, certain unfinished parts—commonly referred to as "80 percent" receivers and frames—are *not* regulated firearms. Compl. ¶¶ 66-70. These determinations have allowed 80 percent receivers and frames to be sold without serial numbers or background checks and have led to the proliferation nationwide of the untraceable guns they are used to build: so-called "ghost guns." Compl. ¶¶ 66-70.

Plaintiffs filed this action on September 29, 2020, asserting that ATF's decisions relating to ghost guns conflict with the GCA and are arbitrary and capricious and thus are void under the APA. Compl. ¶¶ 117-43. Around the same time, a separate group of plaintiffs, making substantially the same arguments against the same defendants, sued in the Southern District of New York in *City of Syracuse*, Case No. 1:20-cv-06885-GHW. The government has vigorously defended ATF's agency action in both cases: In New York, the government conceded the sufficiency of the complaint but moved promptly for summary judgment. *Id.*, ECF No. 30 [Defs.' Letter, Sept. 23, 2020]. Here, the government contested the sufficiency of the Complaint and moved to dismiss. *See* ECF No. 29 ("Mot. to Dismiss").

There are dozens of known ghost gun manufacturers, *see* Compl. ¶ 77; two of them—BlackHawk and Polymer80—have already moved to intervene both here and in the New York case, asserting that they have protectable interests in both cases and that the government cannot adequately defend those interests. *Compare* BlackHawk Mot. to Intervene *and* ECF No. 47 ("Mot. to Intervene"), *with City of Syracuse*, Case No. 1:20-cv-06885-GHW, ECF No. 47 (BlackHawk et al.), *and id.* at ECF No. 78 (Polymer80, Inc.). On January 2, 2021, United States District Judge Gregory H. Woods denied intervention to Blackhawk (and other applicants) because, as the court determined, "the Proposed

Intervenors have not carried their burden to show that the defendants in this action do not adequately represent their interests," and besides, "the Proposed Intervenors have the opportunity to present their views to the Court as *amici*." *City of Syracuse*, 2021 WL 23326, at *1. Judge Woods has yet to rule on Polymer80's separate motion.

### III.     ARGUMENT

### A.     Polymer80 Has Not Shown Inadequacy Of Representation And Therefore May Not Intervene As Of Right

A non-party has no right to intervene if an "existing part[y] adequately represent[s]" the non-party's purported interests. Fed. R. Civ. P. 24(a)(2). Contrary to Polymer80's repeated assertions that its burden under Rule 24 is "minimal," Mot. to Intervene at 13, 16-17, a non-party's burden is *vastly higher* when it seeks intervention to help the government defend the lawfulness of government action. In such cases, "it will be presumed that [the] [government] adequately represents its citizens," and intervention will be denied "[i]n the absence of a '*very compelling* showing to the contrary.'" *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C *Federal Practice and Procedure: Civil* § 1909 (3d ed. 2020)) (emphasis added). Here, the presumption of adequate representation applies, and Polymer80 plainly has not made the showing necessary to overcome it. Intervention should therefore be denied.

The presumption of adequate representation is "nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend" a government enactment. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (internal quotation marks omitted). In *Freedom from Religion Foundation*, a minister sought to intervene to help the federal government defend the constitutionality of federal tax exemptions for "ministers of the gospel" against a suit by a nonprofit organization that advocates for separation of church and state. *Id*. at 840. The Ninth Circuit denied intervention based on the presumption of adequacy, because the federal government's motion to dismiss demonstrated that the government and the minister shared the same "ultimate objective [] to uphold the challenged statutes." *Id*. at 841; *see also Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (denying environmental organization's request to intervene to defend city ordinance because the organization and the city

"share[d] the same ultimate objective of upholding" the ordinance). So too here: As even Polymer80 concedes, Defendants' motion to dismiss "more than indicates that the government is standing behind" ATF's determinations. Mot. to Intervene at 1; *see also* Mot. to Dismiss at 1, 15. Defendants' reply in support of their motion to dismiss reaffirms their intent to defend ATF's agency actions. *See* ECF No. 64 ("Reply in Support of Mot. to Dismiss") at 1 ("The Plaintiffs' claims should be dismissed in total."). Because Defendants' motion to dismiss briefing expresses the same position advocated by Polymer80—that ATF's determinations are lawful—the federal government should be presumed to adequately represent Polymer80's interests.

Polymer80's arguments to the contrary are meritless. It first contends that the federal government's representation is inadequate because Polymer80 "asserts a personal interest that does not belong to the general public"—specifically, the narrow interests of a "profit-making entit[y]." Mot. to Intervene 13-14 (quoting *League of Wilderness Defenders—Blue Mountain Biodiversity Project v. Forsgren*, 184 F. Supp. 2d 1058, 1061 (D. Or. 2002)).[1] But the Ninth Circuit held just last year that the presumption of adequacy is not rebutted by a proposed intervenor's contention that its "narrower interest[s]" stand opposed to a government's "broader concerns." *Oakland Bulk & Oversized Terminal*, 960 F.3d at 620. Judge Woods reached the same conclusion mere weeks ago in rejecting BlackHawk's intervention motion: Even though "[d]efendants [and applicants] d[id] not have the same economic interest in the outcome," intervention was improper because they still had "the same ultimate goal of . . . establishing that the ATF did not violate the APA." *City of Syracuse*, 2021 WL 23326, at *4.

Nor does the possibility that Polymer80 may presently be under criminal investigation for its business practices, *see* Mot. to Intervene at 16-17, have any bearing here. *See Oakland Bulk & Oversized Terminal*, 960 F.3d at 620-21 (lawsuit by city-defendant against proposed intervenor did not render city-defendant unable to represent proposed intervenor's interests). This case concerns

---

[1] This out-of-district case actually helps *Plaintiffs*, not Polymer80. In *Forsgren*, the district court *denied* a lumber company's request to intervene as of right in a lawsuit brought by environmental groups to challenge a United States Forest Service decision because "the company lack[ed] a 'significantly protectable' interest in determining whether the federal defendants ha[d] complied with the National Environmental Policy Act." *Id*. at 1060. The court did let the company intervene *in the remedial phase* of the lawsuit only because the plaintiff there agreed to it. *Id*. 1061-62. Plaintiffs here, by contrast, have not consented to intervention at any stage.

Classification Letters that ATF issued several years ago. Plaintiffs allege that these Letters are unlawful. *See* Compl. ¶¶ 117-43. From the start of this case, Defendants have made clear their intent to vigorously defend the Letters. *See, e.g.*, Mot. to Dismiss at 1 ("Plaintiffs' challenge to the interpretation by the [ATF] of the GCA cannot succeed . . . ."). Defendants could have quickly settled with Plaintiffs but instead disputed the sufficiency of the Complaint, leaving no doubt that they "will make all arguments necessary" to defend this case, *Arakaki*, 324 F.3d at 1087, including by moving to dismiss and consistently defending the lawfulness (and correctness) of the Letters. *See* Mot. to Dismiss at 1, 15-25; Reply in Support of Mot. to Dismiss at 5-9. That alone renders intervention inappropriate.

Polymer80 has failed to demonstrate that the federal government's defense of this APA challenge inadequately represents its interests. On that basis alone, the Motion to Intervene should be denied. *See, e.g.*, *Freedom from Religion Found.*, 644 F.3d at 841 ("Failure to satisfy any one of the requirements is fatal to the application." (quoting *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009))).

**B.     Polymer80 Is Not Entitled To Permissive Intervention Either**

Courts have considerable discretion in ruling on a motion for permissive intervention. *In re Benny*, 791 F.2d 712, 721-22 (9th Cir. 1986). In making this discretionary decision, courts consider factors such as: (1) "whether the intervenors' interests are adequately represented by other parties"; (2) "the legal position they seek to advance[] and its probable relation to the merits of the case"; (3) "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented"; and (4) "whether intervention will prolong or unduly delay the litigation." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). None of these factors support intervention.

*First*, the federal government can adequately represent and, in fact, is adequately representing Polymer80's interests in this case. *See supra* III.A.

*Second*, the legal position that Polymer80 seeks to advance is unrelated to the merits of this case. Polymer80 attempts to shift the litigation's focus by inappropriately injecting irrelevant issues into an otherwise narrow APA case. For example, Polymer80's motion is more focused on protecting its revenue and business—an issue that is not relevant to the APA analysis. *See, e.g.*, Mot. to Intervene

at 2 ("[Applicant] will vigorously oppose any efforts to charge [Applicant] with engaging in criminal activity of any sort . . . ."); *id.* at 11 ("[I]f plaintiffs here are successful . . . well over half of [Applicant's] average annual revenue could be lost."). If Plaintiffs' APA challenge succeeds, it should result in further rulemaking consistent with the APA and GCA; at that point, Polymer80 will have the opportunity to submit new requests for classification and separately pursue its own claims against ATF. But Polymer80 presents no basis for injecting these issues into this case now.[2]

*Third*, Polymer80 will not significantly contribute to the factual record. As an initial matter, the critical factual record relevant to Plaintiffs' APA claims is the administrative record. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (judicial review of agency action under the APA limited to the administrative record). That record will speak for itself and does not need Polymer80 to speak for it. Likewise, contrary to Polymer80's contentions, its purported expertise in ghost guns does not justify intervention in light of the fact that ATF—which Defendants consider to be the preeminent expert on firearms (Mot. to Dismiss at 3, 18, 23)—is already a party to this case. While Polymer80 argues that it is a "profit-making entity" unlike DOJ and ATF, Mot. to Intervene at 14, its commercial purpose provides no basis to conclude that it has novel information relevant to Plaintiffs' APA claims or that its "experience and knowledge *exceed* that of the existing parties, potential experts, and other witnesses." *Opperman v. PATH, Inc.*, 2015 WL 12941889, at *2 (N.D. Cal. Jan. 5, 2015) (emphasis added). Indeed, even if Polymer80 *did* have some unique expertise to offer (which it does not), that fact would not render intervention appropriate but rather is more "likely to result in duplicative briefing adding a layer of unwarranted procedural complexity." *Drakes Bay Oyster Co. v. Salazar*, 2013 WL 451813, at *9 (N.D. Cal. Feb. 4, 2013), *aff'd sub nom. Drakes Bay Oyster Co. v. Env't Action Comm. of W. Marin*, 571 F. App'x 605 (9th Cir. 2014).

*Finally*, allowing Polymer80 to intervene at this point "would [only] divert time and resources from the principal thrust of [Plaintiffs'] lawsuit," *Lilith Games (Shanghai) Co. v. uCool, Inc.*, 2015 WL 4914694, at *4 (N.D. Cal. Aug. 17, 2015) (internal quotation marks and citations omitted), and "needlessly distract this Court from the task at hand, which is a review of the administrative record

---

[2] Polymer80 will thus not suffer any prejudice if it is not permitted to intervene here. *See Julianites Against Shakedown Tactics v. TEJJR*, 2007 WL 184716, at *7 (S.D. Cal. Jan. 5, 2007).

pursuant to the Administrative Procedure Act," *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 2005 WL 8177402, at *3 (N.D. Cal. June 13, 2005). Intervention may also "cause a 'flood' of motions for intervention" from other manufacturers and distributors of 80 percent receivers and frames, which would further complicate and prolong the case. *Estate of Dixon v. Commissioner*, 666 F.2d 386, 389 (9th Cir. 1982).[3]

\* \* \*

Polymer80's interests can better be heard through participation as an *amicus curiae*. *City of Syracuse*, 2021 WL 23326, at *5; *Nat'l Urban League v. Ross*, 2020 WL 6290353, at *3 (N.D. Cal. Oct. 26, 2020) ("Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention."). This is particularly true given that this is an APA action, in which courts are loath to grant intervention. *See, e.g.*, *California v. Wheeler*, 2020 WL 4915601, at *1 (N.D. Cal. Aug. 13, 2020); *Cahto Tribe of Laytonville Rancheria v. Risling*, 2010 WL 4721060, at *2 (E.D. Cal. Nov. 12, 2010) (denying intervention in part because "judicial review is limited to the administrative record"). This Court should deny Polymer80's motion in its entirety.

**C.    If The Court Permits Intervention, It Should Impose Reasonable Conditions To Ensure That The Existing Parties Are Not Prejudiced**

Should the Court deem intervention appropriate (and it should not), it should exercise its wide discretion "to limit intervention to particular issues" and "to impose . . . condition[s]" on such intervention. *Dep't of Fair Emp't and Hous. v. Lucent*, 642 F.3d 728, 741 (9th Cir. 2011) (internal citations and quotations omitted). The Court should not permit Polymer80 to broaden or enlarge the issues actually in dispute in this case, including through its efforts to litigate purported Second Amendment rights or the impact this case may have on its business practices and prospects—none of which are relevant to the administrative record. *See California v. Health & Human Servs.*, 2017 WL 6731640, at *9 (N.D. Cal. Dec. 29, 2017) (limiting issues to those raised by original parties). Similarly,

---

[3] Polymer80's failure to comply with basic procedural rules, such as Rule 24(c), which requires a motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," may also delay the proceedings. Fed. R. Civ. P. 24(c).

Polymer80 should not be permitted to move to dismiss belatedly, but rather should be required to answer the Complaint so as to avoid any delay in this action. *Id.* (proceeding with currently-set case management conference); *see also* Wright, Miller & Kane, 7C *Federal Practice and Procedure: Civil*, at § 1920 (internal quotation omitted) (Intervenor "join[s] subject to the proceedings that have occurred *prior to his intervention*; he cannot unring the bell." (emphasis added)); *Weeks v. Union Pac. R.R. Co.*, 2018 WL 1505486, at *1 (E.D. Cal. Mar. 27, 2018) ("[A]n intervenor is admitted to the proceeding as it stands" (quoting *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944))).

### IV. CONCLUSION

The Court should deny Applicants' Motion to Intervene.

*Dated:* January 14, 2021   /s/   *Avi Weitzman*

GIBSON, DUNN & CRUTCHER LLP
AVI WEITZMAN, *pro hac vice*
aweitzman@gibsondunn.com
LEE R. CRAIN, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
KAYLIE SPRINGER, *pro hac vice*
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

JILLIAN LONDON, 319924
JLondon@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
HANNAH SHEARER, SBN 292710
268 Bush St. # 555
San Francisco, CA 94104
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

J. ADAM SKAGGS, *pro hac vice*
DAVID M. PUCINO, *pro hac vice*
223 West 38th St. # 90
New York, NY 10018
Telephone: (917) 680-3473

*Attorneys for Plaintiffs Bryan Muehlberger, Frank Blackwell, Giffords Law Center to Prevent Violence*

*Dated:* January 14, 2021        /s/      R. Matthew Wise

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE, SBN 238485
Matthew.Wise@doj.ca.gov
Deputy Attorney General

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6046
Facsimile: (916) 324-8835

*Attorneys for Plaintiff State of California, by and through Attorney General Xavier Becerra*

## ATTORNEY ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Avi Weitzman, hereby attest that concurrence in the filing of this document has been obtained from all signatories.

*Dated*: January 14, 2021      By: /s/   *Avi Weitzman*
                                         Avi Weitzman