John F. Olsen (SBN 157465)
FERDINAND IP, LLP
800 West El Camino Real, Suite 180
Mountain View, CA 94040
Phone: (858) 412-4515
jolsen@fiplawgroup.com

James J. McGuire (*pro hac vice*)
Michael R. Patrick (*pro hac vice*)
Mark A. Berube*
(**pro hac vice* forthcoming)
BARTON, LLP
711 Third Avenue, 14th floor
New York, New York 10017
Phone:  212-687-6262

*Attorneys for Proposed Intervenor*
*Polymer80, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, BRYAN MUEHLBERGER, FRANK BLACKWELL, and GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, REGINA LOMBARDO, in her official capacity as Acting Deputy Director of Bureau of Alcohol, Tobacco, Firearms and Explosives, MICHAEL R. CURTIS, in his official capacity as Chief, Firearms Technology Industry Services Branch of Bureau of Alcohol, Tobacco, Firearms and Explosives, UNITED STATES DEPARTMENT OF JUSTICE, and WILLIAM BARR, in his official capacity as Attorney General of the United States, | CASE NO. 3:20-cv-06761-EMC<br><br><br>Hon. Edward M. Chen<br><br>Hearing Date: February 25, 2021<br>Hearing Time: 1:30 p.m. PT<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF POLYMER80, INC. IN FURTHER SUPPORT OF ITS MOTION TO INTERVENE IN THIS ACTION** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED AND PERTINENT FACTS ............................. 1

ARGUMENT ............................................................................................................................. 1

   NOTHING PLAINTIFFS HAVE SUBMITTED OR CONTENDED SHOULD
   DELAY THE GRANTING OF THE INSTANT MOTION ............................................ 1

     A.   Polymer80 Is Entitled To Intervention As Of Right. ....................................... 2

        1.   Plaintiffs Concede That Polymer80 Satisfies Three
            Of The Four Elements Of Intervention As Of Right. ................................. 2

        2.   Defendants Do Not And Cannot "Adequately Represent" Polymer80. ...................... 3

     B.   Alternatively, The Court Should Grant Polymer80 Permissive Intervention. ............... 10

CONCLUSION ......................................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

## **Cases**

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003)..................................................................... 3, 8

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992).............................................................................. 10

*Cahto Tribe of Laytonville Rancheria v. Risling*,
2010 WL 4721060 (E.D. Cal. Nov. 12, 2010) ................................................ 12

*California v. Health & Human Servs.*,
2017 WL 6731640 (N.D. Cal Dec. 29, 2017) ................................................. 11

*California v. Wheeler*,
2020 WL 4915601 (N.D. Cal.  Aug. 13, 2020) ............................................... 12

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) ................................................................. 2, 3, 4, 5

*City of Syracuse, N.Y. v. ATF*,
2021 WL 23326 (S.D.N.Y. Jan. 2, 2021) .................................................. 8, 12

*Estate of Dixon v. Commissioner*,
666 F.2d 386 (9th Cir. 1982) ......................................................................... 12

*Freedom From Religion Found., Inc. v. Geithner*,
644 F.3d 836 (9th Cir. 2011) .................................................................... 6, 10

*Gonzalez v. Ariz.*,
485 F.3d 1041 (9th Cir. 2007) ......................................................................... 3

*In Def. of Animals v. U.S. Dep't of the Interior*,
2011 WL 1085991 (E.D. Cal. Mar. 21, 2011)................................................. 3

*Mangaoang v. Special Default Servs., Inc.*,
427 F. Supp. 3d 1195 (N.D. Cal. 2019)........................................................... 6

*Nat'l Urban League v. Ross*,
2020 WL 6290353 (N.D. Cal. Oct 26, 2020) ................................................ 12

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
960 F.3d 603 (9th Cir. 2020) ..................................................................... 5, 6

*Prete v. Bradbury*,
438 F.3d 949 (9th Cir. 2006) ......................................................................... 3

*Sagebrush Rebellion, Inc. v. Watt*,
713 F.2d 525 (9th Cir. 1983) ......................................................................... 3

*Sierra Club v. EPA*,
  2013 WL 5568253 (N.D. Cal. Oct. 9, 2013) ............................................................ 3

*Sierra Club v. U.S. E.P.A.*,
  995 F.2d 1478 (9th Cir. 1993) ......................................................................... 2, 5

*Spangler v. Pasadena City Bd. of Educ.*,
  522 F.2d 1326 (9th Cir. 1977) .......................................................................... 11

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F.3d 810 (9th Cir. 2001) ............................................................................. 2

*United States v. City of Los Angeles*,
  288 F.3d 391 (9th Cir. 2002) ............................................................................. 2

*Wilderness Soc'y v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ........................................................................... 2

**Statutes**

18 U.S.C. §§ 921 ........................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(7) ................................................................................... 9
Fed. R. Civ. P. 19(a)(1)(B) ............................................................................... 9
Fed. R. Civ. P. 24(a) ................................................................................... 1, 13
Fed. R. Civ. P. 24(a)(2) ................................................................................... 2
Fed. R. Civ. P. 24(b) .................................................................................. 1, 13
Fed. R. Civ. P. 24(c) ...................................................................................... 11
Fed. R. Civ. P 24(b)(1)(B) ............................................................................... 10

1

2        Polymer80, Inc. ("Polymer80" or "Company") respectfully submits this Reply

3 Memorandum of Points and Authorities ("Reply") in further support of its motion ("Motion") to:

4 (i) intervene in this action as of right, pursuant to Rule 24(a) of the Federal Rules of Civil

5 Procedure, or, alternatively, (ii) intervene herein with the permission of this Court, pursuant to

6 Fed. R. Civ. P. 24(b).  For all of the reasons set forth below and in the remainder of the record of

7 this matter, the Motion is meritorious, and the Court should authorize Polymer80's intervention.[1]

8

9        **STATEMENT OF ISSUES TO BE DECIDED AND PERTINENT FACTS**

10        Polymer80 respectfully incorporates herein the Statement of Issues to Be Decided and

11 Pertinent Facts Sections of its opening Memorandum.

12

13        **ARGUMENT**

14      **NOTHING PLAINTIFFS HAVE SUBMITTED OR CONTENDED
SHOULD DELAY THE GRANTING OF THE INSTANT MOTION**

15

16        In their submissions in opposition to the Motion (collectively, "Opposition"), plaintiffs

17 tender nothing to refute or undercut that the legal standards governing this Motion militate in favor

18 of Polymer80's intervention "as of right" pursuant to Fed. R. Civ. P. 24(a).  Should this Court

19 disagree, Polymer80's "permissive intervention" pursuant to Fed. R. Civ. P. 24(b) is wholly

20 appropriate in the premises.

21

22

23

24

25

26

---

27  [1] Capitalized terms not otherwise defined herein have the meanings attributed to them in Polymer80's opening Memorandum of Points and Authorities ("Memorandum") in support of the Motion, filed on December 21, 2020.

28  **REPLY IN FURTHER SUPPORT OF MOTION**    1        CASE NO. 3:20-cv-06761-EMC
**TO INTERVENE**

1

**A.  Polymer80 Is Entitled To Intervention As Of Right.**

2

As its Memorandum has made clear, to intervene as right Polymer80 must show that:

3

(i) its application is timely; (ii) it has a "significant protectable interest" relating to the subject of

4

this case; (iii) the disposition of the case may, as a practical matter, impair or impede its ability to

5

protect that interest; and (iv) the existing parties *may* not adequately represent its interest. *Citizens*

6

*for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) ("*Citizens*");

7

*Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993) ("*Sierra Club*").   While the

8

Company here and now bears the burden of showing that those four elements have been met, the

9

requirements are broadly interpreted in favor of intervention.  *Id.  See also Sw. Ctr. for Biological*

10

*Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).  In fact, "[a] liberal policy in favor of

11

intervention serves both efficient resolution of issues and broadened access to the courts."

12

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011), citing *United States*

13

*v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002).

14

As illustrated below and particularly in light of plaintiffs' sparse Opposition, Polymer80

15

easily satisfies these entrenched standards and has the right to intervene in this action pursuant to

16

Fed. R. Civ. P. 24(a)(2).

17

18

19

**1.     Plaintiffs Concede That Polymer80 Satisfies Three
Of The Four Elements Of Intervention As Of Right.**

20

Plaintiffs' Opposition fails to address three of the four established elements of such

21

intervention, *i.e.*, those of: (i) "timeliness"; (ii) a "significant protectable interest"; and

22

(iii) impairment of the Company's ability to protect that interest.   As such, plaintiffs have

23

effectively conceded that Polymer80 has met each of the three.  In truth, plaintiffs advance but one

24

argument against Polymer80's right to intervene -- that the Company has not met the requisite,

25

fourth, "inadequacy of representation" criterion.  As discussed next, plaintiffs are in error.

26

27

28

**REPLY IN FURTHER SUPPORT OF MOTION     2
TO INTERVENE**                                            CASE NO. 3:20-cv-06761-EMC

1

2

### 2.    <u>Defendants Do Not And Cannot "Adequately Represent" Polymer80.</u>

In assessing whether or not a present party or parties will adequately represent a proposed

intervenor's interest, this Court should consider "several factors, including whether [a present

party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is

capable of and willing to make such arguments, and whether the intervenor offers a necessary

element to the proceedings that would be neglected."  *Prete v. Bradbury*, 438 F.3d 949, 956 (9th

Cir. 2006) ("*Prete*"), quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

The showing required to meet this test is "minimal" and "satisfied if the applicant shows that

representation of its interests 'may be' inadequate[.]" *Prete,* 438 F.3d at 956 (internal citations

omitted).  "A proposed intervenor should be treated as the best judge whether the existing parties

adequately represent… [its] interests, and … any doubt regarding adequacy of representation

should be resolved in [its] favor."  6 E. J. Brunet, *Moore's Federal Practice* § 24.03[4][a] (3d ed.

1997).  *See also In Def. of Animals v. U.S. Dep't of the Interior*, No. 2-10-cv-1852, 2011 WL

1085991, at *3 (E.D. Cal. Mar. 21, 2011).

Polymer80 acknowledges here -- as in its opening Memorandum -- the established

presumption that "when the government is acting on behalf of a constituency that it represents . .

. it is presumed that the government adequately represents its citizens when the [party seeking

intervention] shares the same interests." *Sierra Club v. EPA*, No. 13-cv-2809-YGR, 2013 WL

5568253, at *4 (N.D. Cal. Oct. 9, 2013), *citing Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th

Cir. 2003) ("*Arakaki*").  *See also Gonzalez v. Ariz.*, 485 F.3d 1041, 1052 (9th Cir. 2007).

Nonetheless, while this presumption of adequacy "must be rebutted with a compelling showing"

(*see Citizens*, 647 F.3d at 898 (citation omitted)), it cannot credibly be asserted at this juncture that

defendants represent or share the same interests as Polymer80.  Accordingly, and contrary to

plaintiffs' groundless protestations, Polymer80 has made the requisite "compelling showing."

**REPLY IN FURTHER SUPPORT OF MOTION**     3     CASE NO. 3:20-cv-06761-EMC
**TO INTERVENE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs blithely posit that "[n]or does the possibility that Polymer80 may presently be under criminal investigation … have any bearing here." Opposition at 4.  Nevertheless, one wonders how anything could have greater bearing upon the Court's "adequate representation" analysis than that ongoing inquiry.  In fact, Polymer80 is not just under criminal investigation.  It is under such investigation by the *identical government defendants* that plaintiffs maintain can be entrusted here to adequately represent and protect the Company's interests, ATF and DOJ.  The record indisputably reflects that, for at least five hours during the early morning of December 10, 2020, ATF agents executed the Search Warrant at Polymer80's Dayton, Nevada headquarters.  Borges Decl. ¶ 9, at p. 3.  In addition, those same agents served Polymer80 that day with the expansive Subpoena, dated December 10, 2020, issued out of the United States District Court for the Central District of California in support of a criminal investigation being conducted before a Grand Jury there by both the United States Attorney for that District (an arm of DOJ) and ATF.  *Id*.  In sum, the record shows that as of December 10, 2020 there was (as there is today) a patently adversarial relationship between Polymer80, on the one hand, and the key defendants here, DOJ and ATF, on the other.

Moreover, that Search Warrant sought detailed and sensitive information related to, *inter alia*, numerous Polymer80 products and/or "Kits" that have a strong connection to the Classification Letters at the center of this action.  Furthermore, an Assistant United States Attorney for the Central District of California has informed Polymer80 that it is currently the clear focus of the investigation that engendered both the Search Warrant and Subpoena.  *Id.* ¶ 15, at p. 5.  Suffice to say, no reasonable observer, given these palpably adversarial recent interactions and novel and unforeseen disclosures by the government, could responsibly contend or even suspect that DOJ and/or ATF can adequately represent the interests of Polymer80 in this lawsuit.  Moreover, it is

**REPLY IN FURTHER SUPPORT OF MOTION    4          CASE NO. 3:20-cv-06761-EMC
TO INTERVENE**

beyond cavil, in the circumstances, that the government defendants *may* not be able to do so. *See Citizens*, 647 F.3d at 897; *Sierra Club*, 995 F.2d at 1481.

Plaintiffs cite but one case for the proposition that this compelling factual backdrop (especially the pendency of a contemporaneous and related criminal inquiry) should not trigger a finding of "inadequate representation." *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603 (9th Cir. 2020) ("*Oakland Bulk*") is entirely inapposite and of no moment. Despite plaintiffs' mischaracterizations, that decision did not involve any finding that a "lawsuit by city defendant against proposed intervenor did not render city-defendant unable to represent proposed intervenor's interests." Opposition at 4. Quite to the contrary, that matter dealt with a prior action brought by proposed intervenors against a city-defendant, not a *pending* proceeding *brought by a defendant against proposed intervenors*. *Oakland Bulk*, 960 F.3d at 620-21. Additionally, *Oakland Bulk did not* relate to an overarching and directly related criminal investigation. *Id.* Plaintiffs proffer zero to show that defendants who have commenced such an active criminal investigation against a proposed intervenor can simultaneously be deemed to adequately represent the investigated entity's interests in a civil litigation addressing some of the same issues animating that investigation.

Beyond all of that, plaintiffs ignore the virtually dispositive fact that, in connection with the pending criminal investigation, defendants DOJ and ATF, at different times, have taken disparate and conflicting positions as to the Classification Letters at the heart of this litigation. Those Letters, each and all between February 2015 and January 2017, concluded that several of Polymer80's products, namely, an AR-15 Pattern Receiver Casting (February 2015), AR-10 type item (November 2015), and a "GC9" Blank and two "PF940C" Blanks (January 2017), respectively, did *not* constitute "firearms" under the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921 *et seq.* Borges Decl. ¶ 5, at p. 2. However, ATF's apparent posture today -- that, at

REPLY IN FURTHER SUPPORT OF MOTION    5    CASE NO. 3:20-cv-06761-EMC
TO INTERVENE

1
2
3
4
5

minimum, certain of Polymer80's so-called "Buy Build Shoot Kits," including the Kit linked with the same Glock PF940C Blanks that ATF's January 2017 Classification Letter pronounced "*not firearms*," *do* constitute "firearms" under the GCA -- is far different.  This is a stance that ATF, prior to December 10, 2020, had never before articulated to Polymer80 or the general public.  *Id*. ¶¶ 12-14, at p. 4-5.  Yet, plaintiffs say not a word about any of this upon this Motion.[2]

6
7
8
9
10
11
12
13
14

If not upon this Motion, plaintiffs do address in some detail the inconsistency in the government defendants' new-fangled position in their Memorandum of Law in Opposition to Defendants' Motion to Dismiss.  ECF No. 54.  There, plaintiffs argue that that position contradicts defendants' historical stance embodied in the Classification Letters, rendering those Letters legally unsupportable, arbitrary, and capricious.  *Id*. at 2-3, 5-6, 22 n. 15, and 24.  For that reason, plaintiffs urge that defendants be judicially estopped from advocating for the legal soundness of the Classification Letters, as follows:

15
16
17
18
19
20
21
22

> Defendants cannot credibly assert that their position in the criminal investigation of Polymer80 is consistent with their position here. While the search warrant primarily focuses on Polymer80's "Buy Build Shoot" kits, the ATF affiant acknowledged that even without a kit, customers can purchase all "the necessary parts in one transaction," including an 80 percent receiver, from Polymer80's website. Affidavit ¶ 48.  In short, it is not the "kit" that renders these ghost guns "firearms" but the 80 percent receivers and frames themselves. And, in light of the positions taken in the Affidavit, the government should be estopped from arguing to the contrary.  *Cf. Mangaoang v. Special Default Servs., Inc*., 427 F. Supp. 3d 1195, 1207 (N.D. Cal. 2019) (judicial estoppel appropriate where party takes "inconsistent positions" in separate litigations).

23

*Id*. at 22, n.15.

24
25
26
27

[2]  The precedent that plaintiffs cite for the proposition that the current defendants can adequately represent the Company are inapposite and fail for another reason.  In both *Oakland Bulk*, 960 F.3d at 620, and *Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) ("*Freedom From Religion*"), the Courts found that proposed intervenors had not submitted sufficient evidence that the government defendants there were unable to fully advocate for intervenors' legal positions.  There is no such dearth of proof here.  Polymer80 has proffered abundant and unrebutted evidence of defendants' inadequacy in that regard.

28

**REPLY IN FURTHER SUPPORT OF MOTION    6**
**TO INTERVENE**

CASE NO. 3:20-cv-06761-EMC

1

2   Even after so contending in that separate paper upon a different application, plaintiffs assert

3   here that Polymer80 should not be permitted to intervene to address that very same inconsistency,

4   and that these very same defendants can somehow adequately represent and forward Polymer80's

5   interests.  To that assertion, we simply ask: "How?"  Whether dubbed inconsistency, hypocrisy,

6   or intellectual dishonesty, plaintiffs cannot have it both ways.  Consequently, this Court must find

7   that the government defendants do *not* adequately represent Polymer80, the addressee, recipient,

8   and beneficiary of the challenged Classification Letters, demonstrably deserving of being a party

9   to this proceeding.

10          At bottom, little would be more destructive of Polymer80's commercial well-being than

11  the acceptance by this Court of ATF's new-found position.  Since one of the core issues at bar will

12  ultimately be whether the ATF's prior determinations that the subject Company products

13  (including the PF940C Blanks) are not "firearms" under the GCA, it is, politely put, uncertain how

14  defendants here can possibly lodge and zealously advance all of Polymer80's contentions about

15  its products and overall interests.  Once more, plaintiffs' silence on this point upon this Motion is

16  deafening.

17          With regard to the pending dismissal motion practice amongst the present parties,

18  Polymer80 acknowledges that but ten (10) days before execution of the Search Warrant and

19  service of the Subpoena, the government defendants so moved and essentially maintained that all

20  three Classification Letters were lawfully and properly issued and by no means "arbitrary and

21  capricious."  Even so, that motion must be juxtaposed against and weighed in the light of events

22  since December 10, 2020.  Those events have brought to the forefront a host of salient questions

23  and seeming contradictions as to the government's views on the subject Polymer80 products.  With

24  those questions presently unanswered and contradictions unresolved, the only fair and reasonable

25  conclusion is that Polymer80's interests would be severely jeopardized, if the Company were

26

27

28  **REPLY IN FURTHER SUPPORT OF MOTION**     7          CASE NO. 3:20-cv-06761-EMC
    **TO INTERVENE**

1
2
3
4
5
6

forced to rely upon those defendants to protect all of its interests throughout this proceeding. Moreover, to the extent that the government defendants believe that they can honestly and consistently take the positions espoused in their dismissal motion, while simultaneously pursuing a criminal investigation of the Company on the grounds articulated in the Search Warrant papers, that belief is practically and intellectually indefensible and serves as crystalline proof that those defendants do not and cannot adequately safeguard and facilitate all of Polymer80's interests here.

7
8
9
10
11
12
13
14
15

Consequently, plaintiffs' repetitive citation to *City of Syracuse, N.Y. v. ATF*, 2021 WL 23326 (S.D.N.Y. Jan. 2, 2021) ("*Syracuse*") is unavailing.  There is no evidence in that pending civil case that: (i) proposed intervenors there (including BlackHawk Manufacturing Group, Inc.) were or are, as Polymer80 here, under criminal investigation by the same DOJ/ATF defendants allegedly adequately representing their interests; (ii) proposed intervenors' own products were or are at issue in that suit; and (iii) the DOJ/ATF defendants there were and are taking disparate and conflicting positions as to the characterization of intervenors' own products under the GCA.

16
17
18
19
20
21
22
23
24
25
26
27

Deflecting in facile fashion their silence upon this Motion on crucial, potentially dispositive points, plaintiffs promulgate the conclusory sophistry that there is "no doubt" defendants here "will make all arguments necessary" to protect Polymer80's interests because of the mere fact that "Defendants could have quickly settled with Plaintiffs but instead disputed the sufficiency of the Complaint…."  Opposition at 5.  Tellingly, the single case cited by plaintiffs in this respect, *Arakaki*, 324 F.3d at 1087, in no way holds that the requisite "adequacy" exists when a defendant decides to contest and not settle a litigation.  Further, in *Arakaki*, intervention as of right was denied, in part, owing to the fact that similarly situated parties had already been allowed to intervene.  *Id.*  If a defendant's mere contesting of a Complaint's allegations mandates a finding of "adequate representation," as plaintiffs say, intervention as a legal concept would be superfluous and all but written out of existence.

28

REPLY IN FURTHER SUPPORT OF MOTION    8    CASE NO. 3:20-cv-06761-EMC
TO INTERVENE

In this connection, it is noteworthy that when afforded the opportunity to move to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for plaintiffs' failure to join the Company as a necessary party, the government defendants failed to do so. Rule 19(a)(1)(B) of the Federal Rules of Civil Procedure provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction *must* be joined as a party if: … that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence *may:* … as a practical matter impair or impede the person's ability to protect the interest…" (emphasis supplied).  In our judgment, Polymer80 is such a "necessary party under Rule 19," and a Rule 12(b)(7) motion would have had a meaningful chance of success upon the extant record, whether by the addition of the Company as a party defendant or outright dismissal of this suit.  However, the government defendants have made no such motion, further reflecting their inability or unwillingness to take all steps appropriate to promote all of the Company's interests in this case.[3]

At bottom, the present and indubitably adversarial relationship between Polymer80 and the government defendants promises to persist for however long Polymer80 remains under federal investigation and ensures a widening legal and practical gulf between the Company and those defendants for the foreseeable future.  Therefore, Polymer80 is entitled to intervene as of right.

---

[3] The government defendants do not oppose Polymer80's request to intervene here.  *See* ECF No. 59 (Notice of Non-Opposition).

**REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE**          9          CASE NO. 3:20-cv-06761-EMC

**B.   Alternatively, The Court Should Grant Polymer80 Permissive Intervention.**

To the extent pertinent here, permissive intervention under Fed. R. Civ. P 24(b)(1)(B) requires a: (i) timely motion; and (ii) common question of law and fact as between movant's claim or defense and the main action.  *Freedom From Religion*, 644 F.3d at 843, citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).  Should the Court not accord intervention as of right, Polymer80's permissive intervention is completely proper.  To this end, we are constrained to reiterate that plaintiffs nowhere contend that Polymer80 has *not* satisfied these two threshold requirements.  As a consequence, plaintiffs must be seen to admit that these requirements *have* been satisfied.

Instead, plaintiffs point only to a series of entirely discretionary factors that a Court *may* consider in deciding whether permissive intervention should be allowed.  First, plaintiffs again posit that DOJ and ATF "adequately represent" Polymer80's interests.  Opposition at 5.  For the reasons set forth above, plaintiffs are wrong.

Next, plaintiffs contend that "the legal position Polymer80 seeks to advance is unrelated to the merits of this case."  Opposition at 5.  Not so.  That position -- that the Classification Letters are totally lawful under the GCA/APA and neither arbitrary nor capricious -- is the core legal issue in this litigation.  Plaintiffs confuse the Company's pressing interests in defending itself and its business interests with the legal stance it will assume in so doing.  In short, Polymer80 seeks to interject nothing more into this case than a consistent and sound legal framework with respect to the ATF's longstanding Classification Letters and findings, which the government defendants now seem unwilling or unable to do.  For this reason, Polymer80's participation will "contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *Id.*  While plaintiffs argue that "the critical factual record relevant to plaintiffs' APA claims is the administrative record," they fail to mention that

advocating for sound application of the law to that record is critical to "the just and equitable adjudication of the legal questions presented." Opposition at 6-7. It is precisely this that DOJ and ATF are *not* wont or able to do at this juncture, and why Polymer80 should have a seat at the party table herein.[4]

Similarly, plaintiffs' postulation that "Polymer80 will not suffer any prejudice if it is not permitted to intervene here" rings hollow, given the unrebutted testimony that the Company stands to lose substantially more than fifty (50) percent of its annual revenue, if the Classification Letters are invalidated. *See* Borges Decl. ¶ 6, p. 2. In this regard, plaintiffs conveniently disregard another factor material to the permissive intervention analysis -- "the nature and extent of the intervenors' interest" -- set forth in the very precedent upon which they rely, *Spangler v. Pasadena City Bd. of Educ.*, 522 F.2d 1326, 1329 (9th Cir. 1977). Opposition at 5. Given the immediate and considerable harm that will be visited upon the Company should plaintiffs succeed in this action, this "interest" factor powerfully supports permissive intervention. Notwithstanding plaintiffs' contentions, it will, as a practical matter, be impossible for Polymer80 to rectify through subsequent litigation the damage to it stemming from an adverse result here.

Revealingly, plaintiffs' own cited authority calls for permissive intervention based upon this Company interest. In *California v. Health & Human Servs.*, 2017 WL 6731640, at *9 (N.D. Cal Dec. 29, 2017) ("*California*"), which involved the defense by government defendants of an APA challenge, although denying intervention as of right, the Court permitted the intervenor to

---

[4] Plaintiffs' empty mantra that Polymer80's intervention will cause delay, unwarranted complexity, and distract the Court from the main issues before it, necessitating that the Company's intervention be denied or somehow limited, is likewise unfounded. Opposition at 6-8. Polymer80 simply seeks to cohesively argue for the lawfulness of the ATF's prior determinations and Classification Letters, the central issue at bar, as plaintiffs acknowledge. Opposition at 4-5 ("This case concerns Classification Letters that ATF issued several years ago. Plaintiffs allege that these Letters are unlawful."). Similarly, plaintiffs' contention that Polymer80 has failed to comply with the dictates of Fed. R. Civ. P. 24(c) is meritless, as its opening Memorandum has demonstrated that Polymer80 wants to intervene to defend the ATF's prior determinations and Classification Letters against challenges propounded in the Complaint's two Claims for Relief. *See* Memorandum at 6-7.

**REPLY IN FURTHER SUPPORT OF MOTION**          11                    CASE NO. 3:20-cv-06761-EMC
**TO INTERVENE**

join, where it sought to litigate "the same question of law at issue in the Plaintiffs' challenge to the IFR's legality," and because "the idea of 'streamlining' the litigation … should not be accomplished at the risk of marginalizing those … who have some of the strongest interests in the outcome" (citations omitted).

Finally, plaintiffs assert that granting intervention to Polymer80 may cause others to try to enter this case,[5] and that the Company should be relegated to *amicus curiae* status.   Opposition at 7.  However, plaintiffs tender nothing at all supporting the idea that those possibilities -- however farfetched or unfairly floated -- can preclude intervention, where the Company has otherwise demonstrated that intervention is, as a matter of law, warranted.   As the decisions plaintiffs themselves trumpet establish, these types of considerations come into play, where a Court has decided against permitting intervention for other, threshold reasons.   *See Estate of Dixon v. Commissioner,* 666 F.2d 386, 389 (9th Cir. 1982) (finding applicant would not add anything to the presentation to the Court and did not possess a peculiar, protectable interest); *Syracuse,* 2021 WL 23326, at *5 (finding applicant intended to introduce extraneous legal issues); *Nat'l Urban League v. Ross*, 2020 WL 6290353, at *3-4 (N.D. Cal. Oct 26, 2020) (finding intervention motion untimely and that existing defendants adequately represented applicants' interests); *California v. Wheeler*, 2020 WL 4915601, at *1 (N.D. Cal.  Aug. 13, 2020) (holding that existing defendants adequately represented applicants' interests); *Cahto Tribe of Laytonville Rancheria v. Risling*, 2010 WL 4721060, at *2-3 (E.D. Cal. Nov. 12, 2010) (same).

In sum, if this Court determines that Polymer80 is not entitled to intervene as of right, it should grant the Company permission to intervene.

---

[5] As to this point, it is specious for plaintiffs to aver that Polymer80's intervention will cause a "flood" of other such motions. There is no evidence that any other manufacturers or gun-related entities with an interest in this litigation have Classification Letters directed to them specifically and their own products that are under attack, while concurrently being the focus of a criminal investigation by DOJ and ATF.  In other words, it is extraordinarily unlikely that anyone else is or could be in Polymer80's current posture.

**REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE**          12                    CASE NO. 3:20-cv-06761-EMC

1

## **<u>CONCLUSION</u>**

2      For all of the reasons set forth in this paper, the Memorandum, and the remainder of the

3  record of this action, it is respectfully submitted that the Court should grant the instant Motion and

4  hold that Polymer80: (i) has the right to intervene herein pursuant to Fed. R. Civ. P. 24(a); or,

5  alternatively; (ii) may permissively intervene pursuant to Fed. R. Civ. P. 24(b); and (iii) should be

6  awarded such further relief as the Court may deem just and proper.

7
   Dated:  January 25, 2021                    Respectfully submitted,
8

9   John F. Olsen (157465)                     _____/s/ *James J. McGuire*_____
    FERDINAND IP, LLP                                    James J. McGuire (*pro hac vice*)
10  800 West El Camino Real, Suite 180
    Mountain View, CA 94040                    Mark A. Berube (*pro hac vice*)
11  Phone: (858) 412-4515                      Michael R. Patrick*
    jolsen@fiplawgroup.com                     (**pro hac vice* application to be filed)
12                                             BARTON, LLP
                                               711 Third Avenue, 14th floor
13                                             New York, New York 10017
                                               Phone:  212-687-6262
14

15                         *Attorneys for Proposed Intervenor Polymer80*

16

17

18

19

20

21

22

23

24

25

26

27

28  **REPLY IN FURTHER SUPPORT OF MOTION**   13        CASE NO. 3:20-cv-06761-EMC
    **TO INTERVENE**

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, I electronically filed the foregoing with the Clerk of the Court using this Court's CM/ECF system, which will send notification to all counsel of record, pursuant to Fed. R. Civ. P. 5 and Civil L.R. 5-1:

Office of the Attorney General
Department of Justice
1300 I Street, Suite 125
Sacramento, CA 95814

*Attorneys for State of California*

Gibson, Dunn & Crutcher LLP
Avi Weitzman, Esq.
Lee R. Crain, Esq.
Liesel Schapira, Esq.
Kaylie Springer, Esq.
200 Park Avenue
New York, NY 10166-0193

Jillian London, Esq.
333 South Grand Avenue
Los Angeles, CA 90071-3197

Giffords Law Center to Prevent
Gun Violence
Hannah Shearer, Esq.
268 Bush St. #555
San Francisco, CA 94104

J. Adam Skaggs, Esq.
David M. Pucino, Esq.
223 West 38th St. # 90
New York, NY 10018

*Attorneys for Plaintiff Bryan Muehlberger,*
*Frank Blackwell and Giffords Law Center to*
*Prevent Gun Violence*

Eric Joseph Soskin, Esq.
US Dept of Justice
Office of the Assistant Attorney General,
Civil Division
RFK Main Justice Building,
Room 3416
Washington, DC 20530

*Attorney for Defendants*
*Regina Lombardo,*
*Michael R Curtis,*
*United States Department of Justice,*
*William P. Barr*

George M. Lee
Seiler Epstein LLP
275 Battery Street, Suite 1600
San Francisco, CA 94111

*Attorney for Intervenors*
*Zachary Fort*
*Frederick Barton*
*BlackHawk Manufacturing Group, Inc.*
*Firearms Policy Coalition, Inc.*

/s/ John Olsen
John Olsen