1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GIBSON, DUNN & CRUTCHER LLP
AVI WEITZMAN, *pro hac vice*
aweitzman@gibsondunn.com
LEE R. CRAIN, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
KAYLIE SPRINGER, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
JILLIN LONDON, SBN 319924
JLondon@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 374-8306

*Attorneys for Plaintiffs Bryan Muehlberger,
Frank Blackwell, and Giffords Law Center to
Prevent Gun Violence*

XAVIER BECERRA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
R. MATTHEW WISE, SBN 238485
Matthew.Wise@doj.ca.gov
Deputy Attorney General

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6046
Facsimile:  (916) 324-8835

*Attorneys for Plaintiff State of California, by
and through Attorney General Xavier Becerra*

[*Additional Counsel Listed on Next Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES et al.,<br><br>Defendants. | CIVIL CASE NO.:  3:20-CV-06761-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Hearing:<br>Date: February 26, 2021<br>Time: 9:30 AM PST<br>Judge:  Judge Edward M. Chen<br><br>Complaint Filed: September 29, 2020 |

Additional Counsel

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
HANNAH SHEARER, SBN 292710
268 Bush St. # 555
San Francisco, CA 94104
Telephone: (415) 433-2062
Facsimile: (415) 433-3357

J. ADAM SKAGGS, *pro hac vice*
DAVID M. PUCINO, *pro hac vice*
223 West 38th St. # 90
New York, NY 10018
Telephone: (917) 680-3473

*Attorneys for Plaintiffs Bryan Muehlberger,
Frank Blackwell, and Giffords Law Center to
Prevent Gun Violence*

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

DANIEL D. MAULER
(Virginia State Bar No. 73190)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch

1100 L Street NW
Washington, DC 20005
Telephone: (202) 616-0773
FAX: (202) 616-8470
dan.mauler@usdoj.gov

*Counsel for Defendants*

## JOINT CASE MANAGEMENT STATEMENT

Plaintiffs State of California, Bryan Muehlberger, Frank Blackwell, and Giffords Law Center to Prevent Gun Violence (collectively, "Plaintiffs") and Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); Regina Lombardo, in her official capacity as Acting Deputy Director of ATF; Michael R. Curtis, in his official capacity as Chief of the Firearms Technology Industry Services Branch of ATF; the United States Department of Justice ("DOJ"), and Monty Wilkinson[1], in his official capacity as Acting Attorney General of the United States (collectively, "Defendants"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement and Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-10(a), and the Standing Order for All Judges of the Northern District of California, in advance of the Case Management Conference scheduled in the above-captioned cases for February 26, 2021.[2]

### A.     JURISDICTION AND SERVICE

Plaintiffs' Position:  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' causes of action arise under the laws of the United States.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1) because Plaintiffs State of California and Giffords Law Center reside in this District, and a substantial portion of the events giving rise to this case occurred in this District.  Defendant ATF also maintains numerous Field Offices in this District. Defendants were served with process on October 1, 2020.

Defendants' Position:  Defendants agree that service of process was properly made in this matter and that venue is proper in this District.  Defendants disagree, however, that the Court has subject matter jurisdiction over this matter.  Defendants assert that the Plaintiffs lack standing to bring their claims for the reasons set forth in Defendants' Motion to Dismiss.  *See* Federal Defendants' Notice

---

[1] Mr. Wilkinson became Acting Attorney General on January 20, 2021 and is thereby automatically substituted for Mr. Barr as a defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

[2] Consistent with Local Civil Rule 16-9(a) and the Court's Standing Order on Contents of Case Management Statement, the putative intervenors (*see* Dkt. Nos. 24, 47) are not parties to this Case Management Statement, as they are not parties to this action.

of Motion and Motion to Dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 29) at 6-13.

**B.      FACTS**

Plaintiffs' Position:  This case is about a series of determinations made by ATF that are contrary to the Gun Control Act of 1968 ("GCA") and are arbitrary and capricious in violation of the Administrative Procedure Act ("APA").  Specifically, ATF erred in ruling that the foundational component of a firearm—its frame or receiver—can be sold without requiring the purchaser to undergo a background check and without affixing a traceable serial number as long as the frame or receiver is "not fully machined."  But these nearly complete receivers—referred to as 80% receivers or more colloquially as "ghost guns"—take mere minutes and nothing more than common household tools to convert into fully operational firearms.  Plaintiffs allege that, as a result of ATF's actions, ghost guns have proliferated throughout the country, particularly in the State of California, and have impacted the lives of so many Americans, including Plaintiffs Bryan Muehlberger and Frank Blackwell and their families, and detrimentally impacted the mission of Plaintiff Giffords Law Center.

ATF's decisions to permit the sale of these ghost guns without any regulation under the GCA— that is, allowing them to be sold to, among others, convicted felons, minors, and domestic abusers prohibited from legally possessing guns—disregards the plain meaning of the GCA.  Specifically, the GCA defines a "firearm" to include "the frame or receiver of any [] weapon," as well as any weapon that is "designed to or may readily be converted to expel a projectile by the action of an explosive."  18 U.S.C. § 921(a)(3).  Because ATF's flawed statutory construction concluding that the receivers and frames used to create ghost guns are not "firearms" has been adopted in only informal agency actions (classification letters and enforcement guidance posted to its website), ATF's decisions are not entitled to any deference whatsoever.  ATF's determinations are also arbitrary and capricious because they have failed to consider important aspects of the underlying ghost gun problem.  ATF failed to consider how quickly 80% receivers can be converted to fully functioning firearms, how ghost guns have rapidly spread across the United States resulting in increased gun violence, and that these receivers undermine the GCA's key purpose because they inhibit law enforcement from being able to trace ghost guns and

1   are commonly used by prohibited persons, such as convicted felons, who would fail any background

2   check.

3         <u>Defendants' Position</u>:  For over fifty years, courts, Congress, and the Executive Branch have

4   consistently understood and interpreted the Gun Control Act of 1968 ("GCA"), 18 U.S.C. § 921 *et seq.*,

5   to establish a uniform, federal floor for firearms regulation that takes into account public interests in

6   managing crime, regulating commerce, and protecting the ability of law-abiding citizens to use firearms

7   lawfully, while providing flexibility for States to implement their own regulations on firearms that

8   account for their individual traditions and conditions. Having chosen to implement stricter regulations

9   over some types of firearms parts, California, joined by other Plaintiffs, now seeks to upend that balance

10  in this lawsuit, based on the novel theory that any decision by Congress, ATF, or another state to

11  regulate firearms parts less strictly than California does is an unlawful act that inflicts harm on

12  California. These claims should be dismissed.

13        As a statutory matter, Congress has legislatively defined a "firearm" to be a weapon that may

14  be readily converted to expel a projectile by the action of an explosive, or the frame or receiver of such

15  weapon, but has explicitly excluded "firearms parts" from that definition. Congress has determined that

16  "firearms" are subject to regulation under the GCA, and that anything that is not a firearm is largely

17  excluded from federal regulation. Plaintiffs' challenge to the interpretation by the Bureau of Alcohol,

18  Tobacco, Firearms, and Explosives ("ATF") of the GCA cannot succeed because ATF reasonably

19  interpreted the statutory terms "firearm" and "readily" in accordance with their plain meaning, and

20  Plaintiffs' arbitrary-and-capricious claims are contradicted by the very materials attached to their

21  Complaint.  This leaves a State like California free to enact its own regulations of firearms parts (as it

22  has done), but does not permit ATF to extend federal regulation beyond the limits imposed by

23  Congress. To the extent Plaintiffs disagree, their concerns are properly addressed to Congress, not ATF

24  or this Court.

25        Plaintiffs' challenges to ATF's classifications also seek to undercut the process under which,

26  for decades, ATF has reviewed numerous items to determine if they should be classified as "firearms"

27  under the GCA, bringing to bear the agency's technical, scientific, mechanical, and legal expertise.

28  Receivers for the AR-15, the most common rifle in America, have a space within them called the fire-

control cavity, which accommodates the firing components. The longstanding position of ATF is that, where a block of metal (or other material) that may someday be manufactured into a receiver bears no markings that delineate where the fire-control cavity is to be formed and has not yet been even partially formed, that item is not yet a receiver and may not "readily be converted to expel a projectile." This straightforward conclusion comports with the text of the statute, whereas Plaintiffs' view—that such an item is a firearm—does not. Thus, the Court not only lacks jurisdiction over Plaintiffs' claims, but the claims themselves cannot succeed.

## C.   LEGAL ISSUES

Plaintiffs' Position:  The legal and equitable issues for determination include:

1.   Whether Defendants' actions violate the Administrative Procedure Act as "not in accordance with law," 5 U.S.C. § 706(2)(A), because those actions conflict with the Gun Control Act of 1968, Pub. L. No. 90-618 (1968).

2.   Whether Defendants' actions violate the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), because their ghost gun determinations are "arbitrary and capricious," *id*.

Defendants' Position: The legal issues for determination include:

1.   Whether the Plaintiffs lack standing to bring their claims.

2.   Whether Plaintiffs' claims are barred by the six-year statute of limitations for APA actions.  *See* 28 U.S.C. § 2401(a).

3.   Whether ATF's interpretation of the Gun Control Act comports with the APA.

4.   Whether Plaintiffs' complaint and attached exhibits fail to state arbitrary-and-capricious claims under the APA.

## D.   MOTIONS

Pending Motion to Intervene filed by Zachary Fort; Frederick Barton; BlackHawk Manufacturing Group, Inc., d/b/a 80% Arms; and Firearms Policy Coalition, Inc.:  On November 24, 2020, Applicants Zachary Fort; Frederick Barton; BlackHawk Manufacturing Group, Inc., d/b/a 80% Arms; and Firearms Policy Coalition, Inc. (collectively, the "BlackHawk Applicants") moved to intervene in this case pursuant to Federal Rule of Civil Procedure 24.  Dkt. No. 24.  Plaintiffs opposed

the BlackHawk Applicants' motion to intervene on December 15, 2020. Dkt. No. 46. The BlackHawk Applicants filed a reply brief in further support of their motion to intervene on December 22, 2020. Dkt. No. 49. Defendants' position is that the Court should resolve Defendants' pending motion to dismiss before resolving the intervention motion. *See* Dkt. No. 38. If the Court is inclined to resolve the intervention motion first, Defendants do not oppose the intervention of the manufacturer and the two individuals and take no position on the organization's intervention. *Id.* Oral argument on the BlackHawk Applicants' motion to intervene is set for February 25, 2021.

Pending Motion to Intervene filed by Polymer80, Inc.: On December 21, 2020, Applicant Polymer80, Inc. ("Polymer80") moved to intervene in this case pursuant to Federal Rule of Civil Procedure 24. Dkt. No. 47. Plaintiffs filed a brief in opposition to Polymer80's motion to intervene on January 14, 2021. Dkt. No. 66. Polymer80 filed a reply brief in further support of its motion to intervene on January 26, 2021. Dkt. No. 73. Defendants' position is that the Court should resolve Defendants' pending motion to dismiss before resolving the intervention motion but if the Court resolves the intervention motion first, Defendants do not oppose the intervention motion. *See* Dkt. 59. Oral argument on Polymer80's motion to intervene is set for February 25, 2021.

Pending Motion to Dismiss: Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on November 30, 2020. Dkt. No. 29. In their motion to dismiss, Defendants argued: (1) Plaintiffs cannot establish standing for their claims; (2) the statute of limitations bars challenges to ATF's alleged 2006 decision to change interpretive approaches and other classifications over six years old; and (3) Plaintiffs' claims should be dismissed because ATF's interpretation of the statute and classification letters do not violate the APA. *See id*. Plaintiffs' filed a brief in opposition to Defendants' motion to dismiss on December 30, 2020. Dkt. No. 54. In their opposition, Plaintiffs argued: (1) Plaintiffs have standing because the Complaint more than adequately pleads ongoing harms suffered by each of the Plaintiffs; (2) the ATF Classification Letters that Plaintiffs challenge were dated between 2015 and 2017, and are thus within the statute of limitations; and (3) ATF's interpretation of the GCA is both wrong and unreasonable and is arbitrary and capricious. *See id*. Defendants filed a reply brief in further support of their motion to dismiss on January 11, 2021. Dkt. No. 64. A hearing on Defendants' motion to dismiss has not yet been scheduled.

Pending Motion For Leave To File A Response In Support of Federal Defendants' Motion to Dismiss. On December 30, 2020, Polymer80 moved for leave to file a "response" in support of the pending motion to dismiss. On January 1, 2021, Plaintiffs' opposed that motion for leave.

Anticipated Motions: In the event the Court denies Defendants' motion to dismiss, Dkt. No. 29, the parties expect to file cross motions for summary judgment following Defendants' production of the Administrative Record.

## E.    AMENDMENT OF PLEADINGS

At this time, Plaintiffs do not anticipate filing an amended complaint.

## F.    EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and will meet and confer regarding protocols for preserving evidence.

## G.    DISCLOSURES

Initial disclosures are not required in this action as it is one "for review on an administrative record." Fed. R. Civ. P. 26(1)(a)(B)(i).

## H.    DISCOVERY

Plaintiffs believe discovery should proceed in this action without delay and that the government should be required to produce the full Administrative Record immediately. Because the government has already done so in a substantially identical case, *City of Syracuse, NY et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al.*, 1:20-cv-06885-GHW (S.D.N.Y.) (complaint filed Aug. 26, 2020), the burden on the government of producing the Record is minimal. Prompt production of the Record would allow for efficient resolution of this action. That a motion to dismiss is currently pending is no justification to delay production of the Administrative Record. Producing the record would not be unduly burdensome and, besides, Defendants have not moved to stay discovery. *See Doe 1 v. Nielsen*, 2018 WL 4468393, at *2-*3 (N.D. Cal. July 19, 2018) (requiring defendants to produce administrative record where they "do not contend that production of the record is unduly burdensome, cannot be made in the time frame demanded by plaintiffs, or is otherwise objectionable," and where defendants had not sought a stay of discovery). Nor would an automatic stay of discovery apply merely

because the defendants have moved to dismiss. *See Shift4 Corp. v. Martin*, 2012 WL 3206027, at *2 (D. Nev. Aug. 3, 2012) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending" (citing *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-601 (C.D. Cal. 1995)).

Defendants believe that this APA case should not include discovery. In the event the Court does not resolve this case through the pending Motion to Dismiss, the case would be resolved on cross-motions for summary judgment based on the Administrative Record that Defendants would produce. *See S.W. Ctr. for Biological Diversity v. USFS*, 100 F.3d 1443, 1450 (9th Cir. 1996) (the lawfulness of agency action under the APA is to be judged on "the administrative record in existence at the time of the decision"). Defendants further believe that, to preserve economy and efficiency, any Administrative Record should not be compiled or produced until after the Court resolves the pending Motion to Dismiss.

## I.      CLASS ACTIONS

There are no class issues in these cases.

## J.      RELATED CASES

The parties are aware of the following case that alleges similar causes of action against Defendants regarding their classification of 80% receivers and frames: *City of Syracuse, NY et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al.*, 1:20-cv-06885-GHW (S.D.N.Y.) (complaint filed Aug. 26, 2020).

## K.      RELIEF

Plaintiffs request that the Court enter an order and judgment: (1) declaring ATF's Classification Letters to Polymer80 and online guidance finding that 80 percent receivers and frames are not "firearms" under the GCA are null, void, and with no force and effect; (2) declaring that ATF's Classification Letters to Polymer80 and ATF's online guidance that 80 percent receivers and frames are not "firearms" under the GCA are arbitrary and capricious within the meaning of 5 U.S.C. § 706(2)(A); (3) preliminarily and permanently enjoining Defendants from implementing and enforcing ATF's Classification Letters to Polymer80 and online guidance finding that 80 percent

receivers and frames are not "firearms" under the GCA; (4) ordering that ATF conduct affirmative rulemaking regarding 80 percent receivers and frames in accordance with the GCA, which defines "firearms" as frames or receivers and other weapons that are "designed to or may be readily converted" into functioning firearms; (5) awarding Plaintiffs their reasonable costs, including attorneys' fees, in bringing this suit; and (6) granting such other and further relief as this Court deems just and proper.

Defendants believe that the proper relief in this case is to dismiss the Plaintiffs' claims in total. Alternatively, in the event the Court finds merit in any of the Plaintiffs' claims, Defendants believe that the proper remedy would be limited to remand to ATF for consideration of the Court's order in a technical review of firearm components.

**L.      SETTLEMENT AND ADR**

The parties have not yet engaged in any settlement discussions.  Plaintiffs are willing to meet and confer with Defendants regarding an ADR plan for this litigation.  While Defendants are willing to meet and confer, Defendants believe that this case raises legal issues that are unlikely to be resolved by settlement.

**M.      CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have declined to proceed before a Magistrate Judge.

**N.      OTHER REFERENCES**

At this time, the parties do not believe this case is suitable for reference to binding arbitration or a special master, nor is this case suitable for the Judicial Panel on Multidistrict Litigation.

**O.      NARROWING OF ISSUES**

The parties will continue to discuss the possibility of narrowing the issues beyond the motions described above.

**P.      EXPEDITED TRIAL PROCEDURE**

The parties agree that this case is not appropriate for an expedited trial procedure.

**Q.      SCHEDULING**

The Plaintiffs propose the following schedule for all pretrial proceedings:

1.      Defendants to Produce Administrative Record – March 1, 2021

1

2.       Defendants' Motion for Summary Judgment – April 15, 2021

2

3.       Plaintiffs' Opposition to Defendants' Motion for Summary Judgment/Cross Motion for

3

Summary Judgment – May 14, 2021

4

4.       Defendants' Reply in Support of Motion for Summary Judgment/Opposition to

5

Plaintiffs' Cross Motion for Summary Judgment – June 14, 2021

6

5.       Plaintiffs' Reply in Support of Motion for Summary Judgment – June 28, 2021

7

The Defendants disagree with the Plaintiffs' proposed schedule.  Not only is the Defendants'

8

Motion to Dismiss pending, but two other motions to intervene filed by multiple third parties are

9

pending.  The issues to be litigated in the case will be shaped by the Court's resolution of those motions,

10

and Defendants believe the better course is for the parties to meet and confer regarding a Joint Case

11

Management Statement after the Court resolves the pending motions.

12

**R.       TRIAL**

13

Plaintiffs' position is that any trial in this action will be tried to the court.  The likely duration of

14

trial would be between 5-10 trial days.

15

Defendants believe that, if the Court does not resolve this APA case based on Defendants'

16

pending motion to dismiss, the Court should resolve the case on the basis of the Administrative Record

17

and the parties' cross-motions for summary judgment.  In no event would a trial be appropriate.

18

**S.       DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

19

Plaintiffs filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15

20

on September 29, 2020 (Dkt. No. 3).

21

**T.       PROFESSIONAL CONDUCT**

22

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for

23

the Northern District of California.

24

**U.       OTHER**

25

The parties hereby agree to service by electronic means as set forth in Fed. R. Civ. P. 5(b)(2)(E),

26

using the email(s) on the attached service list, which may be supplemented or changed by written

27

notice.

28

1    *Dated:* February 19, 2021          */s  Avi Weitzman*

2

3    GIBSON, DUNN & CRUTCHER LLP
AVI WEITZMAN, *pro hac vice*
aweitzman@gibsondunn.com

4    LEE R. CRAIN, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*

5    KAYLIE SPRINGER, *pro hac vice*
200 Park Avenue

6    New York, NY  10166-0193
Telephone: (212) 351-4000

7    Facsimile: (212) 351-4035

8

9    JILLIAN LONDON, SBN 319924
JLondon@gibsondunn.com

10    555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

11

12    GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE

13    HANNAH SHEARER, SBN 292710
268 Bush St. # 555

14    San Francisco, CA 94104
Telephone: (415) 433-2062

15    Facsimile: (415) 433-3357

16    J. ADAM SKAGGS, *pro hac vice*
DAVID M. PUCINO, *pro hac vice forthcoming*

17    223 West 38th St. # 90
New York, NY 10018

18    Telephone: (917) 680-3473

19

20    *Attorneys for Plaintiffs Bryan Muehlberger, Frank
Blackwell, Giffords Law Center to Prevent Violence*

21

22

23    *Dated:* February 19, 2021          */s  R. Matthew Wise*

24    XAVIER BECERRA
Attorney General of California

25    THOMAS S. PATTERSON
Senior Assistant Attorney General

26    MARK R. BECKINGTON
Supervising Deputy Attorney General

27    R. MATTHEW WISE, SBN 238485
Matthew.Wise@doj.ca.gov

28

Deputy Attorney General

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6046
Facsimile:  (916) 324-8835

*Attorneys for Plaintiff State of California, by
and through Attorney General Xavier Becerra*

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

 */s/ Daniel D. Mauler*
DANIEL D. MAULER
D.D.C. Bar No. 977757
Trial Attorney
United States Department of Justice
Civil Division - Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: (202) 616-0773
FAX: (202) 616-8470
dan.mauler@usdoj.gov

Counsel for Defendants

1

## SIGNATURE ATTESTATION

2

3  Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been

4  obtained from each of the other Signatories.

5

6  *Dated*: February 19, 2021                         /s/     *Avi Weitzman*

7                                                     Avi Weitzman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28