George M. Lee [Cal. SBN 172982]
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Tel. (415) 979-0500
Fax (415) 979-0511
gml@seilerepstein.com

Cody Wisniewski*
*Admitted *Pro hac vice*
**MOUNTAIN STATES LEGAL FOUNDATION**
2596 South Lewis Way
Lakewood, CO 80227
Tel. (303) 292-2021
Fax (303) 292-1980
cody@mslegal.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STATE OF CALIFORNIA, BRYAN MUEHLBERGER, FRANK BLACKWELL, and GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br><br>*Petitioners*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; REGINA LOMBARDO, in her official capacity as Acting Deputy Director of Bureau of Alcohol, Tobacco Firearms and Explosives; MICHAEL R. CURTIS, in his official capacity as Chief, Firearms Technology Industry Services Branch of Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and WILLIAM BARR, in his official capacity as Attorney General of the United States,<br><br>*Defendants*,<br><br>and<br><br>ZACHARY FORT; FREDERICK BARTON; BLACKHAWK MANUFACTURING GROUP, INC.; and FIREARMS POLICY COALITION, INC.,<br><br>*Applicants in Intervention*. | Case Number: 3:20-cv-06761-EMC<br><br>**APPLICANTS' RESPONSE TO STIPULATION**<br><br>No Hearing Requested |

On May 20, 2021, Plaintiffs and Defendants filed a proposed stipulation with this Court, requesting a stay of this matter in response to recent actions taken by Defendants. ECF No. 86. Applicants in Intervention were not offered the courtesy of conferral on the proposed stipulation, and while Applicants do not oppose the stay sought in the stipulation, Applicants do request that their intervention be granted, that they are allowed to fully participate in any further joint filings, and that the parties file a joint status report 120 days after a stay order is entered.

On April 8, 2021, President Biden announced he was ordering the Justice Department to issue a proposed rule related to the regulation of so-called "ghost guns." *Remarks by President Biden on Gun Violence Prevention*, THE WHITE HOUSE (Apr. 8, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/04/08/remarks-by-president-biden-on-gun-violence-prevention/. "The Justice Department will issue a proposed rule to help stop the proliferation of these firearms." *FACT SHEET: Biden-Harris Administration Announces Initial Actions to Address the Gun Violence Public Health Epidemic*, THE WHITE HOUSE (Apr. 7, 2021) https://www.whitehouse.gov/briefing-room/statements-releases/2021/04/07/fact-sheet-biden-harris-administration-announces-initial-actions-to-address-the-gun-violence-public-health-epidemic/. President Biden's Executive Order indicates a clear shift in policy by this administration.

On April 9, 2021, this Court entered a temporary stay in response to the Executive Branch's change in position. ECF No. 83. This Court also set a case management conference for May 27, 2021, to address "the pending motions to intervene . . . and to dismiss . . . ." *Id*.

On May 7, 2021, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued an announcement of Proposed Rule 2021R-05 ("Proposed Rule"), which would completely redefine "firearm," and "firearm frame or receiver." *Summary of Proposed Rule 2021R-05*, ATF (May 7, 2021) https://www.atf.gov/rules-and-regulations/definition-frame-or-receiver/summary. Additionally, the Proposed Rule would create entirely new legal definitions for "complete weapon," "complete muffler or silencer device," "privately made firearm (PMF)," and "readily" as used in the Gun Control Act of 1968. *Id*. The Proposed Rule has yet to be published in the

Federal Register, but in its current form the Proposed Rule gives Plaintiffs every form of "relief" they asked this Court for in their Complaint.

Plaintiffs and Defendants now request the Court stay this matter until the ATF issues a final rule in this matter. ECF No. 86. Plaintiffs and Defendants additionally request this Court vacate the case management conference currently scheduled for May 27, 2021, and require the parties to file a joint status report thirty days after the ATF issues that final rule. ECF No. 86. There is no date by which the ATF is required to issue a final rule.

Applicants' Motion to Intervene in this matter remains pending before this Court. *See* ECF Nos. 24, 38, 46, 49, 79. President Biden's announcement and Defendants' proposed rule conclusively demonstrate that Defendants do not adequately represent the Applicants' interests in the currently lawful Non-Firearm Objects market—if the proposed rule were to be finalized, Applicants' currently lawful personal and business practices would be rendered illegal. Defendants Propose Rule, in falling in line with the alterations to the state of the law requested by Plaintiffs in this matter, indicate that Defendants are no longer adverse to Plaintiffs' legal position, but are certainly adverse to the of Applicants in defending the status quo, the existing application of the term "firearm," and the currently lawful Non-Firearm Objects industry. Based on the Executive Branch's stated goal and Defendants' Proposed Rule regulating Non-Firearm Objects in line with the relief sought by Plaintiffs, Defendants do not—and cannot—adequately represent Appellants' interests in this matter. Accordingly, this Court should grant Applicants' Motion to Intervene.

Applicants, however, do not oppose a stay. Applicants merely request two modifications to the Plaintiffs and Defendants' proposed stipulation. First, Applicants request to be included in the discussions surrounding and filing of any joint status reports (should Applicants gain intervention, this point would be moot). Second, Applicants suggest that the parties be required to provide a joint status report within 120 days of the stay order. The ATF's proposed rule has yet to be published in the Federal Register, but the ATF indicates it will have a 90-day public comment period. *Submit a Comment on Proposed Rule 2021R-05*, ATF, (May 7, 2021), https://www.atf.gov/rules-and-regulations/definition-frame-or-receiver/submit-comment. At the

end of 120 days, Defendants should provide the status of the rulemaking process and the parties may seek a further stay or other appropriate relief, rather than allowing the case to continue unmanaged indefinitely.

      Applicants are not opposed to the imposition of a stay in this matter to conserve judicial resources, but as they have requested since filing their Motion to Intervene in November 2020, wish to be permitted some ability to defend their legally protectable interests—which interests the current parties do not and cannot represent.

      DATED this 20th day of May 2021.

Respectfully Submitted,

*/s/ Cody J. Wisniewski*
Cody J. Wisniewski*
*Admitted *Pro Hac Vice*
**MOUNTAIN STATES LEGAL FOUNDATION**
2596 S. Lewis Way
Lakewood, CO  80227
Tel. (303) 292-2021
Fax (303) 292-1980
cody@mslegal.org

George M. Lee [Cal. SBN 172982]
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA  94111
Tel. (415) 979-0500
Fax (415) 979-0511
gml@seilerepstein.com

*Attorneys for Applicants in Intervention*

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, I electronically filed the foregoing with the Clerk of the Court using this Court's CM/ECF system, which will send notification to all counsel of record, pursuant to Fed. R. Civ. P. 5 and Civil L.R. 5-1:

Clerk of the Court
United States District Court
Northern District of California | San Francisco
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Attorneys for Petitioners:

| | |
|---|---|
| Avi Weitzman<br>Kaylie L. Springer<br>Lee Crain<br>Liesel Schapira<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY  10166-0193<br>(212) 351-4000<br>aweitzman@gibsondunn.com<br>kspringer@gibsondunn.com<br>lcrain@gibsondunn.com<br>lschapira@gibsondunn.com<br><br>Vivek Gopalan<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>(415) 393-8200<br>vgopalan@gibsondunn.com | Xavier Becerra<br>ATTORNEY GENERAL OF CALIFORNIA<br>Thomas S. Patterson<br>SENIOR ASSISTANT ATTORNEY GENERAL<br>Mark R. Beckington<br>SUPERVISING DEPUTY ATTORNEY GENERAL<br><br>R. MATTHEW WISE<br>DEPUTY ATTORNEY GENERAL<br>DEPARTMENT OF JUSTICE<br>1300 I Street, Suite 125<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br>(916) 210-6046<br>matthew.wise@doj.ca.gov |
| Hannah E. Shearer<br>GIFFORDS LAW CENTER<br>268 Bush St. #555<br>San Francisco, CA 94104<br>(415) 433-2062<br>hshearer@giffords.org | J. Adam Skaggs<br>David M. Pucino<br>GIFFORDS LAW CENTER<br>223 West 38th St. # 90<br>New York, NY  10018<br>(917) 680-3473<br>askaggs@giffords.org<br>dpucino@giffords.org |

<u>Attorneys for Defendants:</u>

Bradley Craigmyle
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION - FEDERAL PROGRAMS BRANCH
1100 L St. NW
Washington, DC 20005
202-616-8101
bradley.t.craigmyle@usdoj.gov

                                              */s/ Cody J. Wisniewski*
                                              Cody J. Wisniewski
                                              **MOUNTAIN STATES LEGAL FOUNDATION**