George M. Lee [Cal. SBN 172982]
**SEILER EPSTEIN LLP**
275 Battery Street, Suite 1600
San Francisco, CA 94111
Tel. (415) 979-0500
Fax (415) 979-0511
gml@seilerepstein.com

Cody J. Wisniewski*
**FIREARMS POLICY COALITION**
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Tel. (916) 378-5785
Fax (916) 476-2392
cwi@fpchq.org

Erin M. Erhardt*
**MOUNTAIN STATES LEGAL FOUNDATION**
2596 South Lewis Way
Lakewood, CO 80227
Tel. (303) 292-2021
Fax (877) 349-7074
eerhardt@mslegal.org

*Admitted *Pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA; *et al.*, | |
| *Petitioners*, | Case Number: 3:20-cv-06761-EMC |
| v. | |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; *et al.*, | **APPLICANTS IN INTERVENTION'S** *AMICI CURIAE* **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| *Defendants*, | |
| and | |
| ZACHARY FORT; FREDERICK BARTON; BLACKHAWK MANUFACTURING GROUP, INC.; and FIREARMS POLICY COALITION, INC., | Hearing Date: January 26, 2023
Time: 1:30 PM
Place: Courtroom 5, 17th Floor via Videoconference |
| *Applicants in Intervention*. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION AND RELIEF REQUESTED....................................................................... 1

I.    This Court Should Dismiss Plaintiffs' First Amended Complaint Because it Concerns a Separate and Distinct Action from Plaintiffs' Original Complaint ......................................................................................... 1

II.    The Existence of Separate, Ongoing Litigation over Defendants' Final Rule Also Militates in Favor of Dismissal of this Case, or, in the Alternative, a Stay Until the Separate Actions are Resolved.................... 4

CONCLUSION................................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES** — **PAGE**

*Ctr. For Food Safety v. Vilsack*,
   No. C 10-04038 JSW, 2011 WL 672802 (N.D. Cal. 2011).................................. 2, 3, 4

*Division 80, LLC v. Merrick Garland*,
   No. 22-00148 (S.D. Tex.) .................................................................................. 7

*In re Celera Corp. Derivative Litig.*,
   No. C 10-02935 JW, 2011 WL 1431692 (N.D. Cal. 2011).................................. 4

*Keith v. Volpe*,
   858 F.2d 467 (9th Cir. 1988) ............................................................................. 3

*Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*
   No. 22-00116 (D.N.D. 2022).............................................................................. 7

*Planned Parenthood of S. Arizona v. Neely*,
   130 F.3d 400 (9th Cir. 1997) ............................................................................. 3

*Polar Equip., Inc. v. Exxon Mobil Corp. (In re Exon Valdez)*,
   318 F. App'x 545 (9th Cir. 2009) ...................................................................... 4

*State of Arizona, et al. v. Bureau of ATF*,
   No. 22-2854 (8th Cir.) ....................................................................................... 7

*VanDerStok v. Garland*,
   No. 22-00691 (N.D. Tex.) ................................................................................. 5

*VanDerStok v. Garland*,
   No. 22-11086 (5th Cir.) ..................................................................................... 6

*Yates v. Auto City 76*,
   299 F.R.D. 611 (N.D. Cal. 2013) ...................................................................... 4

**STATUTES**

18 U.S.C. § 922(g) .......................................................................................................... 5, 6

**RULES**

Fed. R. Civ. P. 15(d) ...................................................................................................... 2, 3

Fed. R. Civ. P. 5 .............................................................................................................. 10

Fed. R. Civ. P 65(a)(2) ................................................................................................... 6

**REGULATIONS**

27 C.F.R. § 447 ................................................................................................... 2

27 C.F.R. § 478 ................................................................................................... 2

27 C.F.R. § 479 ................................................................................................... 2

27 C.F.R. § 478.11 .............................................................................................. 5, 6

27 C.F.R. § 478.12 .............................................................................................. 5, 6

*Definition of "Frame or Receiver" and Identification of Firearms*,
   87 Fed. Reg. 24,652 (Apr. 26, 2022) ............................................................ 2

## INTRODUCTION AND RELIEF REQUESTED

Plaintiffs' First Amended Complaint is, in reality, an entirely new lawsuit based on a new agency action taken subsequent to Plaintiffs' filing of this lawsuit. The basis of Plaintiffs' lawsuit is Defendants' prior implementation of the Gun Control Act of 1968, which Plaintiffs sought to collaterally attack by challenging a series of classification letters issued to non-firearm producers by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). That prior implementation of the GCA is currently defunct, and those classification letters are no longer controlling. *See Fed. Defs' Motion to Dismiss*, ECF No. 125, at 7.[1] Accordingly, Applicants in Intervention request that this Court grant Defendants' motion and dismiss Plaintiffs' First Amended Complaint because it concerns an entirely distinct agency action and the basis for Plaintiffs' original lawsuit is moot.

In the alternative to dismissal, at minimum, to promote judicial efficiency and to avoid duplicative and potentially conflicting rulings, this Court should stay this case pending the outcome of the several other lawsuits that were filed months ago challenging Defendants' agency action, which cases are already well-developed. A ruling from this Court granting Plaintiffs the relief they seek—namely that Defendants' agency action does not go far enough—would almost certainly conflict not only with the current injunction that has been put in place by the Northern District of Texas, but also with subsequent rulings on the merits by that court and others. As such, should this Court allow Plaintiffs to proceed with their reformed lawsuit against this new agency action, this case should be stayed until the resolution of those pending, active cases.

**I.    This Court Should Dismiss Plaintiffs' First Amended Complaint Because it Concerns a Separate and Distinct Action from Plaintiffs' Original Complaint**

Plaintiffs' First Amended Complaint, ECF No. 122, should be dismissed because it introduces a new and separate action than that contemplated in their original Complaint, ECF No. 1 ("Original Complaint"). Plaintiffs' Original Complaint asked this Court to "vacate ATF's ['ghost

---

[1] Unless otherwise specified, all ECF citations are to the electronically maintained CM/ECF docket for this case and all pin cites are to the CM/ECF assigned page numbers.

gun'[2]] determinations and direct ATF in the future to classify 80 percent receivers for what they are: lethal weapons subject to federal firearms statutes and regulations." ECF No. 1, ¶ 18. In other words, Plaintiffs originally sought to overturn years of agency decisions in the form of classification letters issued by the ATF to various firearm and non-firearm producers and manufacturers. But Plaintiffs' Original Complaint, and the relief requested therein, has been mooted out by intervening events: specifically, the ATF's promulgation of a new Final Rule which, *inter alia*, redefines "firearm," "frame," and "receiver." *See Definition of "Frame or Receiver" and Identification of Firearms* ("Final Rule"), 87 Fed. Reg. 24,652 (Apr. 26, 2022) (codified at 27 C.F.R. pts. 447, 478, 479).

Now, Plaintiffs have filed an Amended Complaint seeking to challenge the Final Rule, arguing that it does not go far enough: "Though the Final Rule takes important steps to eliminate ghost gun-making 'kits' . . . the Rule ***still permits*** the selling of unserialized '80 percent' receivers and frames as stand-alone items without any background checks or serialization." ECF No. 122, ¶ 7. That change is not truly an 'amendment' to Plaintiffs' Original Complaint; rather, it amounts to an entirely new case and cause of action.

"Where, as here, the parties seek to supplement the pleadings to allege facts occurring after the original pleading was filed [Federal Rule of Civil Procedure] 15(d) governs." *Ctr. For Food Safety v. Vilsack*, 2011 WL 672802, at *3 (N.D. Cal. Feb. 18, 2011) (citation omitted). Rule 15(d)

---

[2] This intentionally derisive term used by Plaintiffs is not a federally established or defined term. Instead, the determinations to which Plaintiffs refer are related to items that Defendants, upon inspection, previously determined did not meet the federal and regulatory definitions of "firearm," and thus could not be regulated by Defendants as if they did. These items are commonly referred to by both Defendants and the firearms industry as "receiver blanks," "frame blanks," "partially-manufactured frames," "partially-manufactured receivers," "80% frames," "80% receivers," "unfinished frames," or "unfinished receivers;" all of which are convenient monikers and marketing terms, but bear no legal significance. Applicants in Intervention will continue to refer to them as Non-Firearm Objects ("NFOs"), because that is what they are. And any firearm that is individually manufactured from an NFO is nothing more than a self-manufactured firearm ("SMF").

"permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The scope of supplementation under Rule 15(d), however, is not unlimited. "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quoting *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988)); *Ctr. for Food Safety*, 2011 WL 672802, at *3 (quoting *Planned Parenthood of S. Arizona* and *Keith*). Introducing a separate, distinct, and new cause of action is exactly what Plaintiffs are doing through their First Amended Complaint.

*Center for Food Safety* is directly applicable here. In *Center for Food Safety*, the plaintiffs filed a lawsuit challenging a decision of the United States Department of Agriculture and its Animal and Plant Health Inspection Service ("APHIS") as violating the Administrative Procedure Act, among other statutes. 2011 WL 672802, at *1. After the lawsuit was filed, the APHIS took additional agency actions in the form of an Environmental Assessment and a partial deregulation. *Id*. Subsequently, the plaintiffs sought leave to amend their complaint to include the new agency action. *Id.* The Northern District of California denied plaintiffs' motion, holding, *inter alia*, that "the proposed supplemental allegations introduce a separate, distinct cause of action seeking injunctive relief relating to a separate agency decision." *Id*. at *5; *see also Planned Parenthood of S. Arizona*, 130 F.3d at 402 ("Although both the original suit and the supplemental complaint sought to challenge Arizona's parental consent law, the supplemental complaint challenged a different statute than the one that had been successfully challenged in the original suit.").

The same is true here. Plaintiffs' First Amended Complaint challenges an entirely new agency action that was promulgated years after Plaintiffs initiated this case. That agency action is

not merely tangential to this case, but completely alters the landscape of regulation that Plaintiffs sought to challenge in the first place. In fact, the Final Rule gave Plaintiffs some of the relief that they originally sought in this case. Given Plaintiffs' amendment is, in actuality, "a separate, distinct and new action," Applicants in Intervention request that this Court grant Defendants' motion and dismiss Plaintiffs' First Amended Complaint.

> II. **The Existence of Separate, Ongoing Litigation over Defendants' Final Rule Also Militates in Favor of Dismissal of this Case, or, in the Alternative, a Stay Until the Separate Actions are Resolved**

"In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency." *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013). Here, proceeding on Plaintiffs' Amended Complaint would not promote judicial efficiency—quite the opposite. Plaintiffs' Amended Complaint now seeks to challenge Defendants' Final Rule, which is already the subject of active litigation in several other jurisdictions. Moreover, that litigation is already more fully developed and is likely to dispose of, or significantly impact, the issues presented in this case. *See Ctr. for Food Safety*, 2011 WL 672802, at *5 ("[J]udicial economy would not be served by challenging the February 4, 2011, APHIS decision in this Court because that agency decision is the subject of the *Sugar Beets III* action filed in the District Court for the District of Columbia."); *see also In re Celera Corp. Derivative Litig.*, 2011 WL 1431692, at *2 (N.D. Cal. Apr. 14, 2011) ("[W]hen a claim not only could have been the subject of a separate action, but it actually is the subject of a separate action, leave to amend is impermissible."); *Polar Equip., Inc. v. Exxon Mobil Corp. (In re Exon Valdez)*, 318 F. App'x 545, 547 (9th Cir. 2009) (determining district court's denial of motion for leave to file amended complaint appropriate when it "not only could have been the subject of a separate action, but actually is the subject of a separate action with an appeal pending in this court."). This Court should similarly dismiss Plaintiffs' Amended

Complaint considering the existing litigation. Continuing this case in light of parallel litigation could lead to duplicative outcomes, while also unnecessarily burdening this Court.

      Applicant in Intervention Firearms Policy Coalition, Inc., is a plaintiff in one of the parallel cases, *VanDerStok v. Garland*, and Applicant in Intervention BlackHawk Manufacturing, Inc., d/b/a/ 80 Percent Arms, is a Plaintiff-Intervenor in the same. *VanDerStok v. Garland*, No. 22-00691 (N.D. Tex.) ("*VanDerStok*"). That case was filed in the Northern District of Texas on August 11, 2022, as an Administrative Procedure Act challenge to the Final Rule against the same Defendants as in this matter.[3] *VanDerStok*, ECF Nos. 1, 93. On September 2, 2022, the *VanDerStok* Court determined that portions of Defendants' Final Rule were likely in excess of Defendants' authority and that those portions of the Final Rule were likely unlawful. *VanDerStok*, ECF No. 56, at 6–16. Accordingly, the Northern District of Texas granted plaintiffs' motion for a preliminary injunction and on October 1, 2022, the court expanded the scope of the injunction. *VanDerStok*, ECF Nos. 56, 89. Currently, "Defendants and their officers, agents, servants, and employees are enjoined from implementing or enforcing against (1) Individual Plaintiffs, Jennifer VanDerStok, and Michael G. Andren, and (2) Tactical Machining, LLC and its "customers," defined below, the provisions in 27 C.F.R. § 478.11 and § 478.12 that this Court has determined are likely unlawful." *VanDerStok*, ECF No. 89, at 21–22. The Northern District of Texas defines customers as: "Individuals or entities who purchase directly from Tactical Machining, LLC any product classified as a "firearm" under 27 C.F.R. § 478.11 or § 478.12(c)," and clarified that "[t]he category of protected Tactical Machining "customers," . . . does not include individuals prohibited from possessing firearms under 18 U.S.C. § 922(g), even if those individuals purchase firearms

---

[3] Defendant Daniel Hoffman, Chief of the Firearms Technology Industry Services Branch of the ATF, named here in his official capacity, is not a Defendant in *VanDerStok v. Garland*, but the remainder of the named Defendants are.

and firearms-related products directly from Tactical Machining." *Id.* at 21; *VanDerStok*, ECF No. 91, 1–2. Defendants have appealed that court's order and their opening brief is currently due to the Fifth Circuit on December 20, 2022. *VanDerStok v. Garland*, No. 22-11071 (5th Cir.).

On September 22, 2022, BlackHawk Manufacturing moved to intervene in *VanDerStok*, which the court granted on October 18, 2022. *VanDerStok*, ECF Nos. 76, 98. Shortly thereafter, BlackHawk Manufacturing also moved for a preliminary injunction on behalf of itself and its customers. *VanDerStok*, ECF No. 102. On November 3, 2022, the Northern District of Texas granted BlackHawk Manufacturing's motion and ordered that "Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms the provisions in 27 C.F.R. §§ 478.11 and 478.12 that the Court has preliminarily determined are likely unlawful. Reflecting the scope of relief currently afforded to Tactical Machining, LLC, the injunction also covers BlackHawk's customers (except for those individuals prohibited from possessing firearms under 18 U.S.C. § 922(g))." *VanDerStok*, ECF No. 118, at 11–12. Defendants have also appealed this order and their opening brief is currently due to the Fifth Circuit on January 3, 2023. *VanDerStok v. Garland*, No. 22-11086 (5th Cir.).

Additionally, merits briefing is continuing at the Northern District of Texas. All parties have supplemental briefs due on December 5, 2022, which are limited to a Federal Rule of Civil Procedure 65(a)(2) consolidation as to plaintiffs' and plaintiff-intervenor's claims asserting that Defendants lack statutory authority to promulgate and enforce the Final Rule. *VanDerStok*, ECF No. 115. Staggered summary judgment briefing on the remainder of plaintiffs' and plaintiff-intervenor's claims is currently set to begin on December 23, 2022. *VanDerStok*, ECF No. 105. Two additional parties, Defense Distributed and Second Amendment Foundation, Inc., also moved

to intervene in *VanDerStok* on November 2, 2022. *VanDerStok*, ECF No. 116. That motion remains pending as of this filing. *VanDerStok*, ECF No. 116.

Lastly, there are two other relevant, pending cases. In *Morehouse Enterprises, LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, the District of North Dakota denied the plaintiffs' motion for a preliminary and permanent injunction against enforcement of the Final Rule. No. 22-00116 ("*Morehouse*"), ECF No. 85 (D.N.D. Aug. 23, 2022). The *Morehouse* plaintiffs have appealed that denial to the Eighth Circuit and the district court litigation is stayed pending resolution of that appeal. *Morehouse*, ECF No. 105. Briefing on the appeal is proceeding, with defendants having filed their response brief on November 29, 2022. *State of Arizona, et al. v. Bureau of ATF*, et al., No. 22-2854 (8th Cir.). Separately, in *Division 80, LLC v. Merrick Garland, et al.*, the Southern District of Texas denied a motion by the plaintiff in that case to preliminarily enjoin the Final Rule. No. 22-00148 ("*Division 80*"), ECF No. 74 (S.D. Tex. Aug. 23, 2022). That denial has not been appealed by the plaintiff in *Division 80*.

Of relevance, Plaintiffs have already participated in that ongoing litigation and thus would not be unduly prejudiced by a dismissal or stay here. In each of the three pending cases, Plaintiff State of California filed an *amicus curiae* brief, along with several other states, in opposition to the various plaintiffs' motions for preliminary injunction. *VanDerStok*, ECF No. 60; *Morehouse*, ECF No. 65; *Division 80*, ECF No. 54. Plaintiff Giffords Law Center to Prevent Gun Violence ("Giffords") also filed *amicus curiae* briefs in all three pending cases in opposition to the same motions by and through the Giffords' affiliated Gun Owners for Safety. *VanDerStok*, ECF No. 58; *Morehouse*, ECF No. 52; *Division 80*, ECF No. 26. Plaintiffs here cannot claim to lack a voice in the conversation surrounding the Final Rule and certainly cannot claim an inability to participate in the pending cases in different forums across the United States.

Consequently, the litigation proposed by Plaintiffs in their First Amended Complaint is duplicative of pre-existing, developed litigation. If this Court were to grant Plaintiffs the relief they newly seek in their First Amended Complaint, that relief would almost certainly conflict with the existing injunctions issued by the Northern District of Texas, and may conflict with subsequent relief that may be issued by the Fifth and Eighth Circuits or by the Northern and Southern Districts of Texas and the District of North Dakota—cases that Plaintiffs California and Giffords have already participated in.

## CONCLUSION

Based on the foregoing, Applicants in Intervention respectfully request that this Court grant Defendants' motion to dismiss Plaintiffs' First Amended Complaint given it concerns an entirely distinct agency action and the basis for Plaintiffs' original lawsuit is moot. In the alternative, Applicants in Intervention request that this Court stay the proceedings in this case until the parallel litigation is resolved in the interest of both judicial efficiency and comity.

DATED this 2nd day of December 2022.

Respectfully Submitted,

*/s/ Cody J. Wisniewski*
Cody J. Wisniewski\*
**FIREARMS POLICY COALITION**
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Tel. (916) 378-5785
Fax (916) 476-2392
cwi@fpchq.org

Erin M. Erhardt\*
**MOUNTAIN STATES LEGAL FOUNDATION**
2596 South Lewis Way
Lakewood, CO 80227
Tel. (303) 292-2021
Fax (877) 349-7074
eerhardt@mslegal.org

George M. Lee [Cal. SBN 172982]
**Seiler Epstein LLP**
275 Battery Street, Suite 1600
San Francisco, CA  94111
Tel. (415) 979-0500
Fax (415) 979-0511
gml@seilerepstein.com

*Attorneys for Applicants in Intervention*

*Admitted *Pro hac vice*

APPLICANTS' *AMICI* BRIEF ISO DEFENDANTS' MOTION TO DISMISS | CASE NO. 3:20-cv-06761-EMC

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of the Court for the Northern District of California using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*/s/ Cody J. Wisniewski*
Cody J. Wisniewski
**FIREARMS POLICY COALITION**
