GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN, SBN 116927
sedelman@gibsondunn.com
2029 Century Park East
Los Angeles, CA  90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

LEE R. CRAIN, *pro hac vice*
ERICA SOLLAZZO PAYNE, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

PAUL HASTINGS LLP
AVI WEITZMAN, *pro hac vice*
aviweitzman@paulhastings.com
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 318-6000
Facsimile: (212) 752-3620

*Attorneys for Plaintiff Giffords Law Center to
Prevent Gun Violence*

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE, SBN 238485
Supervising Deputy Attorney General
S. CLINTON WOODS, SBN 246054
Deputy Attorney General
Clint.Woods@doj.ca.gov
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004
Telephone:  (415) 510-3807
Facsimile:  (415) 703-5843

*Attorneys for Plaintiff State of California, by
and through Attorney General Rob Bonta*

[*Additional Counsel Listed on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>Defendants. | CIVIL CASE NO.:  3:20-CV-06761-EMC<br><br>**JOINT STATUS REPORT**<br><br>Action Filed:  September 29, 2020<br><br>Status Conference:  March 28, 2023 at 2:30 p.m.<br><br>Hon. Edward M. Chen |

1   Additional Counsel

2   GIFFORDS LAW CENTER TO
3   PREVENT GUN VIOLENCE
    DAVID M. PUCINO, *pro hac vice*
4   244 Madison Ave Ste 147
    New York, NY 10016
5   Telephone: (917) 524-7816

6   *Attorneys for Plaintiff Giffords Law*
7   *Center to Prevent Gun Violence*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's February 27, 2023 Order directing the filing of a Joint Status Report (ECF No. 139), Plaintiffs State of California and Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Steven Dettelbach, Daniel Hoffman, United States Department of Justice, and Merrick B. Garland (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following:

On April 11, 2022, ATF issued a final rule titled "Definition of 'Frame or Receiver' and Identification of Firearms." *See* 87 Fed. Reg. 24,652, codified at 27 C.F.R. pts. 447, 478 and 479 (the "Final Rule"). On October 20, 2022, Plaintiffs filed their First Amended Complaint ("FAC") alleging primarily that the Final Rule violates the Administrative Procedure Act ("APA"). *See* ECF No. 122. Specifically, Plaintiffs allege in the First Amended Complaint that: (1) ATF's determination that 80 percent receivers and frames are not "firearms" contravenes the Gun Control Act, which deems a "firearm" any weapon that is designed to or may readily be converted to expel a projectile; and (2) ATF's determination that only 80 percent receivers and frames sold *with* jig kits, templates, or similar items qualify as "firearms" is arbitrary and capricious. *See* FAC ¶¶ 14–15. Defendants dispute Plaintiffs' claims that the Final Rule violates the APA and have contended (including in their reply brief supporting their motion to dismiss), among other things, that Plaintiffs have misinterpreted the Final Rule, which does not use the term "80 percent receivers and frames," and which provides that "a partially complete, disassembled, or nonfunctional frame or receiver, including a frame or receiver parts kit, that is designed to or may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver" is a frame or receiver, and therefore, a firearm. *See* ECF No. 130, at 2–5; 87 Fed. Reg. at 24,739 (27 C.F.R. § 478.12(c)); *see also* ECF No. 130-1 (ATF Open Letter concluding that certain frames marketed as "80%" frames are "frames" and "firearms" under the Final Rule and Gun Control Act, "*even without* any associated templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials"). On November 11, 2022, Defendants moved to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See* ECF No. 125.

On February 9, 2023, the Court issued an order granting Defendants' motion to dismiss in part and denying it in part. *See* ECF No. 135. The Court dismissed the two individual Plaintiffs for lack of standing, but it held that Plaintiffs State of California and Giffords Law Center had sufficiently alleged standing to challenge the Final Rule. *See id.* at 6–28. The Court dismissed without prejudice as unripe Plaintiffs' alternative claims challenging prior ATF classifications and guidance but explained that "the Court is not barring California/GLC from asking for leave to amend should things become more concrete in nature." *See id.* at 28–30. Finally, the Court rejected the arguments asserted in an amicus brief filed by certain of the individuals and entities that had previously moved to intervene as defendants in this case. *See id.* at 30–33 (rejecting arguments that the Court should dismiss the First Amended Complaint or, in the alternative, stay the case pending the outcome of other lawsuits challenging the Final Rule). Defendants filed their Answer to the First Amended Complaint on February 23, 2023. ECF No. 138.

In its February 9, 2023 Order, the Court set an expedited briefing schedule on the two pending motions to intervene and directed the proposed intervenors—Polymer80, Inc. and Blackhawk Manufacturing Group, Inc., which was joined by three other individuals and entities (the "Blackhawk Applicants")—to submit supplemental briefs in support of their respective motions to intervene. On February 22, 2023, the Blackhawk Applicants withdrew their motion to intervene. ECF No. 136. On February 23, 2023, Polymer80, Inc. separately withdrew its motion to intervene. ECF No. 137. With all pending motions withdrawn or resolved, the Court set a status conference for March 28, 2023 and directed the Parties to file this Joint Status Report. ECF No. 139.

## I.   Case Schedule

### A.  Lodging of the Administrative Record

The Parties agree that Defendants will lodge the certified administrative record no later than **14 days** after the Court enters a case management order following the March 28, 2023 status conference. Due to the large size of the administrative record, Defendants plan to serve Plaintiffs with a true and correct copy of the administrative record in thumb-drive format. Plaintiffs do not object to this proposal and will accept service of a thumb drive directed to:

Gibson, Dunn & Crutcher

Attn: Lee R. Crain & Erica Sollazzo Payne

200 Park Avenue, 47th Floor

New York, New York 10166.

### B. Disputes Regarding the Sufficiency of the Administrative Record

The Parties agree that the case schedule should build in time after Defendants lodge and serve the certified administrative record to resolve any disputes related to the sufficiency or completeness of the administrative record.  Should a dispute arise regarding the sufficiency or completeness of the administrative record, the Parties will meet and confer to attempt to negotiate a resolution.  Within **60 days** after Defendants lodge and serve the certified administrative record, the Parties shall notify the Court whether they are in agreement that the administrative record is complete or whether any party intends to move the Court to resolve any disputes regarding the sufficiency or completeness of the administrative record.

Plaintiffs anticipate that such a motion could incorporate a request for leave to take discovery, including to supplement the administrative record. *See infra* Section II.  Defendants do not believe that discovery is necessary or appropriate in this case but also submit that it is premature for the Court to determine that question.

### C. Summary Judgment Briefing

The Parties agree that the summary judgment briefing schedule should commence following the date when all disputes regarding the sufficiency or completeness of the administrative record have been resolved, either by stipulation of the Parties or pursuant to a Court order.  To the extent the Court agrees that Plaintiffs are entitled to take discovery from Defendants and/or from third parties, *see infra* Section II, Plaintiffs also respectfully request that the summary judgment briefing schedule commence following the date when such discovery is complete.

To maximize efficiency and to conserve the Parties' and the Court's resources, the Parties jointly propose a staggered, four-brief schedule as set forth below:

1        1.   Opening brief in support of motion for summary judgment;

2        2.   Brief in opposition to motion for summary judgment and opening brief in support of

3             cross-motion for summary judgment;

4        3.   Reply brief in support of motion for summary judgment and brief in opposition to cross-

5             motion for summary judgment; and

6        4.   Reply in support of cross-motion for summary judgment.

The Parties anticipate that some extension of the default page limits may be appropriate but believe that discussion of that issue is premature, including because the certified administrative record has yet to be lodged.  The Parties will meet and confer regarding appropriate page limits in advance of filing any motions for summary judgment.

The Parties disagree as to whose motion for summary judgment and supporting papers should be filed first.

**Plaintiffs' Position:**  Defendants should be required to move for summary judgment first to clarify ATF's interpretation of the Final Rule, which has shifted throughout this litigation.  Plaintiffs filed the First Amended Complaint in this case because they took ATF at its word that it did not consider ghost gun parts sold separately from templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials to be "firearms" under the Gun Control Act.  *See* FAC ¶¶ 94, 108–09; FAC Ex. 24.  ATF seemed to confirm that interpretation in a September 2022 Open Letter to all Federal Firearms Licensees, which indicated that "80 percent AR-type receivers . . . are *not* firearms if they lack 'indexing or machining of any kind . . . in the area of the fire control cavity' and are 'not sold, distributed, or marketed with any associated templates, jigs, [or] molds, . . . such as within a receiver parts kit.'"  FAC ¶ 102; FAC Ex. 23.  But in December 2022—just two weeks before Defendants filed their reply brief in support of their motion to dismiss—ATF issued a new Open Letter to All Federal Firearms Licensees announcing that certain partially complete striker-fired or "Glock-type" pistol frames *are* "firearms" subject to regulation under the Gun Control Act *even when sold "without any associated templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials."*  ECF No. 130, Ex. 1 (Dec. 2022 Open Letter) (emphasis added).  As this Court observed in its order resolving Defendants' motion to dismiss, Defendants relied on the

4

December 2022 Open Letter in their reply brief to "argue[] for the first time" that Plaintiffs had "interpreted the final rule incorrectly."  ECF No. 135 at 12.  The Court also noted that, "[i]n light of the September 2022 Open Letter, the size of the loophole/exception [created by the Final Rule], even after the issuance of the December 2022 Open Letter, is ambiguous."  *See* ECF No. 135 at 13; *see also* ECF No. 134 (Motion to Dismiss Oral Argument Tr.) at 18:9-12 ("But what do we do now that it appears there's some ambiguity that -- over the size of the loophole?  Because now the Government has issued an open letter saying the loophole is not that big.").

Given Defendants' shifting interpretations of the Final Rule, it is necessary for Defendants to move for summary judgment first to clarify their interpretation of the Final Rule and what types of products the Final Rule covers.  Requiring Defendants to move for summary judgment first will crystallize Defendants' interpretation of the Final Rule, ensuring that the parties are properly joining issue and preventing unnecessary briefing on legal positions that are not in dispute.

**Defendants' Position:** The Court should require Plaintiffs to file the initial summary judgment motion and brief to clarify the scope of any disputes about the legality of the Final Rule.  This case concerns Plaintiffs' allegations that the Final Rule is contrary to the Gun Control Act, FAC ¶¶ 140-143, and that the Final Rule is arbitrary and capricious, *id.* ¶¶ 148-152.  An initial summary judgment filing by Plaintiffs would set forth in what respects, if any, Plaintiffs believe that the Rule is contrary to statutory authority or arbitrary and capricious after viewing and considering the administrative record.  Such a filing would clarify and may narrow the scope of the dispute, and would focus the remainder of summary judgment briefing on the specific purported deficiencies that Plaintiffs perceive in the Final Rule.

Plaintiffs argue that the Court should require Defendants to file the initial summary judgment brief because they assert ATF's interpretation of the Final Rule "has shifted throughout this litigation." Plaintiffs' assertion is incorrect.  ATF's interpretation of the Final Rule has been consistent throughout this litigation, and indeed, since ATF issued the Final Rule.  The Final Rule set forth the standard for determining whether a partially complete frame or receiver is a frame or receiver, and therefore, a firearm: "The terms 'frame' and 'receiver' shall include a partially complete, disassembled, or nonfunctional frame or receiver, including a frame or receiver parts kit, that is designed to or may

readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver . . . .” 87 Fed. Reg. at 24,739 (27 C.F.R. § 478.12(c)).  The Final Rule also defines “[r]eadily” to mean a process, action, or physical state that is fairly or reasonably efficient, quick, and easy, but not necessarily the most efficient, speediest, or easiest process, action, or physical state.  *Id.* at 24,735 (27 C.F.R. § 478.11).  With respect to ATF’s classification of firearms, relevant factors to making this determination include: (1) time (2) ease, (3) expertise, (4) equipment (5) parts availability, (6) expense, (7) scope, and (8) feasibility.  *Id.*

Plaintiffs suggest that ATF has shifted its interpretation of the Final Rule because one ATF Open Letter concluded that one group of partially complete receivers did not qualify as firearms, FAC Ex. 23 (September 2022 Open Letter), while another ATF Open Letter concluded that a different group of partially complete frames did qualify as firearms, ECF No. 130-1 (December 2022 Open Letter).  Plaintiffs’ suggestion is incorrect: ATF applied the Final Rule’s standard consistently in both letters.  Each letter began by setting forth § 478.12(c)’s standard for classifying partially complete frames and receivers and § 478.11’s definition of “readily,” FAC Ex. 23, at 2; ECF No. 130-1, at 2-3.  Each letter then applied the standard to the set of products at issue by considering the specific characteristics of the products.  *See* FAC Ex. 23, at 3-6; ECF No. 130-1, at 3-9.  Contrary to Plaintiffs’ assertions, ATF never took the categorical position that so-called “80 percent” frames or receivers sold without templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials never qualify as firearms under the Final Rule.  Rather, as Defendants explained in their prior briefing, ATF has taken the more limited position that “AR-15 variant” receiver blanks “without critical interior areas having been indexed, machined, or formed” are not receivers if “not sold, distributed or possessed with instructions, jigs, templates, equipment, or tools such that it may readily be completed.”  87 Fed. Reg. at 24,739 (27 C.F.R. § 478.12(c) example 4); ECF No. 130, at 4 (“Example 4 does not apply to any products other than incomplete AR-15 variant receivers, and it does not even apply to AR-15 variant receivers with any machining or indexing in critical interior areas, nor does it apply to any incomplete frames or receivers sold with supporting materials such as templates or jigs.”).

## II.   Discovery

The Parties disagree as to whether discovery is appropriate in this case.

**Plaintiffs' Position:**  Time to conduct targeted discovery should be incorporated into the case schedule before summary judgment briefing commences.  Targeted discovery from Defendants or from third parties is appropriate in this case for two reasons.

*First*, Plaintiffs are entitled to take discovery that will confirm they have standing to challenge the Final Rule—a live issue in this case and one on which Plaintiffs bear the burden of proof.  As the Court indicated in its February 9, 2023 Order, Plaintiffs' standing ultimately depends on the "size of the loophole" created by the Final Rule and the "predictable effects of [the Final Rule] on third parties."  *See* ECF No. 135 at 10–13.  Defendants have refused to concede the issue and have reserved their ability to challenge Plaintiffs' standing in connection with their upcoming motion for summary judgment.  Defendants, in other words, are taking the position that Plaintiffs have the burden to prove standing but should not be permitted to discover facts necessary to discharge that burden.  That position is not only fundamentally unfair but contrary to Ninth Circuit law, which permits discovery and consideration of evidence relevant to standing even in cases brought under the APA.  *See Nw. Env't Advocs. v. U.S. Dep't of Com.*, 2019 WL 110985, at *1–2 (W.D. Wash. Jan. 4, 2019) (explaining that "extra-record evidence may be appropriate to establish a party's standing to bring a lawsuit" even "in [administrative] record review cases," and granting plaintiffs "leave to take discovery into the issue of standing" (citing *Nw. Env't Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527–28 (9th Cir. 1997))); *cf. Env'tl Protection Info. Ctr. v. Blackwell*, 389 F. Supp. 2d 1174, 1220–21 (N.D. Cal. 2004) (holding that plaintiff was entitled to introduce extra-record evidence "regarding standing" in APA action).

*Second*, Plaintiffs likely will seek discovery to supplement the administrative record.  The Ninth Circuit recognizes "multiple scenarios in which extra-record documents may ultimately be considered by a court" to determine whether an agency has violated the APA.  *Tribe v. Bureau of Land Mgmt.*, 2022 WL 1778525, at *3–5 (E.D. Cal. June 2, 2022).  "[A] reviewing court may inquire outside the administrative record," for example, "to determine whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision."  *Ctr. for Biological Diversity v. Salazar*, 2010 WL 11575282, at *2 (N.D. Cal. Sept. 27, 2010) (internal quotation marks and alteration omitted) (permitting supplementation of administrative record with declaration that

"tend[ed] to show that [agency] failed to consider all relevant factors in reaching its decision"). Because "[i]t will often be impossible . . . for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not," *Asbestos Disease Awareness Org. v. Wheeler*, 508 F. Supp. 3d 707, 733 (N.D. Cal. 2020) (first alteration in original) (internal quotation marks omitted), courts in this Circuit have granted plaintiffs leave to take discovery outside the administrative record to prove that the agency failed to consider all the relevant factors, *see, e.g.*, *J.L. v. Cissna*, 2019 WL 2223803, at *2–3 (N.D. Cal. May 22, 2019); *Sierra Club v. U.S. Dep't of Transp.*, 245 F. Supp. 2d 1109, 1119 (D. Nev. 2003); *see also Tribe*, 2022 WL 1778525, at *4 (citing cases for the proposition that "where evidence outside the administrative record may be offered, it must be discoverable").

For this reason, limited discovery will likely be appropriate here.  One of Plaintiffs' theories in this case is that ATF failed to consider relevant and important factors in promulgating the Final Rule.  *See* FAC ¶¶ 150–52, 154.  Specifically, ATF failed to consider that the Final Rule left open a loophole allowing customers to buy a ghost gun frame or receiver without submitting to a background check so long as they purchase that frame or receiver separately from a jig and tool kit. *See* FAC ¶¶ 90, 100–04, 108; *see also* ECF No. 135 at 5–6.  ATF is aware of the dangers and proliferation of ghost guns, *see* FAC ¶ 12; EFC No. 138 (Answer) ¶¶ 11, 37, 60, yet it failed to consider the ways in which the Final Rule will not abate and indeed may exacerbate the harm caused by ghost guns, *see* FAC ¶ 151.  Plaintiffs should be permitted to take discovery from Defendants and/or from third parties so that Plaintiffs can confirm that these factors exist and that Defendants failed to properly consider them.

**Defendants' Position:** For the reasons explained below, Defendants do not believe that discovery is necessary or appropriate in this APA case.  Defendants also submit that it is unnecessary and premature at this time for the Court to resolve the question whether discovery will be appropriate. Plaintiffs have not identified any specific discovery requests they intend to propound.  Nor have Plaintiffs identified any third parties from whom they intend to seek discovery.  Plaintiffs are uncertain whether they will seek any discovery, stating only that they "will likely" seek discovery.  The issue of the appropriateness of discovery should not be determined in the abstract but rather in the context of a

8

concrete dispute about specific discovery that Plaintiffs intend to take, should any such dispute arise. Because the parties already agree that time should be built in the schedule for any disputes about the completeness of the administrative record, there will also be time in the schedule to address any concrete disputes about discovery.

The general rule is that discovery is not permitted in an APA case.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1472 (9th Cir. 1994) (reviewing final agency determination under APA usually "does not require fact finding" and is "limited to the administrative record").  "[T]he focal point for judicial review" under the APA should be "the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct. 1241, 36 L.Ed.2d 106 (1973); *see also Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S. Ct. 814, 28 L.Ed.2d 136 (1971), *abrogated on other grounds*, *Califano v. Saunders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).  Under the APA, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44, 105 S. Ct. 1598, 84 L.Ed.2d 643 (1985).  Further, the reviewing court must not substitute its judgment for that of the agency decision maker but, instead, should determine whether the agency decision, based on the record before the decision maker, was arbitrary and capricious.  *See Overton Park*, 401 U.S. at 416; *see also Florida Power & Light*, 470 U.S. at 744.

Because judicial review in APA cases is so circumscribed, discovery is the "strictly limited exception rather than the established rule."  *Neuma Corp. v. Abdnor*, 713 F. Supp. 1, 6 (D.D.C. 1989). In the Ninth Circuit, discovery is permitted in APA record review cases only in unusual circumstances. *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436-38 (9th Cir. 1988), *modified*, 867 F.2d 1244 (9th Cir. 1989).

Plaintiffs argue that discovery may be appropriate under one of these exceptions to the rule against discovery in APA cases, where discovery is necessary "to determin[e] whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision."  *Ctr. for Biological Diversity v. Salazar*, 2010 WL 11575282, at *2 (N.D. Cal. Sept. 27, 2010) (quoting *Animal*

*Defense Council*, 840 F.2d at 1436-37).   This "limited exception[]" is "narrowly construed and applied." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).  Plaintiffs do not yet have the administrative record, which Defendants will produce soon, and which will contain tens of thousands of pages of materials that were before ATF when it issued the Final Rule.  Defendants believe that the full administrative record will dispel any notion that ATF failed to consider relevant factors.  At the very least, it is premature to determine whether this limited exception applies, when Plaintiffs have not reviewed the administrative record, have not articulated any specific discovery requests they believe will be necessary, and have not even decided whether they will seek any discovery.

Plaintiffs also suggest that they may need discovery to prove standing.  Plaintiffs do not specify what discovery regarding standing they may seek, and Defendants do not believe Plaintiffs have shown that any such discovery will be necessary or appropriate in this case.  Plaintiffs should be in possession of the evidence of the harms they believe they have suffered as a result of the Final Rule.  In its motion to dismiss ruling, the Court indicated that standing may hinge on the interpretation of the Final Rule, which it read in "California's favor" at the pleading stage.  ECF No. 135, at 13.  But the Court should be able to resolve any legal disputes regarding the Rule's interpretation by considering summary judgment briefing and the administrative record.  Plaintiffs fail to articulate why discovery would be necessary or informative on that issue.  In any event, because Plaintiffs have not yet articulated any specific discovery they might like to take, the Court need not and should not resolve at this stage in the abstract whether such discovery will be appropriate.

| | |
|---|---|
| Dated: March 21, 2023 | /s/  Scott A. Edelman |

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN
sedelman@gibsondunn.com
2029 Century Park East
Los Angeles, CA  90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

LEE R. CRAIN, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
ERICA SOLLAZZO PAYNE, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

PAUL HASTINGS LLP
AVI WEITZMAN, *pro hac vice*
aviweitzman@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 752-3620

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
DAVID M. PUCINO, *pro hac vice*
223 West 38th St. # 90
New York, NY 10018
Telephone: (917) 680-3473

*Attorneys for Giffords Law Center to Prevent Gun Violence*

| | |
|---|---|
| Dated: March 21, 2023 | /s/  S. Clinton Woods |

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE, SBN 238485
Supervising Deputy Attorney General
S. CLINTON WOODS
Deputy Attorney General

Matthew.Wise@doj.ca.gov
11

1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6046
Facsimile:  (916) 324-8835

*Attorneys for Plaintiff State of California, by*
*and through Attorney General Rob Bonta*

*Dated*: March 21, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
LESLEY FARBY
Assistant Branch Director
Federal Programs Branch, Civil Division

/s/  *Martin M. Tomlinson*
MARTIN M. TOMLINSON
DANIEL RIESS
Senior Trial Counsel (SC Bar No. 76014)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20005
Telephone: (202) 353-4556
Email:  martin.m.tomlinson@usdoj.gov

*Attorneys for Defendants*

1

**SIGNATURE ATTESTATION**

2

3    Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been

4    obtained from each of the other Signatories.

5    *Dated*: March 21, 2023                              /s/      *Scott A. Edelman*

6                                                                   Scott A. Edelman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28