GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN, SBN 116927
sedelman@gibsondunn.com
2029 Century Park East
Los Angeles, CA  90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

LEE R. CRAIN, *pro hac vice*
ERICA SOLLAZZO PAYNE, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

PAUL HASTINGS LLP
AVI WEITZMAN, *pro hac vice*
aviweitzman@paulhastings.com
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 318-6000
Facsimile: (212) 752-3620

*Attorneys for Plaintiff Giffords Law Center to Prevent Gun Violence*

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE, SBN 238485
Supervising Deputy Attorney General
S. CLINTON WOODS, SBN 246054
Deputy Attorney General
Clint.Woods@doj.ca.gov
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004
Telephone:  (415) 510-3807
Facsimile:  (415) 703-5843

*Attorneys for Plaintiff State of California, by and through Attorney General Rob Bonta*

[*Additional Counsel Listed on Next Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>Defendants. | CIVIL CASE NO.:  3:20-CV-06761-EMC<br><br>**JOINT STATUS REPORT**<br><br>Action Filed:  September 29, 2020<br><br>Status Conference:  May 16, 2023 at 2:30 p.m.<br><br>Hon. Edward M. Chen |

Additional Counsel

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
DAVID M. PUCINO, *pro hac vice*
244 Madison Ave Ste 147
New York, NY 10016
Telephone: (917) 524-7816

*Attorneys for Plaintiff Giffords Law Center to Prevent Gun Violence*

Pursuant to this Court's case management order entered on April 10, 2023 directing the filing of a Joint Status Report (ECF No. 143), Plaintiffs State of California and Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Steven Dettelbach, Daniel Hoffman, United States Department of Justice, and Merrick B. Garland (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following:

The Court's case management order entered on April 10, 2023 directed Defendants to lodge and serve the certified administrative record (the "Administrative Record") within 14 days after entry of the order.  *See* ECF No. 143 at 1.  On April 10, 2023, Plaintiffs wrote to Defendants asking them to "expedite the production of the Administrative Record to allow [Plaintiffs] sufficient time in advance of the [May 16, 2023] conference to review [the] production" and to "allow all parties to attend the next . . . conference . . . with all disputes (if any) properly joined through a fulsome meet and confer process."  Also on April 10, 2023, Plaintiffs asked Defendants to confirm that they would include in the Administrative Record or otherwise produce all letters issued by ATF since the Final Rule went into effect classifying different partially complete, stand-alone AR receivers (the "Classification Letters").  Defendants explained that in their view, classification letters issued after the Final Rule's effective date are not part of the administrative record.  Nonetheless, Defendants agreed to produce the Classification Letters, subject to reserving Defendants' position that the Classification Letters are not part of the Administrative Record.  On April 18, 2023, Defendants lodged and served the Administrative Record.  The parties negotiated and subsequently filed a Stipulated Protective Order, and Plaintiffs' counsel assured Defendants' counsel that they would abide by the terms of the Stipulated Protective Order even before it was entered by the Court.  *See* ECF No. 145.  On May 2, 2023, Defendants produced 53 Classification Letters.

On May 5, 2023, Plaintiffs sent Defendants written correspondence explaining that, in Plaintiffs' view, based on Plaintiffs' initial review of the Administrative Record as produced, Plaintiffs had identified several categories of documents that Plaintiffs contend should be included in the Administrative Record. Along with that written correspondence, Plaintiffs transmitted to Defendants a first set of Requests for Production of Documents. Defendants responded in writing on May 8, 2023, contesting Plaintiffs' positions regarding the Administrative Record and the Requests for Production of Documents, but agreeing to meet and confer.

On May 9, 2023, the parties met and conferred about the completeness of the Administrative Record and to discuss Plaintiffs' discovery requests. The discussion was fulsome and productive, and the parties agreed to continue conferring in the hopes that they might be able to negotiate a resolution of some or all outstanding disputes. The parties respectfully suggest that they be permitted to provide the Court with an update on those negotiations at the upcoming May 16, 2023 conference.

At present, the parties are discussing and attempting to resolve three overarching disputes. Because the parties are still engaged in the process of meeting and conferring regarding these disputes, the parties do not here set forth their legal arguments concerning these disputes, but instead briefly summarize the issues to provide context to the Court regarding the parties' discussion to date in advance of the upcoming status conference:

***1. Administrative Record***. The parties disagree on whether certain categories of documents and communications (including but not limited to communications between ATF and other executive agencies, the White House, and/or third parties regarding the Final Rule and related agency determinations) must be included in the Administrative Record. Plaintiffs' position is that such documents and communications must be included in the Administrative Record or, if they are withheld on privilege grounds, placed on a privilege log. Defendants' position is that such documents are not part of the Administrative Record and thus that a privilege log would not be appropriate or useful here.

**2. Plaintiffs' Discovery Requests Directed to Defendants.** The parties appear to disagree on whether Plaintiffs may seek discovery from Defendants in this case. Plaintiffs' position is that party discovery is appropriate: (a) to complete the Administrative Record; (b) to enable Plaintiffs to gather evidence to support their standing; (c) to supplement the Administrative Record with evidence that ATF failed to consider all relevant factors or explain its course of conduct or grounds of decision; and (d) to assess Defendants' interpretations and implementation of the Final Rule. Defendants' position is that Plaintiffs have not demonstrated discovery is appropriate in this case in light of the presumption that discovery is generally inappropriate in APA cases. Further, Defendants' position is that in the event the parties are unable to agree on the propriety of discovery, the dispute should be resolved through a motion for leave to take discovery filed by Plaintiffs.

**3. Third-Party Discovery.** As Plaintiffs stated on the parties' May 9, 2023 meet-and-confer and following production of the Classification Letters on May 2, 2023, Plaintiffs intend to serve targeted requests for production on a small set of third-party ghost gun manufacturers, dealers, and/or distributors. Defendants' position is that Plaintiffs should not serve any third-party discovery requests without first moving the Court for leave to take third-party discovery.

*   *   *

Consistent with the Court's April 10 case management order, the parties intend to continue meeting and conferring in an attempt to resolve as many disputes as possible without judicial intervention. The parties respectfully request that the Court set a briefing schedule on any outstanding issues before setting any summary judgment briefing schedule if they cannot come to an agreement.

| | | |
|---|---|---|
| 1 | *Dated*: May 9, 2023 | */s/   Scott A. Edelman* |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |
| | | SCOTT A. EDELMAN |
| 3 | | sedelman@gibsondunn.com |
| 4 | | 2029 Century Park East |
| | | Los Angeles, CA  90067-3026 |
| 5 | | Telephone: (310) 552-8500 |
| 6 | | Facsimile: (310) 551-8741 |
| 7 | | LEE R. CRAIN, *pro hac vice* |
| | | LIESEL SCHAPIRA, *pro hac vice* |
| 8 | | ERICA SOLLAZZO PAYNE, *pro hac vice* |
| | | 200 Park Avenue |
| 9 | | New York, NY  10166-0193 |
| 10 | | Telephone: (212) 351-4000 |
| | | Facsimile: (212) 351-4035 |
| 11 | | |
| 12 | | PAUL HASTINGS LLP |
| | | AVI WEITZMAN, *pro hac vice* |
| 13 | | aviweitzman@paulhastings.com |
| | | 200 Park Avenue |
| 14 | | New York, NY 10166 |
| 15 | | Telephone: (212) 318-6000 |
| | | Facsimile: (212) 752-3620 |
| 16 | | GIFFORDS LAW CENTER TO |
| | | PREVENT GUN VIOLENCE |
| 17 | | DAVID M. PUCINO, *pro hac vice* |
| 18 | | 223 West 38th St. # 90 |
| | | New York, NY 10018 |
| 19 | | Telephone: (917) 680-3473 |
| 20 | | *Attorneys for Giffords Law Center to Prevent Gun Violence* |
| 21 | | |
| 22 | *Dated*: May 9, 2023 | */s/   S. Clinton Woods* |
| 23 | | |
| | | ROB BONTA |
| 24 | | Attorney General of California |
| | | THOMAS S. PATTERSON |
| 25 | | Senior Assistant Attorney General |
| 26 | | R. MATTHEW WISE, SBN 238485 |
| | | Supervising Deputy Attorney General |
| 27 | | S. CLINTON WOODS |
| | | Deputy Attorney General |
| 28 | | |

4
JOINT STATUS REPORT  – CASE NO. 3:20-CV-06761-EMC

Matthew.Wise@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6046
Facsimile: (916) 324-8835

*Attorneys for Plaintiff State of California, by and through Attorney General Rob Bonta*

*Dated*: May 9, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch, Civil Division

/s/   *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
DANIEL RIESS
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20005
Telephone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

*Dated*: May 9, 2023                                  /s/   *Scott A. Edelman*
                                                      Scott. A. Edelman