| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>SCOTT A. EDELMAN, SBN 116927<br>sedelman@gibsondunn.com<br>2029 Century Park East<br>Los Angeles, CA  90067-3026<br>Telephone: (310) 552-8500<br>Facsimile: (310) 551-8741<br><br>LEE R. CRAIN, *pro hac vice*<br>ERICA PAYNE, *pro hac vice*<br>LIESEL SCHAPIRA, *pro hac vice*<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>PAUL HASTINGS LLP<br>AVI WEITZMAN, *pro hac vice*<br>aviweitzman@paulhastings.com<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone: (212) 318-6000<br>Facsimile: (212) 752-3620<br><br>*Attorneys for Plaintiff Giffords Law Center to Prevent Gun Violence* | ROB BONTA<br>Attorney General of California<br>THOMAS S. PATTERSON<br>Senior Assistant Attorney General<br>R. MATTHEW WISE, SBN 238485<br>Supervising Deputy Attorney General<br>S. CLINTON WOODS, SBN 246054<br>Deputy Attorney General<br>Clint.Woods@doj.ca.gov<br>455 Golden Gate Avenue<br>Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone:  (415) 510-3807<br>Facsimile:  (415) 703-5843<br><br>*Attorneys for Plaintiff State of California, by and through Attorney General Rob Bonta* |

[*Additional Counsel Listed on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>    Defendants. | CIVIL CASE NO.:  3:20-CV-06761-EMC<br><br>**AMENDED STATUS REPORT**<br><br>Action Filed:  September 29, 2020<br><br>Hon. Edward M. Chen |

Additional Counsel

GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
DAVID M. PUCINO, *pro hac vice*
244 Madison Ave Ste 147
New York, NY 10016
Telephone: (917) 524-7816

*Attorneys for Plaintiff Giffords Law Center to Prevent Gun Violence*

Plaintiffs submit this Amended Status Report, which hereby supersedes the incorrect version filed July 10, 2023. ECF 156.

Plaintiffs State of California and Giffords Law Center to Prevent Gun Violence, by and through their respective counsel of record, hereby submit the following:

In each of the parties' previous two status conferences on March 28, 2023 and May 16, 2023, this Court inquired about the status of parallel litigation challenging the ATF rule at issue in this lawsuit (the "Final Rule"). *See* ECF 143 (Minute Entry). Plaintiffs now submit this Status Report to notify the Court of a June 30, 2023 decision in *VanDerStok, et al. v. Garland, et al.*, No. 4:22-CV-00691 (N.D. Tex.), a case brought by ghost gun consumers and manufacturers challenging the Final Rule.[1]

In the June 30, 2023 decision—a copy of which is attached hereto as **Exhibit A**—the U.S. District Court for the Northern District of Texas granted summary judgment to the plaintiffs on the basis that the Final Rule exceeds ATF's statutory authority under the Gun Control Act. Specifically, the *VanDerStok* court found that (i) ATF cannot lawfully regulate partially complete frames or receivers at all; and (ii) ATF cannot lawfully regulate weapon parts kits because the Gun Control Act does not define "firearm" to include any specific weapon parts other than frames and receivers. *See* Ex. A at 24. The *VanDerStok* court vacated the Final Rule, finding that the "proper remedy for a finding that an agency has exceeded its statutory jurisdiction is vacatur of the unlawful agency action." *Id*. at 35–37. The *VanDerStok* court entered final judgment on July 5, 2023. *See VanDerStok*, No. 22-CV-00691, at ECF 231.[2]

The June 30, 2023 decision in *VanDerStok* does not affect this litigation or this Court's jurisdiction for two reasons. *First*, the judgment is not yet final, and Defendants have not indicated

---

[1] Plaintiffs emailed Defendants on July 6, 2023 proposing that the parties "file promptly" a "joint status report to the Court advising it of the [*VanDerStok*] decision and its implications for this case, if any." Defendants responded on July 10, 2023: "We agree that the Court should be informed of the *VanDerStok* decision promptly, and we intend to file a notice regarding the decision in advance of the hearing. The federal government is currently evaluating all options with respect to the *VanDerStok* final judgment but intends to comply with that judgment for as long as it is in effect."

[2] Certain of the plaintiffs in *VanDerStok* were formerly applicants in intervention here, before they withdrew their motions to intervene. *See* ECF 136–37 (intervenor-applicants Polymer80, Firearms Policy Coalition, Inc, BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms withdrawing motions to intervene).

1    whether they intend to appeal the judgment or seek a stay.  In prior litigation and in department
2    guidance, the U.S. Department of Justice has taken the position that universal vacatur is not
3    contemplated or permitted by the Administrative Procedure Act.  *See, e.g.*, *GBX Assocs., LLC v. United*
4    *States*, No. 1:22-CV-00401, ECF 18 at 5–16 (N.D. Ohio June 24, 2022); *Braidwood Mgt., Inc. v.*
5    *Becerra*, No. 4:20-CV-00283, ECF 121 at 3–6 (N.D. Tex. Apr. 12, 2023).  Regardless, a non-final
6    judgment does not bind this Court or Plaintiffs here, nor does it deprive this court of jurisdiction.  At
7    most, then, the *VanDerStok* decision suggests that a possible, later ruling in Plaintiffs' favor here would
8    conflict with the decision of a coordinate court in another jurisdiction.  That alone, however, does not
9    deprive this Court of its duty to resolve the case and controversy before it.  *See United States v. AMC*
10   *Entertainment, Inc.*, 549 F.3d 760, 771–72 (9th Cir. 2008) ("The courts do not require an agency of the
11   United States to accept an adverse determination of the agency's statutory construction . . . as binding
12   on the agency for all similar cases throughout the United States." (citation omitted)).  Indeed, some
13   courts have held that there is nothing "inherently problematic about agency action being implemented
14   differently in different areas of the country" until a higher court resolves the split.  *See United States v.*
15   *Texas*, 599 U.S. __ (2023) (Gorsuch, J., concurring); *compare also Tabb Lakes, Ltd. v. United States*,
16   885 F.2d 866 (4th Cir. 1989), *with Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of*
17   *Engineers*, 191 F.3d 845 (7th Cir. 1999) (U.S. Army Corps of Engineers continued to enforce rule
18   within Seventh Circuit even after Fourth Circuit held that rule was not properly promulgated).

19        *Second*, this lawsuit would survive in any event because Plaintiffs' "alternative" claims can
20   proceed.  As the Court will recall, the Amended Complaint asserted "in the alternative" certain claims
21   that would apply in the event the Final Rule were ever "vacated, altered, or amended."  AC ¶¶ 144,
22   153.  As Plaintiffs explained in their opposition to Defendants' second motion to dismiss, Plaintiffs
23   preserved their claims challenging ATF's ghost gun guidance (including classification letters) that
24   predated the Final Rule because a court decision might nullify the Final Rule and thereby reinstate that
25   guidance.  *See* ECF 129 at 27.  Defendants moved to dismiss these claims twice:  first on the grounds
26   that Plaintiffs' claims were time-barred and/or failed to state a cause of action, *see* ECF 29 (Federal
27   Defs. Mot. to Dismiss Compl.) at 13–24, and second on the grounds that these claims were unripe, *see*
28   ECF 125 (Federal Defs. Mot. to Dismiss Amended Compl.) at 10.  Ultimately, this Court dismissed

these claims without prejudice on ripeness grounds because, at the time, those claims depended on the contingency that a court "vacated, altered, or amended" the Final Rule. *See* ECF 134 at 28–29. This Court, however, explained that it would permit Plaintiffs to seek leave to amend "should things become more concrete in nature." *Id.* If the Court finds that the *VanDerStok* decision prevents it from adjudicating Plaintiffs' claims challenging the Final Rule and its application, Plaintiffs would respectfully request that the Court allow Plaintiffs to reinstate promptly their alternative claims, which have now ripened, or to file a Second Amended Complaint.

\* \* \*

Plaintiffs will be prepared to address these issues at the hearing on Plaintiffs' Motion to Compel Completion of the Administrative Record and for Leave to Conduct Limited Discovery scheduled for July 13, 2023.

*Dated*: July 11, 2023                              /s/   Scott A. Edelman

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN
sedelman@gibsondunn.com
2029 Century Park East
Los Angeles, CA  90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

LEE R. CRAIN, *pro hac vice*
ERICA PAYNE, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

PAUL HASTINGS LLP
AVI WEITZMAN, *pro hac vice*
aviweitzman@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 752-3620

|     |     |     |
| --- | --- | --- |
| 1   |     | GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE |
| 2   |     | DAVID M. PUCINO, *pro hac vice* |
| 3   |     | 223 West 38th St. # 90 |
|     |     | New York, NY 10018 |
| 4   |     | Telephone: (917) 680-3473 |

*Attorneys for Giffords Law Center to Prevent Gun Violence*

*Dated:* July 11, 2023               /s/   S. Clinton Woods

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE, SBN 238485
Supervising Deputy Attorney General
S. CLINTON WOODS
Deputy Attorney General

Matthew.Wise@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6046
Facsimile:  (916) 324-8835

*Attorneys for Plaintiff State of California, by and through Attorney General Rob Bonta*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

*Dated*: July 11, 2023                              /s/      *Scott A. Edelman*
                                                                    Scott A. Edelman