OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** July 13, 2023 | **Time:** 12:31-12:57<br>26 Minutes | **Judge:** EDWARD M. CHEN |
| **Case No.:** 20-cv-06761-EMC | **Case Name:** State of California v. Bureau of Alcohol, Tobacco, Firearms, and Explosive | |

**Attorneys for Plaintiffs:** Lee Crain, Erica Payne, Matthew Wise, Sean Clinton Woods
**Attorney for Defendants:** Jeremy Newman

| | |
|---|---|
| **Deputy Clerk:** Vicky Ayala | **Zoom Webinar Time:** 12:31-12:57 |

PROCEEDINGS

Motion to Compel Completion of Administrative Record - held

SUMMARY

Parties stated appearances.

The Court discussed with the parties the decision issued by the Texas district court *in Vanderstok v. Blackhawk Mfg. Grp. Inc.*, 2023 U.S. Dist. LEXIS 115474 (N.D. Tex. June 30, 2023). The government noted that it had appealed that decision to the Fifth Circuit. It is still in the process of deciding whether to seek a stay of the Texas district court order pending appeal. The government stated that it understood the district court order to be a universal vacatur of the Final Rule and that the government will not enforce the Final Rule (including in the Ninth Circuit and this District) while the Texas district court judgment remained in effect.

The Court set a status conference for July 27, 2023, at 1:30 PM so that it can get an update on proceedings in *Vanderstok*, including whether the government intends to move to stay or has moved to stay (which would first be presented to the Texas district court and then, if necessary, the Fifth Circuit).

If there is no stay -- i.e., the Final Rule remains vacated -- then Plaintiffs have stated that they wish to reinstate their claim that ATF's pre-Final Rule regime violates the APA. Plaintiffs proposed various mechanisms by which this could be accomplished (e.g., a motion to reconsider under the Local Rules, a Rule 60 motion, a motion to amend, etc.). The government indicated that it would oppose such a motion on the ground that there is still a ripeness problem. The

Court did not rule on this issue but noted that it had difficulty seeing a ripeness problem because, if the Final Rule is vacated, then there is a return to the status quo.

The Court deferred ruling on Plaintiffs' motion to compel (Docket No. 151) because how this case will proceed will turn on what agency action Plaintiffs will challenge, which in turn will be informed by what happens with the *Vanderstok* case.  The Court indicated some preliminary views on the issue of deliberative material not being part of the administrative record and the standard by which courts permit supplementation of the record with facts outside the administrative record.

CASE CONTINUED TO:  **7/27/2023, at 1:30 PM for a Status Conference.**