| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>SCOTT A. EDELMAN, SBN 116927<br>sedelman@gibsondunn.com<br>2029 Century Park East<br>Los Angeles, CA  90067-3026<br>Telephone: (310) 552-8500<br>Facsimile: (310) 551-8741<br><br>LEE R. CRAIN, *pro hac vice*<br>ERICA PAYNE, *pro hac vice*<br>LIESEL SCHAPIRA, *pro hac vice*<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035<br><br>PAUL HASTINGS LLP<br>AVI WEITZMAN, *pro hac vice*<br>aviweitzman@paulhastings.com<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone: (212) 318-6000<br>Facsimile: (212) 752-3620<br><br>*Attorneys for Plaintiff Giffords Law Center to Prevent Gun Violence* | ROB BONTA<br>Attorney General of California<br>THOMAS S. PATTERSON<br>Senior Assistant Attorney General<br>R. MATTHEW WISE, SBN 238485<br>Supervising Deputy Attorney General<br>S. CLINTON WOODS, SBN 246054<br>Deputy Attorney General<br>Clint.Woods@doj.ca.gov<br>455 Golden Gate Avenue<br>Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone:  (415) 510-3807<br>Facsimile:  (415) 703-5843<br><br>*Attorneys for Plaintiff State of California, by and through Attorney General Rob Bonta* |

[*Additional Counsel Listed on Next Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>            Defendants. | CIVIL CASE NO.:  3:20-CV-06761-EMC<br><br>**JOINT STATUS REPORT**<br><br>Action Filed:  September 29, 2020<br><br>Status Conference:  October 17, 2023<br><br>Hon. Edward M. Chen |

Additional Counsel

GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
DAVID M. PUCINO, *pro hac vice*
244 Madison Ave Ste 147
New York, NY 10016
Telephone: (917) 524-7816

*Attorneys for Plaintiff Giffords Law Center to Prevent Gun Violence*

Pursuant to this Court's minute order entered on August 9, 2023 directing the filing of a Status Report (ECF No. 170), Plaintiffs State of California and Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and Defendants Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Steven Dettelbach, Daniel Hoffman, United States Department of Justice, and Merrick B. Garland (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following:

The Parties have met and conferred regarding the effect of the U.S. Supreme Court's order in *VanDerStok, et al. v. Garland, et al.*, No. 4:22-CV-00691 (N.D. Tex.), on this case. *See* ECF No. 171. That order stayed the district court's opinion and judgment in *VanDerStok* "insofar as they vacate the [Final Rule] . . . pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." In light of that order, the Parties disagree on the next steps in this action. Plaintiffs agree to withdraw without prejudice their pending Motion to Compel Completion of the Administrative Record and for Leave to Conduct Limited Discovery (ECF No. 151) (the "Motion to Compel"). The Parties further set forth their respective positions regarding summary judgment briefing below:

**I. Plaintiffs' Position**

***Briefing Schedule.*** Plaintiffs respectfully submit that given the Supreme Court's order in *VanDerStok*, this Court should set a briefing schedule for the parties' cross-motions for summary judgment. This action has been pending for almost three years. It is ripe for resolution, and the parties should be able to file their cross-motions for summary judgment with appropriate haste. Defendants' objections to the scope of summary judgment arguments and the underlying record pertain to issues that should be and often are decided during summary judgment briefing itself—not litigated piecemeal in a Joint Status Report. Plaintiffs respectfully submit that this Court should enter the proposed schedule set forth below, which provides for brief increases in the deadlines set forth under the Local Rules to accommodate Defendants' request for additional time while still providing for prompt resolution of the parties' motions:

1. Defendants shall file their opening motion for summary judgment by September 14, 2023.
2. Plaintiffs shall file a combined cross-motion for summary judgment and opposition to Defendants' motion for summary judgment by October 5, 2023.
3. Defendants shall file a combined reply in support of their motion for summary judgment and opposition to Plaintiffs' motion for summary judgment by October 26, 2023.
4. Plaintiffs shall file a reply in support of their motion for summary judgment by November 6, 2023.

***Scope***.  Defendants contend in their portion of this Joint Status Report that this Court should determine the scope of summary judgment and the nature of Plaintiffs' claims in the First Amended Complaint before the parties submit summary judgment briefing.  Defendants' position is without merit.  Defendants have been in possession of the First Amended Complaint (ECF No. 122) for almost ten months.  Plaintiffs challenge ATF's unlawful failure to classify 80 percent frames and receivers as "firearms" under the Final Rule and guidance applying the Final Rule.  *See, e.g.*, FAC ¶¶ 13-15, 99-104.  Plaintiffs have reiterated their positions at numerous hearings, status conferences, and meet-and-confers since filing their Amended Complaint.  If Defendants now believe the Amended Complaint is too indeterminate for Plaintiffs' claims to proceed, the proper procedure to address that argument is for Defendants to move for summary judgment under Rule 56.  Defendants appear to suggest they should be permitted to file an *additional* motion to dismiss to attack the sufficiency of the allegations in the Complaint.  The time to do so has long passed.  *See* Fed. R. Civ. P. 12(a).  Similarly, if Defendants believe that the motion for summary judgment Plaintiffs file falls beyond the contours of the Amended Complaint, Defendants are free to oppose summary judgment on that basis.  This Court should decline Defendants' request to pre-judge the merits of Plaintiffs' summary judgment motion and should proceed to set a briefing schedule.[1]

---

[1] The cases Defendants cite below stand for the unremarkable proposition that plaintiffs asserting claims under the APA must challenge an agency action. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990); *Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997,

***Experts.***  Defendants contend this Court should delay summary judgment to consider whether Plaintiffs can submit expert declarations in support of their summary judgment arguments.  That inefficient proposal again puts the procedural cart before the horse.  Such declarations are routinely submitted at the summary judgment stage, including in cases involving ATF.  *See, e.g.*, *City of Syracuse, et al., v. Bureau of Alcohol, Tobacco, Firearms & Explosives, et al.*, No. 1:20-CV-06885 (S.D.N.Y. Dec. 9, 2020), ECF No. 64-32 (expert declaration submitted in support of plaintiffs' motion for summary judgment in APA challenge).  To the extent Defendants object to Plaintiffs' reliance on expert declarations, they can do so on summary judgment. *See, e.g.*, *Stop B2H Coalition et al., v. Bureau of Land Management, et al.*, 2:19-CV-01822 (D. Or.) (defendants contested plaintiffs' expert declarations, submitted alongside their motion for summary judgment, via a motion to strike a the summary judgment stage)  Contrary to Defendants' contentions, the Ninth Circuit provides multiple bases for a plaintiff to introduce declaration evidence in an APA challenge.  *See, e.g.*, *Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).  Plaintiffs recognize on summary judgment they will have to explain why the Court should consider the evidence Plaintiffs put forth and will be prepared to do so at that appropriate procedural juncture.  But Defendants fail to explain how this Court will be able to consider whether a particular declaration should be considered on summary judgment until the declaration and the summary judgment arguments themselves are before the Court.

***Order of Briefing.***  Finally, Defendants seek to re-litigate the order in which the parties will file the four summary judgment briefs in this action.  This Court already specifically "***directed*** Defendant to file the opening [summary judgment] brief . . . ."  ECF No. 143 (emphasis added).  Nothing has changed since the Court's directive that would warrant a different briefing order.  Defendants' attempt to suggest this Court should reconsider this issue should be rejected.

**II. Defendants' Position**

---

1010 (9th Cir.), *cert. denied*, 211 L. Ed. 2d 402, 142 S. Ct. 713 (2021); *see also Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, 565 F.3d 545, 554 (9th Cir. 2009) (distinguishing *Lujan* on the ground that plaintiff had alleged "more than a programmatic attack or a vague reference to Forest Service action or inaction").  There is no dispute that the Final Rule and related guidance are agency actions, and Defendants did not move to dismiss Plaintiffs' claims on that basis.

***Scope***.  In its current posture, Plaintiffs' claims include a challenge under the APA to one agency action: the Final Rule.  The Amended Complaint contained two counts under the Administrative Procedure Act: one challenging agency actions as "not in accordance with law," Am. Compl. ¶¶ 139-146, and another challenging agency actions as "arbitrary and capricious," *id.* ¶¶ 147-155.  Each count was broken down into challenges to the "Final Rule," *id.* ¶¶ 143, 150-152, and challenges to a set of other actions from before the Final Rule went into effect, but the other actions were challenged only "[i]n the alternative, and to the extent the Final Rule is vacated, altered, or amended at any point," *id.* ¶ 144; *accord id.* ¶ 153 (challenging other actions "[a]lternatively, should the Final Rule be vacated, altered, or amended at any point[]").  This Court described Plaintiffs' challenges to agency actions other than the Final Rule as their "alternative claim," and dismissed the "alternative claim" as unripe, leaving only a challenge to the Final Rule.  Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss 28-30, ECF No. 135 ("MTD Order").

Even apart from the Court's ripeness ruling, the Amended Complaint simply does not set forth a claim that the classification letters applying the Final Rule are unlawful.  The only specific classification letters criticized in the Amended Complaint are certain letters issued years before issuance of the Final Rule.  *See* Am. Compl. ¶¶ 68-76 (criticizing classification letters issued between 2015 and 2017).  Therefore, the Amended Complaint does not contain "a short and plain statement of the claim showing that" the classification letters applying the Final Rule are unlawful.  Fed. R. Civ. P. 8(a)(2).

In Defendants' view, Plaintiffs' explanations of which agency actions are under review have shifted over time.  In their Amended Complaint, Plaintiffs did not raise an APA challenge to any classification letters applying the Final Rule.  But in their motion seeking leave to take discovery and expand the administrative record, Plaintiffs argued that they were challenging the Final Rule and *each* of the 53 classification letters ATF has issued applying the Final Rule.  *See* ECF No. 151, at 11 ("Because Plaintiffs are challenging the classification letters as final agency actions, the APA requires Defendants to produce the 'whole record' of its decision-making for *each classification letter*.") (emphasis added); *id.* ("ATF has now issued dozens of classification letters implementing the Final Rule, and Plaintiffs have sought judicial review of those determinations.").  During a meet and confer

call on August 16, 2023, Defendants' counsel asked Plaintiffs' counsel whether, in Plaintiffs' view, their claims included a challenge to one agency action (the Final Rule) or 54 agency actions (the Final Rule and the 53 post-Rule classification letters). Plaintiffs' counsel answered, "Neither." Instead, Plaintiffs' counsel stated that Plaintiffs' claims included challenges to the Final Rule, at least two ATF open letters (including an open letter issued in December 2022), and a subset (but not all) of the 53 post-Rule classification letters. In a draft of this status report that Plaintiffs sent on the evening of August 17, 2023, Plaintiffs stated that they intend to challenge the "Final Rule" and certain unspecified "guidance applying the Final Rule," but did not make any mention of challenging classification letters. The statement in the draft status report that "Plaintiffs challenge ATF's unlawful failure to classify 80 percent frames and receivers as 'firearms'" does not provide sufficient guidance as to Plaintiffs' belief about the scope of their claims because ATF does not use the term "80 percent frames and receivers" in its regulations or regulatory classifications and does not believe that such a term has any legal meaning.

Defendants' counsel sent Plaintiffs' counsel an email on August 18, 2023 posing the following query: "In Plaintiffs' view, how many agency actions are under review in this case, and what specifically are those agency actions? Or is it Plaintiffs' position that they cannot answer, or refuse to answer, this question?" Plaintiffs' counsel responded: "Our view is none of these issues are properly the subject of a simple Joint Status Report on next steps in this case. If you have legal issues with our claims, you can raise those in your summary judgment brief. If you believe our motion goes beyond the contours of the FAC you can raise that in your briefing, too."

The indeterminacy of the scope of Plaintiffs' claims underscores that Plaintiffs have not met their obligation under the APA to identify the discrete agency action(s) they purport to challenge. As the Supreme Court has explained, under the APA, a "person claiming a right to sue must identify some 'agency action' that affects him in the specified fashion; it is judicial review 'thereof' to which he is entitled." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (quoting 5 U.S.C. § 702); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (APA's "limitation to discrete agency action precludes" a "broad programmatic attack"). Therefore, "[i]t is axiomatic that Plaintiffs must identify an 'agency action' to obtain review under the APA." *Whitewater Draw Nat. Res. Conservation Dist.*

*v. Mayorkas*, 5 F.4th 997, 1010 (9th Cir.), *cert. denied*, 211 L. Ed. 2d 402, 142 S. Ct. 713 (2021); *see also id.* at 1012 ("Plaintiffs . . . must identify a particular action . . . that they wish to challenge under the APA."). Plaintiffs have taken the position that the Amended Complaint itself clearly identifies which agency actions are under review. Respectfully, Defendants disagree. Simply put, the Amended Complaint does not identify each of the actions that Plaintiffs now purport to challenge as an action under review. Indeed, it could not have done so, because many of the letters Plaintiffs suggest they may be challenging were issued long after Plaintiffs filed the Amended Complaint.[2] But given Plaintiffs' position that it is clear from the Amended Complaint which agency actions are under review, both Defendants and the Court would benefit from Plaintiffs specifying those agency actions precisely.

In earlier briefing, Plaintiffs attempted to shoehorn challenges to ATF's post-Rule classification letters into the case by noting that the Amended Complaint generically asserts that "ATF's determinations that 80 percent receivers are *not* firearms are both contrary to law and arbitrary and capricious." Am. Compl. ¶ 13; *see* ECF No. 151, at 11. The Amended Complaint clarifies that this allegation refers to purported "determin[ations] that only 80 percent receivers and frames *sold with* jig kits, templates, or similar items qualify as firearms under the GCA, while leaving the 80 percent receivers and frames themselves entirely unregulated." Am. Compl. ¶ 15. None of the classification letters contain a determination that so-called "80 percent receivers and frames" qualify as firearms only if they are sold with jigs or other supporting materials. Rather, each letter analyzes the product at issue based on its specific characteristics, and roughly half of the letters conclude that the product is a firearm. The Amended Complaint's vague reference to unspecified ATF determinations fails the requirement to "identify a particular action" under review. *Whitewater Draw*, 5 F.4th at 1012.

In its current posture, the case includes APA claims challenging the Final Rule. The Court should not allow Plaintiffs to expand the scope of the case dramatically at this juncture, which would effectively allow Plaintiffs to amend the operative complaint. At a minimum, this case should not proceed to summary judgment briefing unless and until this Court clarifies what agency actions are under review in this case.

---

[2] Plaintiffs filed the Amended Complaint on October 20, 2022. ATF's classification letters were issued as recently as March 2023.

***Experts.*** Plaintiffs informed Defendants for the first time in a draft of this status report that they circulated on the evening of August 17, 2023, that "Plaintiffs plan to submit at least one expert declaration to assist the Court in connection with their motion for summary judgment." Defendants object to this proposal on two grounds.

First, Plaintiffs have not offered any legal justification for submitting expert declarations in this APA case. The Ninth Circuit considers expert declarations to be a form of extra-record evidence that violates the general rule that consideration of APA claims is limited to the administrative record. Therefore, the Ninth Circuit considers expert declarations to be permissible only if a plaintiff demonstrates applicability of one of the Ninth Circuit's "narrow" and "limited" exceptions to that rule. *See San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 991-93 (9th Cir. 2014) (holding that the district court erred by admitting expert declarations in an APA case because none of the "narrowly construed" "exceptions to [the] rule" that "a court reviewing agency action under the APA must limit its review to the administrative record" were applicable). If Plaintiffs wish to expand the scope of review of this case beyond the administrative record to include expert declarations, Plaintiffs should file a motion requesting such a relief, and Defendants would oppose such a motion. As Defendants have previously explained, Plaintiffs have not met their burden to demonstrate applicability of any of the narrow exceptions to the general rule that review in APA cases is limited to the administrative record. *See* ECF No. 153, at 10-13. Furthermore, such a request to expand the record would be untimely given that the Court previously set a deadline for Plaintiffs to submit a motion to expand the administrative record, and Plaintiffs did not ask the Court to supplement the administrative record with expert testimony in that motion.

Second, if the Court decides to allow Plaintiffs to submit expert declarations, then Defendants respectfully submit that it would not be fair to Defendants or consistent with applicable federal rules to allow Plaintiffs to disclose such declarations for the first time when they file their opening summary judgment brief. Rather, if Plaintiffs are permitted to submit expert declarations, then before summary judgment briefing begins, Plaintiffs should be required to disclose expert reports by a date certain, Defendants should have the opportunity to submit rebuttal expert reports, the parties should have the opportunity to conduct depositions of any experts, and the parties should have the opportunity to file

and brief any *Daubert* motions challenging the admissibility of any expert testimony. Although such procedures are highly unusual in APA litigation, where the Court's review is confined to the administrative record, they are consistent with the federal rules governing expert testimony in non-record review cases. *See*, *e.g.*, Fed. R. Civ. P. 26(a)(2), 30; Fed. R. Evid. 702.

***Briefing Schedule.*** Plaintiffs proposed a briefing schedule on cross-motions for summary judgment of September 14 for the first brief, October 5 for the second brief, October 26 for the third brief, and November 6 for the final brief.

Defendants do not believe that the case should proceed to summary judgment briefing at this time, for two reasons. First, as discussed above, the parties have a live dispute about which agency actions are under review: Defendants' position is that only the Final Rule is under review, and Plaintiffs' position is that their claims also extend to review of other agency actions, although Plaintiffs have not at this point precisely identified those other actions. Summary judgment briefing should not begin until the Court resolves the parties' dispute regarding which agency actions are under review. In particular, Defendants should not be required to file their opening summary judgment brief without having a clear understanding of which agency actions are under review. If the Court determines that Plaintiffs are permitted to bring APA claims challenging agency actions other than the Final Rule, then Defendants should have the opportunity to compile and submit an administrative record for any agency actions under review.[3]

Second, as discussed above, the parties have a live dispute about whether it is proper for Plaintiffs to submit expert declarations in this case. Before summary judgment briefing begins, the Court should resolve that dispute. If Plaintiffs are permitted to submit expert declarations, then before summary judgment briefing begins, Plaintiffs should be required to disclose expert reports by a date certain, Defendants should have the opportunity to submit rebuttal expert reports, the parties should

---

[3]   Defendants have already produced an administrative record for the Final Rule. Defendants maintain that the administrative record for the Final Rule is complete. Plaintiffs initially moved to supplement the administrative record, but Plaintiffs now state that they intend to withdraw this motion. Therefore, submission of an additional administrative record would be necessary only if this Court allows Plaintiffs to pursue claims challenging agency actions other than the Final Rule.

have the opportunity to conduct depositions of any experts, and the parties should have the opportunity to file and brief any *Daubert* motions challenging the admissibility of any expert testimony.

The principle underlying both of these points is the same: summary judgment briefing should not begin until after it is clear precisely which agency actions are under review, and after the record (including any expert testimony) is closed.

In addition, Defendants believe that in light of the complexity of this case, 28 days between principal briefs is more appropriate than the 21 days proposed by Plaintiffs.

***Order of Briefing.***  The Court should order a briefing sequence for summary judgment in which Plaintiffs would submit the first and third briefs, and Defendants would submit the second and fourth briefs.  The sequence would be: (1) Plaintiffs' motion for summary judgment and supporting brief; (2) Defendants' motion for summary judgment and brief in support of Defendants' motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment; (3) Plaintiffs' opposition to Defendants' motion for summary judgment and reply in support of Plaintiffs' motion for summary judgment; (4) Defendants' reply in support of Defendants' motion for summary judgment.

Defendants recognize that the parties previously briefed the question of briefing sequence, ECF No. 141, at 4-6, and the Court indicated at the status conference following this briefing that it intended to adhere to its usual practice of having Defendants submit the first brief on cross-motions for summary judgment.  Yet Defendants respectfully request that the Court reconsider that decision and submit that departure from the Court's usual practice is warranted here.  As the foregoing discussion indicates, Plaintiffs' view on the scope of their claims has shifted throughout this case, and Plaintiffs have been inconsistent regarding which agency actions they believe are under review.  Furthermore, when Defendants have repeatedly asked Plaintiffs precisely which agency action Plaintiffs believe are under review, Plaintiffs have not provided a list of such actions, instead offering general descriptions and referring Defendants back to the Amended Complaint.  Having Plaintiffs submit the first summary judgment brief to explain Plaintiffs' current view on the ways in which ATF's actions purportedly violate the APA would focus matters and ensure that Defendants' opening summary judgment brief is responsive to Plaintiffs' theory of the case.  Defendants respectfully submit that it would be unfair to

require Defendants to submit the opening summary judgment brief when Defendants do not know, and Plaintiffs have not specified, exactly which agency actions are under review.

JOINT STATUS REPORT – CASE NO. 3:20-CV-06761-EMC
10

| | | |
|---|---|---|
| Dated: August 18, 2023 | | /s/   Scott A. Edelman |

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN
sedelman@gibsondunn.com
2029 Century Park East
Los Angeles, CA  90067-3026
Telephone: (310) 552-8500
Facsimile: (310) 551-8741

LEE R. CRAIN, *pro hac vice*
ERICA PAYNE, *pro hac vice*
LIESEL SCHAPIRA, *pro hac vice*
200 Park Avenue
New York, NY  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

PAUL HASTINGS LLP
AVI WEITZMAN, *pro hac vice*
aviweitzman@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 752-3620

GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
DAVID M. PUCINO, *pro hac vice*
244 Madison Ave Ste 147
New York, NY 10016
Telephone: (917) 524-7816

*Attorneys for Giffords Law Center to Prevent Gun Violence*

Dated: August 18, 2023    /s/   S. Clinton Woods

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE, SBN 238485
Supervising Deputy Attorney General
S. CLINTON WOODS
Deputy Attorney General

Matthew.Wise@doj.ca.gov
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-6046
Facsimile: (916) 324-8835

*Attorneys for Plaintiff State of California, by and through Attorney General Rob Bonta*

*Dated*: August 18, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch, Civil Division

/s/   *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
DANIEL RIESS
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Washington, D.C. 20005
Telephone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

*Dated*: August 18, 2023                     /s/   *Scott A. Edelman*
                                                            Scott. A. Edelman