```
COOLEY LLP
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, California  94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Amicus Curiae
EVERYTOWN FOR GUN SAFETY
SUPPORT FUND
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al.,<br><br>Defendants. | Case No. 3:20-CV-06761-EMC<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF EVERYTOWN FOR GUN SAFETY SUPPORT FUND AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:           Hon. Edward M. Chen<br>Hearing Date:  January 25, 2024<br>Hearing Time:  1:30 PM<br>Hearing Place: Courtroom 5, 17th Floor |

Everytown for Gun Safety Support Fund ("Everytown") respectfully seeks leave to file an amicus curiae brief in support of Plaintiffs' cross-motion for summary judgment and in opposition to Defendants' motion for summary judgment. This unopposed motion describes Everytown's interest in this case and how its brief will be useful for the Court. Everytown's proposed brief is attached as Exhibit A. All parties consent to this motion.

A "district court has broad discretion to appoint amici curiae," *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), and generally this Court has "'exercised great liberality' in permitting amicus briefs," *California ex rel. Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting

294751013 v3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNOPPOSED MOTION FOR LEAVE
TO FILE AMICUS BRIEF
3:20-CV-06761-EMC

1  *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *Id.* at 1164 (citing *Hoptowit*, 682 F.2d at 1260). The "classic role" of an amicus encompasses "assist[ing] a court in a case of public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Id.* at 1163-64 (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)). These considerations weigh in favor of Everytown's participation here.

First, Everytown has an interest in this case. Everytown is the largest gun violence prevention organization in the country and has devoted substantial resources to researching the causes of and contributors to gun violence. Everytown has extensive experience litigating cases involving the interpretation of federal firearms laws, *see, e.g.*, *Everytown for Gun Safety Support Fund v. ATF*, No. 21-cv-00376 (S.D.N.Y. 2021) (challenge to ATF action involving grant of federal firearms license); *City of Syracuse v. ATF*, No. 20-cv-06885 (S.D.N.Y. 2020) (challenge to ATF actions classifying unfinished frames and receivers as non-firearms), and has submitted numerous amicus briefs in cases involving challenges to federal firearms laws and regulations, *see, e.g.*, Amicus Br., *Garland v. VanDerStok*, No. 23A82 (U.S. August 1, 2023) (regarding stay of lower court's vacatur of ATF rulemaking); Amicus Br., *Morehouse Enters., LLC v. ATF*, Nos. 22-2812, 22-2854 (8th Cir. Dec. 5, 2022) (regarding ATF rulemaking); Amicus Br., *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Aug. 16, 2023) (regarding ATF rulemaking).

Second, Everytown submits the amicus brief to provide the Court with further background on the proliferation of ghost guns in California and the realities of the current market for self-manufactured AR-style firearms. This information may be useful to the Court in addressing both Plaintiffs' standing and whether ATF "failed to consider an important aspect of the problem," *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), in exempting standalone, partially complete AR-type lower receivers from regulation as firearms.

For the foregoing reasons, Everytown respectfully requests that this Court grant it leave to

294751013 v3

Cooley LLP
Attorneys at Law
San Francisco

2

Unopposed Motion for Leave
to File Amicus Brief
3:20-CV-06761-EMC

file the amicus curiae brief attached hereto as Exhibit A.

Dated: December 1, 2023                          COOLEY LLP


By:   /s/ *Kathleen R. Hartnett*
       Kathleen R. Hartnett

Attorneys for Amicus Curiae
EVERYTOWN FOR GUN SAFETY
SUPPORT FUND

294751013 v3

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

UNOPPOSED MOTION FOR LEAVE
TO FILE AMICUS BRIEF
3:20-CV-06761-EMC